UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------- x

JAMES HURT JR.,

                                Plaintiff,

                  -against-

THE CITY OF NEW YORK, a municipal entity, NEW
YORK CITY POLICE OFFICERS "JOHN DOES" 1-2,

Defendants.

---------------------------------------------------------------------- x

**ANSWER TO THE
COMPLAINT**

15-CV-7612 (SAS)

JURY TRIAL DEMANDED

                 Defendant City of New York, by its attorney, Zachary W. Carter, Corporation

Counsel of the City of New York, for its answer to the complaint, respectfully alleges, upon

information and belief, as follows:

                 1.       States that the allegations set forth in paragraph "1" of the complaint are

not averments of fact that require a response.

                 2.       Denies the allegations set forth in paragraph "2" of the complaint, except

admit that plaintiff purports to proceed as stated therein and that plaintiff purports to seek the

relief stated therein.

                 3.       Denies the allegations set forth in paragraph "3" of the complaint.

                 4.       Denies the allegations set forth in paragraph "4" of the complaint, except

admit that plaintiff purports to invoke the jurisdiction of the Court as stated therein.

                 5.       Denies the allegations set forth in paragraph "5" of the complaint, except

admits that plaintiff purports to invoke the jurisdiction of the Court as stated therein.

                 6.       Denies the allegations set forth in paragraph "6" of the complaint, except

admits that plaintiff purports to base venue as stated therein.

7.      States that the allegations set forth in paragraph "7" of the complaint are not averments of fact that require a response.

8.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of the complaint.

9.      Denies the allegations set forth in paragraph "9" of the complaint, except admits that the City of new York is a municipal corporation organized under the laws of the State of New York.

10.     Denies the allegations set forth in paragraph "10" of the complaint and respectfully refers the Court to the New York City Charter and the Administrative Code for a recitation of the relationship between defendant City and the New York City Police Department.

11.     Denies the allegations set forth in paragraph "11" of the complaint.

12.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the complaint.

13.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the complaint.

14.     Denies the allegations set forth in paragraph "14" of the complaint.

15.     Denies the allegations set forth in paragraph "15" of the complaint.

16.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the complaint.

17.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the complaint.

18.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of the complaint.

19.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of the complaint.

20.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of the complaint.

21.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of the complaint.

22.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "22" of the complaint.

23.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "23" of the complaint.

24.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "24" of the complaint.

25.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "25" of the complaint.

26.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "26" of the complaint.

27.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "27" of the complaint.

28.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "28" of the complaint.

29.     Denies the allegations set forth in paragraph "29" of the complaint.

30.     Denies the allegations set forth in paragraph "30" of the complaint.

31.     Denies the allegations set forth in paragraph "31" of the complaint.

32.     Denies the allegations set forth in paragraph "32" of the complaint.

33.     Denies the allegations set forth in paragraph "33" of the complaint.

34.     Denies the allegations set forth in paragraph "34" of the complaint, except admits that plaintiff gave a physical description of police officers to the NYPD Internal Affairs Bureau.

35.     Denies the allegations set forth in paragraph "35" of the complaint.

36.     Denies the allegations set forth in paragraph "36" of the complaint.

37.     Denies the allegations set forth in paragraph "37" of the complaint.

38.     Denies the allegations set forth in paragraph "38" of the complaint.

39.     Denies the allegations set forth in paragraph "39" of the complaint.

40.     Denies the allegations set forth in paragraph "40" of the complaint.

41.     Denies the allegations set forth in paragraph "41" of the complaint.

42.     Denies the allegations set forth in paragraph "42" of the complaint.

43.     Denies the allegations set forth in paragraph "43" of the complaint.

44.     Denies the allegations set forth in paragraph "44" of the complaint.

45.     Denies the allegations set forth in paragraph "45" of the complaint.

46.     Denies the allegations set forth in paragraph "46" of the complaint.

47.     Denies the allegations set forth in paragraph "47" of the complaint.

48.     Denies the allegations set forth in paragraph "48" of the complaint.

49.     Denies the allegations set forth in paragraph "49" of the complaint.

50.     Denies the allegations set forth in paragraph "50" of the complaint.

51.     Denies the allegations set forth in paragraph "51" of the complaint.

52.     Denies the allegations set forth in paragraph "52" of the complaint.

53.     Denies the allegations set forth in paragraph "53" of the complaint.

54.     Denies the allegations set forth in paragraph "54" of the complaint.

55.     Denies the allegations set forth in paragraph "55" of the complaint.

56.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "56" of the complaint.

57.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "57" of the complaint.

58.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "58" of the complaint.

59.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "59" of the complaint.

60.     Denies the allegations set forth in paragraph "60" of the complaint, except admits that an IAB investigation and a CCRB investigation was conducted.

61.     Denies the allegations set forth in paragraph "61" of the complaint, except admits that plaintiff was not arrested for conduct occurring on July 1, 2014.

