**WYLIE M. STECKLOW**         WWW.LAWYERSFORTHERESTOFUS.COM
**STECKLOW & THOMPSON**
                              217 CENTRE ST. FL. 6
                              NEW YORK, NY 10013
                              T(212) 566-8000
                              F(212) 202-4952
                              WYLIE@SCTLAW.COM

November 16, 2016

Hon. Judge P. Kevin Castel
United States District Judge – SDNY
500 Pearl Street
New York, New York 10007

      Re:    *Hurt v. City of NY et al.,* 15CV7612 (PKC)(KNF)

Dear Honorable Judge:

    Please take notice that I am the attorney of record for the plaintiff in the above referenced matter. Please accept this correspondence as a request pursuant to FRCP 37.1 for a pre-motion conference to compel discovery, and a request to extend discovery.

    Counsel for all parties have now exchanged paper discovery. Plaintiff filed an objection letter with counsel for defendants regarding the responsive production. The parties had a meet and confer on November 14, 2016, and a follow up communication via email. Certain document production is in process but not yet produced.

    This request for judicial intervention concerns certain open issues relating to efforts to identify the police officers involved in this incident. The Second Circuit has held that, where initial efforts to identify a police officer fail, the district court should facilitate "any course that it deems appropriate to a further inquiry into the identity of [the officer]." *Valentin v. Dinkins*, 121 F.3d 72, 76 (2d Cir. N.Y. 1997). The outstanding issues are: (1) the identity and photographs of each member of the service for precincts 42, 43, 48, PSA 7, PSA 5, and any other precinct within the jurisdiction of these precincts (collectively "relevant jurisdictional area") that used any unmarked NYPD vehicle from July 1, 2014 at 10:00pm to July 2, 2014 at 8:00am ("relative time frame"); (2) GPS records related to all unmarked NYPD vehicles within the relevant jurisdictional area (a specific document from the CCRB investigation identified the relevant vehicles); (3) all command logs for the precincts and commands within the relevant jurisdictional area; (4) all records concerning the upkeep, maintenance, damage, use and operation of the unmarked vehicles used in the relevant jurisdictional area during the relevant time period;

(5) any *NYSPIN* (New York Statewide Police Information Network) requests from any NYPD employee to the DMV from 10:00 PM on July 1, 2014 through 2:00 AM on July 2, 2014; (6) identification of Commanding, Executive, platoon sergeants and members of the service at or above the rank of Lieutenant at the precincts within the relevant jurisdictional area during the relevant time period.

<u>*Subpoena Regarding GPS Records of the NYPD*</u>

In the early morning hours (between 1:30 and 2:00am) of July 2, 2014, plaintiff entered a black taxi on 174th Street in the Bronx at the 2/3 subway station.  At approximately 1:50AM, the taxi was pulled over and Plaintiff was pulled out of the vehicle by two plain clothes officers.  When Plaintiff objected to the search of his person and property he was assaulted by the plain clothes officers.  A chase ensued and plaintiff ran down Boone Avenue followed by these officers in an unmarked police vehicle (described as light colored).  The Plaintiff was struck by this vehicle and pinned against a fence momentarily that was located at or around Boone Slope (a small swath of grass and trees that is part of the NYC Parks Department. Plaintiff scaled the fence, and found a hiding space.  Plaintiff, scared and injured, hid in this area until dawn.  The exact timing for these events is identified via the Plaintiff's cell phone records (which were recently obtained and turned over to the defendants).   Both an Internal Affairs ("IA")investigation and Civilian Complaint Review Board ("CCRB") investigation were undertaken, and the documents created by these investigations have been produced.  While the IA investigation did not focus at all on identifying the possible police officers who were in the area and in an unmarked light colored police vehicle during this time frame, the CCRB investigation did just that.  According to the CCRB investigation and NYPD records, Exhibit A attached is the list of vehicles that were in this area that evening and fit the description of the Plaintiff.

Plaintiff is seeking the GPS records of these vehicles for the hours in question, and/or all related documents, including all records concerning the upkeep, maintenance, damage, use and operation of the unmarked vehicles used in the relevant jurisdictional area during the relevant time period concerning these vehicles such as do.  To date, Plaintiff has sought the GPS information via (i) FOIL requests, (ii) discovery demands and  (iii) a subpoena served on the NYPD.  To date, the NYPD has refused to produce this limited information that will certainly help identify the relevant vehicle in question.

The NYPD rejected the FOIL request in August 2016 based on "public officers Law Section 87(2)(e)(iv) as such information if disclosed, would reveal non-routine techniques and procedures[,]" but not based on lack of having responsive documents or materials. (See Exhibit B for the Foil Request, Foil response and subpoena). Subsequently, a subpoena and discovery demand were served for these records.  Upon information and belief, the NYPD will now claim that GPS records of vehicles were not kept until December 2015, and/or they exist but are only kept for up to one-year.  Since a notice of claim and 50h hearing occurred in this matter during the first year after the incident, the City of New York was on notice of the relevance of these records.  Only after learning that the NYPD may not have GPS records did plaintiff request all records concerning the upkeep, maintenance, damage, use and operation of the unmarked vehicles used in the relevant jurisdictional area during the relevant time period.

