**WYLIE M. STECKLOW**
**STECKLOW & THOMPSON**

WWW.LAWYERSFORTHERESTOFUS.COM
217 CENTRE ST. FL. 6
NEW YORK, NY 10013
T(212) 566-8000
F(212) 202-4952
WYLIE@SCTLAW.COM

January 19, 2017

Hon. Judge Kevin N. Fox
United States District Court – SDNY
500 Pearl Street
New York, New York 10007

    Re: *Hurt v. City of NY et al.*, 15CV7612 (PKC)(KNF)

Dear Honorable Judge:

  Please take notice that I am the attorney of record for the plaintiff in the above referenced matter. Please accept this correspondence as an update to the discovery dispute that I first raised with Judge Castel on November 16, 2017 (Docket 27) and that was referred to Your Honor on November 28, 2016 (Docket 29). As the Court may recall, this discovery dispute is solely related to seeking the material necessary to identify the NYPD officers that were involved in causing the harm to the plaintiff.

  The discovery dispute arose after multiple meet and confers had taken place between counsel, and was filed by the undersigned pursuant to FRCP 37.1. The dispute concerned the following issues:

(1) **<u>PHOTOGRAPHS:</u>** the identity and photographs of each member of the service for precincts 42, 43, 48, PSA 7, PSA 5, and any other precinct within the jurisdiction of these precincts (collectively "relevant jurisdictional area") that used any unmarked NYPD vehicle from July 1, 2014 at 10:00pm to July 2, 2014 at 8:00am ("relative time frame");

(2) **<u>GPS RECORDS</u>** related to all unmarked NYPD vehicles within the relevant jurisdictional area (a specific document from the CCRB investigation identified the relevant vehicles);

(3) All **<u>COMMAND LOGS</u>** the precincts and commands within the relevant jurisdictional area;

(4) **<u>AUTO MAINTENANCE / REPAIR RECORDS:</u>** all records concerning the upkeep, maintenance, damage, use and operation of the unmarked vehicles used in the relevant jurisdictional area during the relevant time period;

(5) any **_NYSPIN_** (New York Statewide Police Information Network) requests from any NYPD employee to the DMV from 10:00 PM on July 1, 2014 through 2:00 AM on July 2, 2014;

(6) **_SENIOR OFFICER IDENTIFICATION:_** identification of Commanding, Executive, platoon sergeants and members of the service at or above the rank of Lieutenant at the precincts within the relevant jurisdictional area during the relevant time period.

On December 7, 2016, counsel for all parties had a discovery conference (via telephone) with Your Honor. The discovery dispute was resolved pursuant to the conference with items 1, 2, 3, 4 & 5 being due from the defendants to the plaintiff within two weeks, on or before December 21, 2016.

On December 21, 2016, the defendants sought an extension of time to produce this discovery (Docket 30) and noted that plaintiff did not consent to this extension request. In this request, the defendants stated that the photographs (#1) would take an additional 1 week, the NYSPIN records (#5) could be produced on January 9, 2017, "and the production date for all other documents that were the subject of the conference be extended to January 4, 2017." This request was granted on December 22, 2016 (Docket 31).

No information or documentation was received on January 4, 2017, and on January 5, 2017, counsel met and conferred concerning the outstanding discovery now overdue, and the remaining discovery that would be due on January 9, 2017. Defendants promised to have the **_PHOTOGRAPHS (1)_** produced by January 10, 2017, the **_NYSPIN records (5)_** by January 9, 2017, the **_AUTO MAINTENANCE / REPAIR RECORDS (4)_** by January 17, 2017. There was no further promise of timing on the remaining discovery items. By January 17, 2017, no discovery was received. On January 18, 2017, the defense promised the **_PHOTOGRAPHS (1)_** and **_AUTO MAINTENANCE / REPAIR RECORDS (4)_** would be delivered to the office of the undersigned by the end of business January 18, 2017.

Unfortunately, no documents have been produced related to this discovery dispute. None of the items (1-5) that were resolved in the call of December 7, 2017 have been produced.

The material which the defendants have failed to produce is already the subject of a discovery order, by this Court, which the defendants have failed to obey. Therefore, the plaintiff must now respectfully request:

1. A conditional order:

   a. that, if **ALL** materials, subject to the discovery conference order of December 7, 2016, are not produced by the defendants within seven (7) days of this letter - January 26, 2017 - the defendants will be precluded from disputing that the plaintiff's injuries were caused by NYPD officers; and

   b. the defendant will be precluded from presenting testimony from any involved officer subsequently identified.

2. Additionally, plaintiff respectfully requests an order granting plaintiff's accrued attorney fees and costs related to this ongoing discovery dispute; and such attorneys fees and costs shall continue to accrue until the documents are produced in full or the court orders otherwise.

Respectfully submitted,

--//s//--

Wylie M. Stecklow, Esq.

2/1/17

Application denied.

SO ORDERED:

_/s/ Kevin Nathaniel Fox_

Hon. Kevin Nathaniel Fox
United States Magistrate Judge

3