**WYLIE M. STECKLOW**

**STECKLOW & THOMPSON**

MEMO ENDORSED

WWW.LAWYERSFORTHEBESTOFUS.COM

217 CENTRE ST. FL. 6
NEW YORK, NY 10013
T(212) 566-8000
F(212) 202-4952
WYLIE@SCTLAW.COM

February 14, 2017

Hon. Judge Kevin N. Fox
United States District Court – SDNY
500 Pearl Street
New York, New York  10007

Re:   *Hurt v. City of NY et al.,* 15CV7612 (PKC)(KNF)

Dear Honorable Judge:

Please take notice that I am the attorney of record for the plaintiff in the above referenced matter. Please accept this correspondence as an update to the discovery dispute that I first raised with Judge Castel on November 16, 2017 (Docket 27) and that was referred to Your Honor on November 28, 2016 (Docket 29), and that this Court issued an order on February 1, 2017 (Docket 35). As the Court may recall, this discovery dispute is solely related to seeking the material necessary to identify the NYPD officers that were involved in causing the harm to the plaintiff.

The defense requested until February 3, 2017 to produce all responsive discovery. As of today, the following responsive discovery is still outstanding:

1. Response to the discovery demands served on November 16, 2016 that concern the maintenance records. The defense has provided some responsive documents. However, Vehicle 1075 from anti-crime, signed out that night by the individuals interviewed by the CCRB investigator (as the most likely involved officers), has now been identified as an improper vehicle identification number.

2. Response to interrogatories served on November 16, 2016. After a meet and confer, the defense has promised to update its response to interrogatory #2 by end of the day February 16, 2017.

3. Command logs of the precincts and commands within the relevant jurisdictional area. Defense hopes to have an update on this issue by

February 16, 2017.

4. GPS Records: An affidavit was received for some of the vehicles, claiming that those vehicles did not have Automatic Vehicle Location. However, that affidavit did not include all of the identified vehicles, and since the vehicle from anti-crime was not properly identified, the affidavit is inapplicable to that vehicle. An updated affidavit is obviously needed.

5. Maintenance Records: Certain records were disclosed, but they are not the complete records. Defense hopes to have further records by February 17, 2017.

Since the materials that were in dispute previously have been produced due to the discovery dispute brought to this court, the costs under Rule 37(a)(5) and 37(b)(2)(c) must be imposed. Quite obviously, the act sought on a motion to compel is a court order directing a response to the discovery requested. The fees sought are built into the rule and is seen as an automatic taxing of costs, which must be imposed on the losing party of the motion the costs and fees reasonably incurred in the motion, including reasonable attorney's fee. See Fed. R. Civ. P. 37(a)(5) (for motion to compel) and Fed. R. Civ. P. 37(b)(2)(c) (for failure to comply with a court order). In the current case, the parties conducted numerous meet and confers, that included discovery extensions both on consent and by order of the court over the objection of the plaintiff. Discovery was due by court order as of December 21, 2016, and then January 4 &9, 2017 and then February 3, 2017.

It is respectfully requested that this court order the remaining materials to be produced and grant fees to the undersigned for the reasonable hours expended in this discovery dispute.

2/22/17
The application is granted, in part, and denied, in part. The defendants shall produce to the plaintiff, expeditiously, the "remaining materials" identified above by the plaintiff. Inasmuch as :(1) no motion to compel was made, (2) only a premotion conference was requested by the plaintiff, per Local Civil Rule 37.2, and (3) the plaintiff's conference request was granted and the discovery disputes resolved — as contemplated by the above-referenced Local Civil Rule of this court — the plaintiff's request for attorney's fees, pursuant to Fed. R. Civ. P. 37, is inappropriate and, therefore, denied.

SO ORDERED:

_Kevin Nathaniel Fox_
Hon. Kevin Nathaniel Fox
United States Magistrate Judge

Respectfully submitted,

--//s//--

Wylie M. Stecklow, Esq.

2