IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
JAMES HURT JR.,                                             :    INDEX NO.
                                                            :    ECF CASE
                                                            :
Plaintiff,                                                  :
                                                            :    JURY TRIAL DEMANDED
                - against -                                 :
                                                            :
THE CITY OF NEW YORK, a municipal entity,                   :
NYPD SERGEANT MICHAEL CONNIZZO                              :    COMPLAINT
(Shield 1391, Tax ID 932485), and NYPD                      :
POLICE OFFICER JOHN DOE.                                    :
                                                            :
Defendants.                                                 :
------------------------------------------------------------------------X

1.  Plaintiff JAMES HURT JR., by his attorneys, STECKLOW AND THOMPSON, complaining of the defendants, respectfully alleges as follows:

**I.    PRELMINARY STATEMENT**

2.  Plaintiff JAMES HURT JR. brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

3.  On July 1, 2014, between 11:46 p.m. and 2:09 a.m. on the morning of July 2, 2014, James was riding in a livery car to his girlfriend's home and video-chatting with her via FaceTime when the livery car transporting him was stopped by Defendant NEW YORK CITY POLICE OFFICERS MICHAEL CONNIZZO and NYPD POLICE OFFICER JOHN DOE. The Defendant Officers ordered Plaintiff out of the car and searched his person and belongings without his consent, finding no contraband or cause for arrest.  Defendants told James, in sum and substance, that they were randomly pulling over livery cars looking for

illegal handguns. When James insisted that he should not be detained without a reason, the defendant officers became aggressive and beat him. Fearing for his life, James fled on foot, and the defendant officers pursued him in their vehicle, driving the vehicle onto the sidewalk, where the vehicle ran into James, slamming him into a chain link fence, further injuring him. James was able to scale the fence and escape from Defendants. After a time, James was able to contact his parents, who took him to the hospital for treatment of his injuries. James required surgery and physical therapy for his injuries, and was unable to work for a time because of his injuries.

## II.     JURISDICTION

4.      This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331, 1343(a)(3) and (a)(4) and the aforementioned statutory and constitutional provisions.

5.      Plaintiff JAMES HURT JR. further invokes this Court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over any and all state law claims and causes of action which derive from the same nucleus of operative facts and are part of the same case or controversy that gives rise to the federally based claims and causes of action.

## III.    VENUE

6.      Venue is proper for the United States District Court for the Southern District of New York, pursuant to 28 U.S.C. § 1391(a), (b), and (c) and § 1402(b) because Defendant CITY OF NEW YORK maintains its primary and relevant place(s) of business in this district.

## IV.    JURY DEMAND

7.	Plaintiff JAMES HURT JR. respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

**V.	THE PARTIES**

8.	Plaintiff JAMES HURT JR. is and was a resident of the City of New York, State of New York, and the County of Bronx.

9.	Defendant THE CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

10.	Defendant THE CITY OF NEW YORK maintains the New York City Police Department, a duly authorized public authority and/or police department.

11.	NYPD SERGEANT MICHAEL CONNIZZO (Shield 1391, Tax ID 932485), at all times here relevant was a member of the New York City Police Department, acting under color of state law and/or pursuant to the official rules, regulations, laws, statutes, customs, usages and/or practices of the City of New York.

12.	NYPD POLICE OFFICER JOHN DOE at all times here relevant was a member of the New York City Police Department, acting under color of state law and/or pursuant to the official rules, regulations, laws, statutes, customs, usages and/or practices of the City of New York.

**VI.	FACTS COMMON TO ALL CLAIMS**

13.	Plaintiff JAMES HURT JR. is a twenty-three year old black male.

14.	James is unmarried.

15.	James received his associate's degree from Monroe College in June of 2014, and is presently employed at the Hunts Point Market, Bronx, New York.

16.	James has no criminal record of any kind.

17. James's father is a New York State corrections officer who has impressed upon Plaintiff the importance of living in an upright and lawful manner.

18. The events herein described began after 11:46p.m. on July 1, 2014 in the Bronx, New York, when James was leaving a friend's home near Daily Avenue in the Bronx, and travelling to his girlfriend's house to spend the night.

