UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

JAMES HURT JR.,

                                       Plaintiff,

-against-

THE CITY OF NEW YORK, a municipal entity, NYPD SERGEANT MICHAEL CONNIZZO, (Shield 1391, Tax ID 932485), NEW YORK CITY POLICE OFFICERS "JOHN DOES" 1-2,

Defendants.

------------------------------------------------------------------------ x

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR PARTIAL MOTION FOR SUMMARY JUDGMENT**

15-CV-7612 (PKC)

**Preliminary Statement**

       Plaintiff James Hurt, Jr. bring this action under 42 U.S.C. § 1983 alleging violations of his civil rights and various state law claims in connection with a July 2, 2014 incident in which the livery car that plaintiff was riding in was allegedly stopped by NYPD officers. Plaintiff alleges that, as a part of this car stop, he was frisked, his belongings were searched, and he was subject to excessive force. He was not arrested in connection with this incident. In fact, to date, no NYPD records concerning this incident have been uncovered by the Internal Affairs Bureau, the Civilian Complaint Review Board, or discovery in the present litigation, despite a thorough CCRB investigation and the production of thousands of pages of documents in the present litigation. Moreover, records reflect that the sole named defendant in this matter, Sergeant Michael Connizzo, was not working at the time of the incident.

       For this reason, Sergeant Connizzo now moves for summary judgment on plaintiff's Section 1983 claims on the grounds that he had no personal involvement with this matter, and

1

thus cannot be named as a defendant in this case. Additionally, in the event that the Court grants Sergeant Connizzo's motion, defendants urge that the Court decline to exercise supplemental jurisdiction over the remaining state law claims. In the event that the Court does not dismiss this matter in its entirety, defendants move to dismiss plaintiff's Equal Protection and negligent hiring, training, supervision, and discipline claims.

## Statement of Facts

On July 2, 2014 at approximately 2:00 a.m., plaintiff James Hurt, Jr. was a passenger in a livery car that was stopped in the vicinity of 174th Street and Boone Avenue in the Bronx by a light-colored, unmarked police vehicle. (Defendants' 56.1 Statement, ¶¶ 1-3). There were two officers in that vehicle who plaintiff has described variously, but who have been consistently described as two white men, one with salt-and-pepper hair, wearing a gold shield and a button-down shirt, and the other with dark hair and a goatee. *Id.* at ¶¶4-6.

As described above, plaintiff alleges that during the course of this stop, he was frisked, his duffel bag was searched, and he was subject to excessive force, including being punched in the face and having his left shoulder dislocated by one of the officers pulling back on his arm. *Id.* at ¶ 7. Plaintiff then ran away from the officers, and the officers got into their car, made a U-turn, and began chasing after him. *Id.* at ¶ 8. They struck him with their car a short distance away, but did not follow him after he jumped over a nearby fence, ran down a grassy embankment, and jumped over a second fence. *Id.* at ¶ 9. Plaintiff then hid in an alley overnight, eventually using a stranger's phone to call his parents. *Id.* at ¶ 10. Plaintiff was taken to St. John's Riverside Hospital, where he received medical treatment for his injuries. *Id.* at ¶ 11.

Plaintiff's father called the Internal Affairs Bureau of the NYPD to report this incident at approximately 8:45 a.m on July 2, 2014. *Id.* at ¶ 12. The case was forwarded to the Civilian

Complaint Review Board, who conducted an investigation to attempt to identify the involved officers. *Id.* at ¶ 13. The investigator, Glenn Brown, obtained vehicle assignments for unmarked cars in the following precincts: the 42nd Precinct, 43rd Precinct, PSA 7, PSA 8, Bronx Anti-Crime, Bronx Narcotics, and Bronx Gangs. *Id.* at ¶ 14. He identified the cars he believed to be light-colored based on Fleet Services, and narrowed it down based on the assigned officers. *Id.* at ¶ 15. Through this process, CCRB identified Sergeant Michael Connizzo and Police Officer Frank Siciliano of the Bronx Anti-Crime Unit as two white officers in plain clothes driving a light-colored (silver) car who were scheduled to work in the Bronx until 4:00 a.m. on July 2, 2014. *Id.* at ¶ 16.