62.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "62" of the complaint.

63.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "63" of the complaint.

64.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "64" of the complaint.

65.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "65" of the complaint.

66.     Denies the allegations set forth in paragraph "66" of the complaint.

67.     Denies the allegations set forth in paragraph "67" of the complaint.

68.     Denies the allegations set forth in paragraph "68" of the complaint.

69.     Denies the allegations set forth in paragraph "69" of the complaint.

70.     Denies the allegations set forth in paragraph "70" of the complaint.

71.     Denies the allegations set forth in paragraph "71" of the complaint.

72.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "72" of the complaint.

73.     Denies the allegations set forth in paragraph "73" of the complaint.

74.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "74" of the complaint.

75.     In response to the allegations set forth in paragraph "75" of the complaint, defendant repeats and realleges the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

76.     Denies the allegations set forth in paragraph "76" of the complaint.

77.     Denies the allegations set forth in paragraph "77" of the complaint.

78.     Denies the allegations set forth in paragraph "78" of the complaint.

79.     Denies the allegations set forth in paragraph "79" of the complaint.

80.     Denies the allegations set forth in paragraph "80" of the complaint.

81.     Denies the allegations set forth in paragraph "81" of the complaint.

82.     Denies the allegations set forth in paragraph "82" of the complaint.

83.     In response to the allegations set forth in paragraph "83" of the complaint, defendant repeats and realleges the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

84.     Denies the allegations set forth in paragraph "84" of the complaint.

85.     Denies the allegations set forth in paragraph "85" of the complaint.

86.     Denies the allegations set forth in paragraph "86" of the complaint.

87.     In response to the allegations set forth in paragraph "87" of the complaint, defendant repeats and realleges the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

88.     Denies the allegations set forth in paragraph "88" of the complaint.

89.     Denies the allegations set forth in paragraph "89" of the complaint.

90.     Denies the allegations set forth in paragraph "90" of the complaint.

91.     Denies the allegations set forth in paragraph "91" of the complaint.

92.     In response to the allegations set forth in paragraph "92" of the complaint, defendant repeats and realleges the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

93.     Denies the allegations set forth in paragraph "93" of the complaint.

94.     Denies the allegations set forth in paragraph "94" of the complaint.

95.     Denies the allegations set forth in paragraph "95" of the complaint.

96.     Denies the allegations set forth in paragraph "96" of the complaint and respectfully refers the Court to *People v. DeBour* and subsequent cases.

97.     Denies the allegations set forth in paragraph "97" of the complaint.

98.     Denies the allegations set forth in paragraph "98" of the complaint.

99.      Denies the allegations set forth in paragraph "99" of the complaint.

100.     Denies the allegations set forth in paragraph "100" of the complaint.

101.     Denies the allegations set forth in paragraph "101" of the complaint and respectfully refers the Court to the record in *Battle v. City of New York*, 11-cv-3599(RMB)(HBP).

102.     Denies the allegations set forth in paragraph "102" of the complaint and respectfully refers the Court to the complaint cited therein.

103.     Denies the allegations set forth in paragraph "103" of the complaint and respectfully refers the Court to the record in the case cited therein.

104.     Denies the allegations set forth in paragraph "104"  of the complaint and respectfully refers the Court to the settlement agreement in *Battle v. City of New York*.

105.     Denies the allegations set forth in paragraph "105" of the complaint.

106.     Denies the allegations set forth in paragraph "106" of the complaint.

107.     Denies the allegations set forth in paragraph "107" of the complaint.

108.     Denies the allegations set forth in paragraph "108" of the complaint.

109.     Denies the allegations set forth in paragraph "109" of the complaint.

110.     Denies the allegations set forth in paragraph "110" of the complaint.

111.     Denies the allegations set forth in paragraph "111" of the complaint.

112.     Denies the allegations set forth in paragraph "112" of the complaint and respectfully refers the Court to the Annual Report cited therein.

113.     Denies the allegations set forth in paragraph "113" of the complaint.

114.     Denies the allegations set forth in paragraph "114" of the complaint.

115.     Denies the allegations set forth in paragraph "115" of the complaint.

116.    In response to the allegations set forth in paragraph "116" of the complaint, defendant repeats and realleges the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

117.    Denies the allegations set forth in paragraph "117" of the complaint.

118.    Denies the allegations set forth in paragraph "118" of the complaint.

119.    Denies the allegations set forth in paragraph "119" of the complaint.

120.    Denies the allegations set forth in paragraph "120" of the complaint.

121.    Denies the allegations set forth in paragraph "121" of the complaint.

122.    Denies the allegations set forth in paragraph "122" of the complaint.

123.    Denies the allegations set forth in paragraph "123" of the complaint.

124.    Denies the allegations set forth in paragraph "124" of the complaint.

125.    Denies the allegations set forth in paragraph "125" of the complaint.

126.    In response to the allegations set forth in paragraph "126" of the complaint, defendant repeats and realleges the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