The CCRB investigation eventually focused on NYPD members of the service Sergeant Cannizaro and PO Siciliano. However, these officers' memobooks indicate that on the night in question, their tours that were scheduled to end at 4am, were cut short at midnight.  The CCRB investigator accepted verbal confirmation of this notation without any further due diligence to confirm its veracity, and allowed this self-serving alibi to clear these officers.

Plaintiff is seeking a court-ordered subpoena regarding this GPS information of the vehicles listed on Exhibit A.  To the extent the defense is claiming that the NYPD does not keep GPS records of where its police vehicles are, Plaintiff seeks all records concerning the upkeep, maintenance, damage, use and operation of the unmarked vehicles used in the relevant jurisdictional area during the relevant time period.   The need for the color photographs of the officers who had access to the vehicles in Exhibit A is obvious, and the request is limited.  Plaintiff requests that the defense be required to produce these photographs under an appropriate protective order.

"Several courts in this Circuit have ordered the production of officers' photographs in civil rights cases, recognizing that this is a reasonable and efficient means of identifying relevant officers." *Franks v. City of New York*, 2013 U.S. Dist. LEXIS 161189, *3 (E.D.N.Y. Nov. 12, 2013) (collecting cases).[1]  This rule has been consistently

---

[1] Citing *Gonzalez v. City of New York*, No. 12 Civ. 2776 (JG) (RML) (E.D.N.Y. May 21, 2013) (ECF Nos. 27, 32); *Harrison v. City of New York*, No. 11 Civ. 2762 (SLT) (RML), 2012

followed since at least 1992.  *See Lozano v. New York*, 1992 U.S. Dist. LEXIS 5133 (S.D.N.Y. Apr. 17, 1992) (Francis, M.J.).[2]  Research has not disclosed cases holding otherwise.  Thus, Plaintiff is entitled to discovery of digital photographs of the officers who had signed out these vehicles during the relevant time period, and there is no good faith basis for Defendants' withholding production of the photographs.

Discovery is currently set to end on December 2, 2016.  Since the identities of these two officers is still unknown, Plaintiff respectfully requests an extension of the discovery cut-off time.  Plaintiff is dependent upon the NYPD responsiveness to its discovery demands in order to be able to timely move forward in naming these officers as defendants and noticing their depositions.  Plaintiff requests that the discovery cut-off be extended until March 2, 2016, but seeks the court's understanding that Plaintiff cannot control the timing of defendants' responsiveness in this matter.  Plaintiff seeks a discovery conference on or around January 15, 2017 to update the court on the progress made. Defendants consent to this request. On September 27, 2016, the parties sought a joint extension of the discovery cut-off to the date originally scheduled (December 2, 2016) by the original judge in this matter, Judge Scheindlin.  By docket # 25, a court conference was set for December 20, 2016, and the request to extend discovery was granted.

                                      Respectfully submitted,

                                      --//s//--

                                      Wylie M. Stecklow, Esq.

---

U.S. Dist. LEXIS 189494 (E.D.N.Y. Apr. 13, 2012) (ECF No. 18); *Beckles v. City of New York*, No. 08 Civ. 3687 (RJH) (JCF), 2010 U.S. Dist. LEXIS 45423, 2010 WL 1841714, at *5 (S.D.N.Y. May 10, 2010); *Snoussi v. Bivona*, No. 05 Civ. 3133 (RJD) (LB), 2009 U.S. Dist. LEXIS 18155, 2009 WL 701007, at *4 (E.D.N.Y. Mar. 10, 2009); *Castro v. City of New York*, No. 94 Civ. 5114 (JFK) (MHD), 1995 U.S. Dist. LEXIS 17631, 1995 WL 699730, at *1 (S.D.N.Y. Nov. 28, 1995).

[2] *See also Keith v. City of New York, 15-cv-2781(GHW)(*SDNY Feb. 11, 2016)(*Docket #26)*; *Joyner v. City of New York*, 12-CV-177 (ENV) (E.D.N.Y. Aug. 1, 2012) (Docket # 16); *Plair v. City of New York*, 10-CV- 8177 (RWS) (S.D.N.Y. May 29, 2012) (Docket # 58); *Chavez v. City of New York*, 11-CV-117 (PAE) (S.D.N.Y. Dec. 23, 2011) (Docket #25); *Murphy v. West*, 533 F. Supp. 2d 312, 317 (W.D.N.Y. 2008); and *Jean-Laurent v. Hennessy*, 05-CV-1155, Docket #. 3, (E.D.N.Y. July 13, 2006) (Bloom, M.J.).