19. James had not been drinking alcohol or ingesting any form of illegal or prescription drugs.

20. James was scheduled to work the following day as private security, and had his work clothes with him in a gym or duffel bag.

21. James took a black sedan-style livery cab

22. The driver of the cab was an African male.

23. After entering the livery car, James called his girlfriend using the video-chat application "FaceTime" and proceeded to speak with her as he travelled to her home.

24. After the livery car had gone several blocks, it was pulled over by an unmarked sedan with a police dash light.

25. James was engrossed in conversation with his girlfriend and did not notice the unmarked police car until the livery cab pulled to a stop.

26. Defendant POLICE OFFICERS NYPD POLICE OFFICER JOHN DOE and NYPD SERGEANT MICHAEL CONNIZZO (Shield 1391, Tax ID 932485), (collectively, "POLICE OFFICER DEFENDANTS")  exited the unmarked sedan and approached the livery car.

27. Defendant POLICE OFFICER CONNIZZO was wearing an NYPD badge on a ball-chain necklace that was visible to James

4

28. Defendant POLICE OFFICER JOHN DOE was wearing a waist holster containing what appeared to be a Glock handgun, but James did not see his badge.

29. The Defendant POLICE OFFICERS were in plain clothes, wearing button down shirts and slacks.

30. The Defendant POLICE OFFICERS were both Caucasian males.

31. After these events, James gave physical descriptions of the Defendant POLICE OFFICERS to NYPD Internal Affairs and the Civilian Complaint Review Board.

32. As Defendant POLICE OFFICER CONNIZZO spoke with the livery car driver, Defendant POLICE OFFICER JOHN DOE approached the rear passenger door of the livery car.

33. Defendant POLICE OFFICER JOHN DOE asked James who he was talking to on the phone.

34. James truthfully answered that he was talking to his girlfriend.

35. Defendant POLICE OFFICER JOHN DOE ordered James to end the call, and Plaintiff complied.

36. Defendant POLICE OFFICER JOHN DOE ordered James to exit the car, and Plaintiff complied.

37. Plaintiff asked why the livery car was stopped.

38. A Defendant Police Officer responded, in sum and substance, that this was the tenth livery car that they had pulled over that evening, and that they were looking for illegal handguns.

39. One of the Defendant Police Officers searched James.

40. James made clear that he **did not consent** to the search.

5

41. One of the Defendant Police Officers searched James's bag.

42. James made clear that he **did not consent** to the search.

43. No drugs, weapons, or contraband of any kind was found on James, or in his belongings.

44. James complained about being stopped, and the Defendant Police Officers got angry and aggressive.

45. They seized him, slammed him into the back of the vehicle, and began to beat him.

46. James was afraid for his life.

47. The Defendant Police Officers pushed and struck James several times, injuring him.

48. James ran away from the Defendant Police Officers on a sidewalk.

49. After a moment, James heard a squeal of car tires and saw headlights weaving back and forth behind him.

50. The Defendant Police Officers drove their car onto the sidewalk, hitting James into a chain link fence.

51. The impact of the car caused James to suffer bruises, sprains, lacerations, and the maceration of one of his fingers, which was jammed into the chain link fence by the collision.

52. In a panic and grievously injured, James scaled the chain link fence that he had been slammed into, and escaped from the Defendant Police Officers.

53. Fearing for his life, James hid in an alleyway for the rest of the night.

54. In the early hours of the morning, James emerged and contacted his mother, asking her to pick him up and get him medical attention.

55. After a short time, James's father picked him up and took him to a hospital, where he was examined by doctors and X-rays were taken.

56. Plaintiff got preliminary treatment for his injuries, and was given stitches, prescriptions for medications, and a cane to help him walk with his sprained ankle and injured shoulder.

57. Thereafter, James participated in NYPD Internal Affairs and CCRB investigations into this incident.

58. Even though he had numerous contacts with police in the course of these investigations, James was not put under arrest or threatened with arrest in relation to the events of July 1, 2014, or for any other reason.