Officer Siciliano and Sergeant Connizzo received notifications to appear in Bronx Criminal Court on July 2, 2014 at the beginning of their tours on July 1, 2014 at approximately 7:30 p.m. *Id.* at ¶ 17. In accordance with NYPD guidelines, receipt of this notification at the beginning of their tour entitled them to leave at 12:00 a.m. In general, if an officer who works on the fourth platoon, and the officer receives a court notification more than a day in advance, that officer's tour will be adjusted to start earlier to enable the officer to work a full tour and leave at 12:00 a.m. *Id.* at ¶ 19, (Wilson Decl. Exh. G). If, however, the officer only receives the notification at the beginning of that officer's tour, the officer is entitled to leave at 12:00 a.m. unless the officer is conducting ongoing police business. *Id.* If the officer stays beyond midnight, he or she will not receive overtime pay unless the officer works beyond his or her regular end time. *Id.* Officer Siciliano and Sergeant Connizzo left their command at approximately 12:00 a.m. on July 2, 2014, and were not working when this incident occurred around 2:00 a.m. on July 2, 2014. Defts. 56.1 at ¶¶ 21-23. The CCRB concluded their investigation with the finding "officers unidentified" for this reason. *Id.* at ¶ 30.

## **Applicable Standard**

In order to be entitled to summary judgment, the moving party must demonstrate that "no genuine issue of material fact exists." *Jeffreys v. Rossi*, 275 F. Supp. 2d 463, 473 (S.D.N.Y. 2003), *aff'd*, 426 F.3d 549 (2d Cir. 2005); *see* Fed. R. Civ. P. 56(c). Where, as here, the party opposing summary judgment bears the burden of proof at trial, the movant can "point to an absence of evidence to support an essential element of the nonmoving party's claim" in order to satisfy this requirement. *Gemmink v. Jay Peak, Inc*., 807 F.3d 46, 48 (2d Cir. 2015) (citing *Goenaga v. March of Dimes*, 51 F.3d 14, 18 (2d Cir. 1995)). Once the moving party discharges its burden, the non-moving party "must raise a genuine issue of material fact" that requires a trial. *Jeffreys*, 275 F. Supp. 2d at 473.

In order to raise a genuine issue of fact, the non-moving party must "do more than simply show that there is some metaphysical doubt as to the material facts, … and she may not rely on conclusory allegations or unsubstantiated speculation." *Id*. at 473-74 (citations and internal quotes omitted). Rather, the non-moving party "must produce admissible evidence that supports her pleadings." *Id*. (citing *First National Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 289-90 (1968)). "The mere existence of a scintilla of evidence supporting the non-movant's case is … insufficient to defeat summary judgment." *Id*. (quoting *Niagara Mohawk Power Corp. v. Jones Chemical, Inc.*, 315 F.3d 171, 175 (2d Cir. 2003)). "Summary judgment is appropriate, … if the evidence presented by the nonmoving party is merely colorable, or is not significantly probative, … or if it is based purely on conjecture or surmise." *Savino v. City of New York*, 331 F.3d 63, 71 (2d Cir. 2003).

A motion for summary judgment requires the party with the burden of proof at trial to "make a showing sufficient to establish the existence of [each] element to that party's case, …

since a complete failure of proof concerning an essential element of … [the] case necessarily renders all other facts immaterial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is 'no genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Applying these rules, the Second Circuit has stated:

> [T]he moving party may obtain summary judgment by showing that little or no evidence may be found in support of the nonmoving party's case. When no rational jury could find in favor of the nonmoving party because the evidence to support its case is so slight, there is no genuine issue of material fact and a grant of summary judgment is proper.

*Gallo v. Prudential Residential Servs., Ltd. Partnership*, 22 F.3d 1219, 1223-24 (2d Cir. 1994) (citations omitted). "The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of <u>material</u> fact*." Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1996) (emphasis added).