127.    Denies the allegations set forth in paragraph "127" of the complaint.

128.    Denies the allegations set forth in paragraph "128" of the complaint.

129.    Denies the allegations set forth in paragraph "129" of the complaint.

130.    Denies the allegations set forth in paragraph "130" of the complaint.

131.    In response to the allegations set forth in paragraph "131" of the complaint, defendant repeats and realleges the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

132.    Denies the allegations set forth in paragraph "132" of the complaint.

133.    Denies the allegations set forth in paragraph "133" of the complaint.

134.    Denies the allegations set forth in paragraph "134" of the complaint.

135.    Denies the allegations set forth in paragraph "135" of the complaint.

136.    Denies the allegations set forth in paragraph "136" of the complaint.

137.    Denies the allegations set forth in paragraph "137" of the complaint.

138.    Denies the allegations set forth in paragraph "138" of the complaint.

139.    Denies the allegations set forth in paragraph "139" of the complaint.

140.    In response to the allegations set forth in paragraph "140" of the complaint, defendant repeats and realleges the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

141.    Denies the allegations set forth in paragraph "141" of the complaint.

142.    Denies the allegations set forth in paragraph "142" of the complaint.

143.    Denies the allegations set forth in paragraph "143" of the complaint.

144.    Denies the allegations set forth in paragraph "144" of the complaint.

145.    Denies the allegations set forth in paragraph "145" of the complaint.

146.    Denies the allegations set forth in paragraph "146" of the complaint.

147.    Denies the allegations set forth in paragraph "147" of the complaint.

148.    In response to the allegations set forth in paragraph "148" of the complaint, defendant repeats and realleges the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

149.    Denies the allegations set forth in paragraph "149" of the complaint.

150.    Denies the allegations set forth in paragraph "150" of the complaint.

151.    Denies the allegations set forth in paragraph "151" of the complaint.

152.    Denies the allegations set forth in paragraph "152" of the complaint.

153.    In response to the allegations set forth in paragraph "153" of the complaint, defendant repeats and realleges the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

154.    Denies the allegations set forth in paragraph "154" of the complaint.

155.    Denies the allegations set forth in paragraph "155" of the complaint.

156.    Denies the allegations set forth in paragraph "156" of the complaint.

## FIRST AFFIRMATIVE DEFENSE:

The complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE:

Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and was not the proximate result of any act of defendant City.

## THIRD AFFIRMATIVE DEFENSE:

Plaintiff provoked any incident.

## FOURTH AFFIRMATIVE DEFENSE:

There was reasonable suspicion, probable cause, and/or exigent circumstances for any alleged stop or search.

## FIFTHAFFIRMATIVE DEFENSE:

There was probable cause for plaintiff's arrest and detention.

## SIXTH AFFIRMATIVE DEFENSE:

Defendant City has not violated any rights, privileges, or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

**SEVENTH AFFIRMATIVE DEFENSE:**

Plaintiff may have failed to comply with New York General Municipal Law §§ 50(e), *et seq*.

**EIGHTH AFFIRMATIVE DEFENSE:**

At all times relevant to the acts alleged in the complaint, the duties and functions of the municipal defendant's officials entailed the reasonable exercise of proper and lawful discretion.  Therefore, defendant City is entitled to governmental immunity from liability.

**NINTH AFFIRMATIVE DEFENSE:**

Punitive damages cannot be assessed against defendant City of New York.

**TENTH AFFIRMATIVE DEFENSE:**

Plaintiff has failed to mitigate his alleged damages.

**WHEREFORE,** defendant City of New York requests judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:      New York, New York
            December 28, 2015

              ZACHARY W. CARTER
              Corporation Counsel of the
              City of New York
              *Attorney for Defendant City of New York*
              100 Church Street, Room 3-160
              New York, New York 10007
              (212) 356-2572

      By:    _____
                              /S/
              Angharad K. Wilson
              Assistant Corporation Counsel

- 12 -

cc:     <u>BY ECF</u>
        David Thompson, Esq.
        Stecklow & Thompson
        217 Centre Street, 6th Floor
        New York, NY 10013

Docket No. 15-cv-7612 (SAS)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JAMES HURT JR.,

                             Plaintiff,

                -against-

THE CITY OF NEW YORK, a municipal entity,
NEW YORK CITY POLICE OFFICERS "JOHN
DOES" 1-2,

                          Defendants.

## ANSWER TO THE COMPLAINT

***ZACHARY W. CARTER***
*Corporation Counsel of the City of New York*
*Attorney for Defendant City of New York*
*100 Church Street*
*New York, N.Y.  10007*

*Of Counsel: Angharad Wilson*
*Tel:  212-356-2572*
*Law Manager No. 2015-046446*

*Due and timely service is hereby admitted.*

*New York, N.Y.  ....................December 28, 2015*

*............................................................ .*

*Attorney for ........................................................*

- 14 -