59. James underwent MRI tests which indicated fractures and related injuries in his left shoulder.

60. James underwent surgery and physical therapy for the injuries he received in this incident.

61. To this day, James still has a limited range of motion in his injured shoulder and a large scar on his left forearm.

62. James was unable to work as a security guard due to his injuries until January of 2015, when he returned to work.

63. On information and belief, it is common practice among NYPD officers to stop people with no actual belief a crime is being committed.

64.     As an example, Defendant CITY OF NEW YORK implemented the so-called "Stop and Frisk" program, in which hundreds of thousands of New Yorkers – most of them black or Hispanic – were randomly searched on the city streets each year.

65.     Furthermore, the NYPD maintained a simplistic "performance goals" for individual officers, in which officers were rewarded for making more arrests and tickets, and/or punished for making fewer.  This crude system encouraged officers to get rewarded, or avoid punishment, by making unlawful arrests in order to meet the "performance goal."

66.     These "performance goals" were not called "quotas," because arrest quotas are illegal.  But the "performance goals" actually were quotas.

67.     At the time of the July 1, 2014 Bronx, New York incident and brutal beating administered by the Defendant Police Officers, James did not have any warrants outstanding for his arrest.

68.     At the time of the July 1, 2014 Bronx, New York incident and brutal beating administered by the Defendant Police Officers, James was not engaged in any illegal activity of any kind.

69.     At the time of the July 1, 2014 Bronx, New York incident, the details of what happened to the plaintiff did "not match any [then] current patterns regarding police impersonation."

70.     The July 1, 2014 incident described herein constituted James's only interaction with the criminal justice system to date.

71.     Because of the defendants, James sustained personal injuries, including physical and mental injuries, loss of liberty, lost wages, medical expenses, lost opportunities for higher education, and deprivation of his constitutional rights.

72.     James complied with all relevant provisions of GML §50 in providing notice to Defendant CITY OF NEW YORK of his claim, was noticed for and underwent a 50(h) hearing, and this complaint was filed in compliance with GML §50 requirements.

## FIRST CLAIM FOR RELIEF

## DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983

73.     Plaintiff JAMES HURT JR. repeats each allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

74.     All of the aforementioned acts of the Defendant CITY and Defendant POLICE OFFICERS, their agents, servants and employees, were carried out under the color of state law.

75.     All of the aforementioned acts deprived James of the rights, privileges and immunities guaranteed to citizens of the United States by Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

76.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all of the actual and/or apparent authority attendant thereto.

77.     The Defendant POLICE OFFICERS and Defendant CITY OF NEW YORK, collectively and individually, while acting under color of state law, engaged in Constitutionally-violative conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

78. Further information regarding the existence of the aforesaid constitutionally-violative customs, policies and practices of Defendant CITY OF NEW YORK and its police officers, as well as of Defendant CITY OF NEW YORK's knowledge of same and Defendant CITY OF NEW YORK's failures to address same are set forth in the appendix to this complaint.

79. As a result of the above constitutionally impermissible conduct, James was caused to suffer personal injuries, including physical and mental injuries, loss of liberty, lost wages, medical expenses, lost opportunities for higher education, and deprivation of his constitutional rights.

80. As a result of Defendants' impermissible conduct, James demands judgment against Defendants in a sum of money to be determined at trial.

## SECOND CLAIM FOR RELIEF

## FALSE ARREST UNDER 42 U.S.C. § 1983

81. Plaintiff JAMES HURT JR. repeats each allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

82. James was Seized by the defendants, without a warrant, against his will, and without justification.

83. As a result of the above constitutionally impermissible conduct, James was caused to suffer personal injuries, including physical and mental injuries, loss of liberty, lost wages, medical expenses, lost opportunities for higher education, and deprivation of his constitutional rights.

84.	As a result of Defendants' impermissible conduct, James demands judgment against Defendants in a sum of money to be determined at trial.