## **Argument**

I.  <u>Plaintiff's Section 1983 claims against Sergeant Michael Connizzo should be dismissed because plaintiff has not adduced any evidence of his personal involvement.</u>

Section 1983 of Title 42 of the United States Code "provides an instrument by which an individual deprived of a federal right by a person acting under color of state law may be compensated." *Eagleston v. Guido*, 41 F.3d 865, 875 (2d Cir. 1994). "To state a claim under § 1983, a plaintiff must allege that (1) the challenged conduct was attributable at least in part to a person who was acting under color of state law; and (2) the conduct deprived the plaintiff of a right guaranteed under the Constitution of the United States" or federal law. *Snider v. Dylag*, 188 F.3d 51, 53 (2d Cir. 1999) (citing *Dwares v. City of N.Y.*, 985 F.2d 94, 98 (2d Cir. 1993)). Further, "[i]t is well settled in [the Second] Circuit that personal involvement of defendants in

5

alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) (quotation marks and citation omitted).

Courts in this circuit have found that summary judgment is appropriate where defendant officers provided records indicating they were not working at the time of an incident. *See, e.g.*, *Atkins v. County of Orange*, 372 F. Supp. 2d 377, 399 (S.D.N.Y. 2005) (dismissing claims against officers who provided records and testimony that they were not working at the time of an alleged incident); *Sanders v. Rockland Cty. Corr. Facility*, 1995 U.S. Dist. LEXIS 11558 at **6-8 (S.D.N.Y. Aug. 9, 1995) (finding that officers who provided records that they were not working at the time of an incident were entitled to summary judgment).

Plaintiff cannot fairly dispute the record that indicates that Sergeant Connizzo left work at midnight, two hours prior to the time of this incident. First, Sergeant Connizzo's memobook reflects that he left the precinct at 12:00 a.m. Second, Sergeant Connizzo and Officer Siciliano both received the same notification to appear at Bronx Criminal Court in Part AP3 at 9:00 a.m. related to the case 2014BX026625. There is no dispute that Officer Siciliano left at approximately 12:00 a.m. on July 2, 2014, and as a result he was not named in this lawsuit. Sergeant Connizzo received the same court notification, partnered with Officer Siciliano that night, and his memobook reflects that he left the precinct at approximately midnight. As is clear from the fact that Officer Siciliano left at midnight, they were not in the process of performing a police function as of the time that Officer Siciliano left the precinct. There is simply no credible evidence that Sergeant Connizzo was working at the time of the incident.

No other documentary evidence has been produced to contradict the fact that Sergeant Connizzo left at midnight. Defendants have done searches for license plate reader data regarding either Sergeant Connizzo's duty or personal vehicle on July 1, 2014 and July 2, 2014. As

6

outlined in the July 12, 2017 Affidavit of Michael Joy, no license plate reader data for either vehicle for either date was found. (Wilson Decl. Exh. J). Defendants have also provided plaintiff with the July 13, 2017 Affidavit of Pierre Barbee, who certified that the vehicle that Sergeant Connizzo and Officer Siciliano used on the date of the incident did not have a mobile digital terminal on that date. (Wilson Decl. Exh. K). Defendants further have provided plaintiff with the February 3, 2017 Declaration of Desmond Power which affirms that the same duty vehicle was also not equipped with GPS equipment at the time. (Wilson Decl. Exh. L). Finally, defendants produced a redacted copy of Sergeant Connizzo's phone records from July 1, 2014 to July 2, 2014. These records indicate that the last call he received on the night of July 1, 2014 occurred at approximately 12:20 a.m., and he did not make or receive any more calls until approximately 9:30 the following morning. (Wilson Decl. Exh. M).

Plaintiff's identification of Sergeant Connizzo is not adequate to undermine the documentary evidence that Sergeant Connizzo was not working at the time of the incident. "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is 'no genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Plaintiff did not initially identify Sergeant Connizzo from photographs provided to plaintiff's counsel by defendants. At his deposition, plaintiff testified that the reason he believed that one of the officers was named Connizzo was, "[t]hat is the picture that I seen from my lawyers so he looked familiar to me, so yes." (Wilson Decl. Exh. N, p. 52:24-25). Plaintiff went on to clarify that he identified Sergeant Connizzo from a photograph that he was shown by his attorneys. *Id.* at 53:1-4. There are a number of reasons that this identification does not undermine the records that state that Sergeant Connizzo was not working. First, the identification was conducted from a single photograph, after plaintiff had

7

failed to identify a different photograph of Sergeant Connizzo. The identification was made approximately three years after the date of the incident. However, most importantly, the photograph does not depict the entirety of Sergeant Connizzo's face, but rather shows him wearing dark sunglasses. (Wilson Decl. Exh. O). In light of the records demonstrating that Sergeant Connizzo was not working at the time of the incident, this allegation, which has no other support, should not be credited. Thus, summary judgment in favor of Sergeant Connizzo on the grounds that he was not personally involved in this incident is appropriate.