<u>THIRD CLAIM FOR RELIEF</u>

<u>EXCESSIVE FORCE UNDER 42 U.S.C. § 1983</u>

85.	Plaintiff JAMES HURT JR. repeats each allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

86.	Defendant POLICE OFFICERS administered a brutal beating upon James in the absence of need for such action and force.

87.	Defendant POLICE OFFICERS hit, beat, kicked and subjected James to several physically aggressive maneuvers without Defendants identifying a requisite need for such action and force.

88.	As a result of the above constitutionally impermissible conduct, James was caused to suffer personal injuries, including physical and mental injuries, loss of liberty, lost wages, medical expenses, lost opportunities for higher education, and deprivation of his constitutional rights.

89.	As a result of Defendants' impermissible conduct, James demands judgment against Defendants in a sum of money to be determined at trial.

<u>FOURTH CLAIM FOR RELIEF</u>

<u>EQUAL PROTECTION UNDER 42 U.S.C. § 1983</u>

90.	Plaintiff JAMES HURT JR. repeats each allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

11

91.     At all times described herein, James was possessed of the right to equal protection under the laws, as guaranteed under the 14th Amendment to the United States Constitution.

92.     Defendant POLICE OFFICERS detained and brutalized James in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said stop and brutal treatment would jeopardize Plaintiff's liberty, well-being, safety and constitutional rights.

93.     The acts complained of were carried out by the aforementioned individual Defendant POLICE OFFICERS in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

94.     The actions of Defendant POLICE OFFICERS heretofore described, constituted unlawful detention, imprisonment, assault and battery and malicious prosecution and were designed to and did cause specific bodily harm, pain and suffering both in violation of James's Constitutional rights as guaranteed under 42 U.S.C. §1983 and the United States Constitution, Fourth and Fourteenth Amendments and the Constitution of the State of New York and in direct retaliation for James's exercise of his civil and constitutional rights of free, free expressive association as guaranteed by the Fourteenth Amendments to the United States Constitution as well as the Constitution of the State of New York.

95.     The particular arrest of James is believed to have been motivated in whole or in part by a custom or practice of racism of victimization, not of hate, whereby minority individuals are charged with crimes and violations such as resisting arrest, disorderly conduct, and obstruction of governmental administration, in the absence of probable cause to arrest, due to a perceived ease of prosecution of such minority individuals.

96. The particular arrest of James is believed to have been motivated in whole or in part by a custom or practice of racism of victimization, not of hate, whereby minority individuals are charged with crimes and violations such as resisting arrest, disorderly conduct, and obstruction of governmental administration, in the absence of probable cause to arrest, due to a perceived ease of prosecution of such minority individuals, because the Defendant POLICE OFFICERS informed James that he was being arrested after it was already established that James was not carrying any weapons or illegal substances, and did not have any outstanding warrants against him.

97. The Defendant POLICE OFFICERS, through their actions, carried out a discriminatory application of such laws, driven by a discriminatory motivation of what might otherwise be facially neutral statutes due to a perceived ease of prosecution.

98. As a result of the foregoing, James was caused to suffer personal injuries, including physical and mental injuries, loss of liberty, lost wages, medical expenses, lost opportunities for higher education, and deprivation of his constitutional rights.

99. As a result of the foregoing, James demands judgment against Defendants in a sum of money to be determined at trial

FIFTH CLAIM FOR RELIEF

STATE LAW BATTERY

100. Plaintiff JAMES HURT JR. repeats each allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

101. The Defendant POLICE OFFICERS who pursued and struck James committed battery upon James in the course of the incident by forcibly seizing Plaintiff, striking Plaintiff with their bodies, and striking Plaintiff with their car.

102. The circumstances presented to Defendants at that time did not justify the above applications of force on James.

103. James was injured by Defendants' non-consensual and unprivileged physical contacts.

104. As a result of the foregoing, James is entitled to compensatory damages and punitive damages against the Defendants in amounts to be determined at trial.

SIXTH CLAIM FOR RELIEF

STATE LAW ASSAULT

105. Plaintiff JAMES HURT JR. repeats each allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

106. The individual defendants' conduct threatened imminent, offensive, and harmful contact with James.

107. The individual defendants' aforementioned conduct placed James in apprehension of imminent harmful and offensive bodily contact.