II.  Plaintiff's Equal Protection claim should be dismissed.

"To establish a violation of the Equal Protection Clause based on selective enforcement, a plaintiff must ordinarily show the following: (1) that the person, compared with others similarly situated, was selectively treated; and (2) that such selective treatment was based on impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person." *Freedom Holdings, Inc. v. Spitzer*, 357 F.3d 205, 234 (2d Cir. 2004). Additionally, plaintiff "must establish that such unequal treatment was the result of intentional and purposeful discrimination." *Chen v. City Univ. of New York*, 11 Civ. 0320 (CM), 2011 U.S. Dist. LEXIS 130094, at *17 (S.D.N.Y. Nov. 9, 2011). Here, plaintiff has failed entirely to adduce any evidence to support this claim.

First, as a threshold matter, it is entirely unclear who plaintiff is comparing himself to or on what impermissible considerations plaintiff believes he was treated differently. Simply stated, plaintiff's complete failure to cogently explain any portion of his equal protection claim, through his complaint or deposition testimony, warrants dismissal. *See Mallet v. Johnson*, 09 Civ. 8430 (JGK), 2011 U.S. Dist. LEXIS 73249, at *15-16 (S.D.N.Y. July 7, 2011) (dismissing plaintiff's

equal protection claim because plaintiff did not assert class membership in a protected class nor allege that he was being treated differently from any similarly situated individuals)

In any event, even assuming that plaintiff can somehow clarify the contours of his vague equal protection claim, he has adduced no evidence during the course of discovery to support his assertion that he was selectively treated in any manner. *See Edwards v. City of New York*, 10 CV 1047 (ARR)(LB), 2011 U.S. Dist. LEXIS 121861, at *15 n. 4 (E.D.N.Y. Oct. 18, 2011)(granting summary judgment on plaintiff's equal protection claim because, *inter alia*, the record was "devoid of any facts suggesting the defendants treated plaintiff differently than any other similarly situated person"); *Gordon v. City of New York*, 10 CV 5148 (CBA)(LB), 2012 U.S. Dist. LEXIS 44251, at *28-29 (E.D.N.Y. Mar. 29, 2012)(dismissing plaintiff's "wholly conclusory and unsupported" equal protection claim because he had not "alleged any disparity in treatment between himself and another person"). Accordingly, plaintiff's equal protection claim must be dismissed.

III. <u>Plaintiff's claims for negligent hiring, retention, training, and supervision should be dismissed.</u>

"[C]laims for negligent hiring, retention, training, and supervision are not permissible against employers under New York law." *Wiles v. City of New York*, 13-CV-2898 (TPG), 2016 U.S. Dist. LEXIS 148024, *35-6 (S.D.N.Y. Oct. 25, 2016) (quoting *Eckardt v. City of White Plains*, 87 A.D.3d 1049, 1051-52, 930 N.Y.S.2d 22 (2d Dept. 2011)). "Although there is an exception to this general rule when a plaintiff is seeking punitive damages from the employer, punitive damages are impermissible against the City of New York," *Id.* (citing *Karoon v. New York City Transit Auth.*, 241 A.D.2d 323, 324, 659 N.Y.S.2d 27 (1st Dept. 1997)). Summary judgment dismissing this claim is therefore appropriate.

## Conclusion

For the foregoing reasons, defendants' motion for summary judgment should be granted and claims against Sergeant Connizzo should be dismissed, and the Court should decline to exercise supplemental jurisdiction over the remaining state law claims.

Dated: New York, New York
November 20, 2017

Respectfully submitted,

ZACHARY W. CARTER
Corporation Counsel of the City of New York
*Attorney for Defendants*
100 Church Street
New York, New York 10007
(212) 356-2572

By: /s/
Angharad K. Wilson, Esq.