108. The individual defendants engaged in the aforementioned conduct intentionally.

109. A reasonable person in the position of the individual defendants under like circumstances would have known or been substantially certain that the aforementioned conduct would place James in apprehension of imminent harmful and offensive bodily contact.

110. As a result of the individual defendants' conduct, James suffered physical injury.

111. As a result of the individual defendants' conduct, James has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

112. As a result of the individual defendants' conduct, James has suffered other injuries, damages, and losses.

113. As a result of the foregoing, James is entitled to compensatory damages and punitive damages against the Defendants in amounts to be determined at trial.

SEVENTH CLAIM FOR RELIEF

STATE LAW NEGLIGENCE

114. Plaintiff JAMES HURT JR. repeats each allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

115. The Defendant POLICE OFFICERS employed physical force in dealing with James.

116. In employing the aforementioned physical force, the Defendant POLICE OFFICERS did not exercise that degree of care which would reasonably be required of a police officer under similar circumstances.

117. As a result of the failure of these Defendant POLICE OFFICERS to exercise due care, James suffered physical injuries.

118. As a result of the failure of these Defendant POLICE OFFICERS to exercise due care, James has suffered injuries, including physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

119. As a result of the failure of these Defendant POLICE OFFICERS to exercise due care, James has suffered other injuries, damages, and losses.

120.    The failure of these Defendant POLICE OFFICERS to exercise due care is the proximate cause of James's injuries.

121.    As a result of the foregoing, James is entitled to compensatory damages and punitive damages against the Defendants in amounts to be determined at trial.

EIGHTH CLAIM FOR RELIEF

STATE LAW NEGLIGENT HIRING AND RETENTION AGAINST DEFENDANT CITY OF NEW YORK

122.    Plaintiff JAMES HURT JR. repeats each allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

123.    Upon information and belief, Defendant THE CITY OF NEW YORK failed to use reasonable care in the hiring and retention of the Defendant Police Officers who conducted and participated in the arrest and unlawful assaults and acts of battery against James

124.    Defendant City of New York knew, or should have known in the exercise of reasonable care, the propensities of the aforesaid Defendant POLICE OFFICERS to engage in the wrongful conduct heretofore alleged in this Complaint.

125.    As a result of the foregoing conduct, James was caused to suffer personal injuries, violation of his civil rights, emotional distress, anguish, anxiety, fear, humiliation, and other irreparable damage to his life.

126.    As a result of Defendants' impermissible conduct, James demands judgment against Defendants in a sum of money to be determined at trial.

NINTH CLAIM FOR RELIEF

STATE LAW NEGLIGENT TRAINING AND SUPERVISION AGAINST DEFENDANT CITY OF NEW YORK

127. Plaintiff JAMES HURT JR. repeats each allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

128. Upon information and belief the Defendant THE CITY OF NEW YORK failed to use reasonable care in the training and supervision of the aforesaid DEFENDANT POLICE OFFICERS who conducted and participated in the arrest and unlawful searches, assaults, and acts of battery against James.

129. As a result of the foregoing conduct, James was caused to suffer personal injuries, violation of his civil rights, emotional distress, anguish, anxiety, fear, humiliation, and other irreparable damage to his life.

130. As a result of Defendants' impermissible conduct, James demands judgment against Defendants in a sum of money to be determined at trial.

WHEREFORE and in light of the foregoing, it is respectfully requested that the Court assume jurisdiction and:

[a] Invoke pendent party and pendent claim jurisdiction.

[b] Award appropriate compensatory and punitive damages.

[c] Empanel a jury.

[d] Award attorney's fees and costs.

[e] Award such other and further relief as the Court deems to be in the interest of justice.

DATED: New York, New York
May 19, 2017

Respectfully submitted,

                                          _____
Wylie Stecklow
STECKLOW & THOMPSON
217 Centre Street, 6th Floor
New York, New York 10013
Phone: (212) 566-8000
Fax:     (888) 566-7999
ECF@sctlaw.nyc
ATTORNEY FOR PLAINTIFF