UNITED ST ATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
JAMES HURT JR.,                                    PLAINTIFF'S LOCAL CIVIL

                                                                                           RULE 56.1 STATEMENT

              Plaintiff,                                    15CV7612 (PKC)

       -against-

THE CITY OF NEW YORK, a municipal entity,
NYPD SERGEANT MICHAEL CONNIZZO, and
NYPD POLICE OFFICER JOHN DOE 1.

              Defendants.
------------------------------------------------------------------X

        Plaintiff James Hurt Jr. ("Hurt"), by his attorneys, Stecklow & Thompson and London Indrusi LLP, as and for his Statement pursuant to Local Rule 56.1(b) of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, in response to the Defendants' Local Rule 56.1 Statement ("the Defendants' Statement"), responds as follows:

        1.     On July 2, 2014, at approximately 2:00 a.m., plaintiff James Hurt, Jr. was a passenger in a livery car in Bronx, New York. (Exh. A, Interview Details of Interview of James Hurt Jr. by CCRB).

              Response:
              Admits the allegations set forth in paragraph 1 of the Defendant's Statement, except denies that the time the vehicle was pulled over is precisely known, and is likely to have been between 1:30am and 2:00 am. (Exh. 1, phone records of Hurt indicating the times when he was speaking to his girlfriend before and during the stop, and after the assault).

        2.     Plaintiff was traveling from a barbecue in the vicinity of the 174th Street subway stop on the 2 and 5 train to his girlfriend's apartment in Stevenson Commons in Bronx, New York. (Exh. B, Deposition of James Hurt, Jr. Id.

>Response:
>
>Admits the allegations set forth in paragraph 2 of the Defendant's Statement, except to the extent that it implies Hurt took a subway train to the Stevenson Common Apartments on the night in question. He took a taxi and hailed a black Lincoln sedan outside the subway station. (Exh A to Defense Summary Judgment motion, interview details of Interview of Hurt by CCRB).

3.      In the vicinity of 174th Street and Boone Avenue, the car was pulled over by an unmarked police car that was "white or cream or in that family." *Id*.

>Response:
>
>Admits the allegations set forth in paragraph 3 of the Defendant's Statement, except to the extent that Hurt stated it was a light-colored vehicle, (white or cream or in that family.). (Exh A to Defense Summary Judgment motion, interview details of Interview of Hurt by CCRB).

4.      Two officers got out of the car. *Id.*

>Response:
>Admits paragraph 4 of the Defendant's Statement.

5.      Plaintiff described one of the officers in the car as a white man wearing a gold shield and button-down shirt, who had a salt-and-pepper beard and was approximately 6'0" with a "husky" build. Id.

>Response:
>Admits paragraph 5 of the Defendant's Statement.

6.      Plaintiff described the other officer as a white man who was approximately 5'10 and 190 pounds, and in shape. *Id.*

>Response:
>Admits paragraph 6 of the Defendant's Statement.

7. During the course of this stop, plaintiff was frisked, his duffel bag was searched, and he was subject to excessive force, including being punched in the face and having his left shoulder dislocated by one of the officers pulling back on his arm. *Id*.

> Response:
> Admits the allegations set forth in paragraph 7 of the Defendant's Statement, except that the officer punched Hurt three times in the face. (Exh A to Defense Summary Judgment motion, interview details of Interview of Hurt by CCRB).

8. Plaintiff then ran away from the officers, and the officers got into their car, made a U-turn, and began chasing after him. *Id*.

> Response:
> Admits paragraph 8 of the Defendant's Statement.

9. They struck him with their car a short distance away, but did not follow him after he jumped over a nearby fence, ran down a grassy embankment, and jumped over a second fence. *Id*.

> Response:
> Admits paragraph 9 of the Defendant's Statement.

10. Plaintiff then hid in an alley overnight, eventually using a stranger's phone to call his parents. *Id*.

> Response:
> Admits paragraph 10 of the Defendant's Statement.

11. Plaintiff was taken to St. John's Riverside Hospital, where he received medical treatment for his injuries. *Id*.

> Response:
> Admits paragraph11 of the Defendant's Statement.

12. Plaintiff's father called the Internal Affairs Bureau of the NYPD to report this incident at approximately 8:45 a.m on July 2, 2014. (Exh. B, CCRB Referral Worksheet).s charged with disorderly conduct.

> Response:
>
> Admits the allegations set forth in paragraph 12 of the Defendant's Statement, except that James Hurt Sr called 911 to report that his son had been assaulted by police officers at 834am, and his mother had called at 6:48am to report her son missing. Exh 2 documents from CCRB investigation (Def 233).

13. The case was forwarded to the Civilian Complaint Review Board, who conducted an investigation to attempt to identify the involved officers. *Id*.

> Response:
>
> Admits paragraph13 of the Defendant's Statement.

14. The investigator, Glenn Brown, obtained vehicle assignments for unmarked cars in the following precincts: the 42nd Precinct, 43rd Precinct, PSA 7, PSA 8, Bronx Anti-Crime, Bronx Narcotics, and Bronx Gangs. (Exh. C, CCRB Investigative Recommendation).

> Response:
>
> Admits paragraph14 of the Defendant's Statement.

15. Brown identified the cars he believed to be light-colored based on Fleet Services, and then reviewed the demographics of the officers assigned to those cars on that date. *Id*.

> Response:
>
> Admits paragraph15 of the Defendant's Statement.

16. CCRB identified Sergeant Michael Connizzo and Police Officer Frank Siciliano of the Bronx Anti-Crime Unit as two white officers in plain clothes assigned to a silver car who were scheduled to work in the Bronx until 4:00 a.m. on July 2, 2014. *Id*.

Response:

Admits paragraph16 of the Defendant's Statement.

17. Officer Siciliano and Sergeant Connizzo began their tour in Bronx Anti-Crime on July 1, 2014 at approximately 7:30 p.m. and received court notifications at the beginning of that tour. (Exh. D, Bronx Anti-Crime Roll Call; Exh. E, Siciliano Dep. p. 25:19-25).

Response:

Admits the allegations set forth in paragraph17 of the Defendant's Statement, except deny that there is any evidence that Connizzo received a court notification. Exh 3, front and back page to Bronx Anti-Crime Unit Roll Call. Note on back page, Connizzo fails to sign out, while Siciliano signs out with his signature next to handwritten notation, "0005 court."

18. Sergeant Connizzo and Officer Siciliano received notifications to appear at Bronx Criminal Court in Part AP3 at 9:00 a.m. on July 2, 2014 related to the case 2014BX026625. (Exh. F, Bronx Court Electronic Sign-In Record).

Response:

Admits the allegations set forth in paragraph18 of the Defendant's Statement, except deny that there is any evidence that Connizzo received a court notification. Exh 3, front and back page to Bronx Anti-Crime Unit Roll Call. Note on back page, Connizzo fails to sign out, while Siciliano signs out with his signature next to handwritten notation, "0005 court."

19. NYPD policy allows members of service who are notified for court the following day at the beginning of their tour with the Fourth Platoon to leave at 12:00 a.m. (Exh. G, Patrol Guide Section 211-05).

Response:

5

>Admits the allegations set forth in paragraph19 of the Defendant's Statement, except state that the same PG 211-05 indicates that all notifications will be made at roll call or earlier, and numerous notations and documents will be generated regarding any such notification. No such notation or document exists for Connizzo regarding his alleged notification to report to Court on July 1, 2014.

20. Officers who are entitled to leave at 12:00 a.m. under this policy are not entitled to receive overtime compensation if they work past 12:00 a.m. but not past the regular end of their tour. *Id*.

>Response:
>
>Admits the allegations set forth in paragraph20 of the Defendant's Statement, except that such officers should be eligible to receive overtime compensation if they work past 2:00am. Exh G to Defendant Summary Judgment motion, page 7 of 8).

21. Sergeant Connizzo's memo book for July 1, 2014 reflect that he left the precinct at 12:05 a.m. (Exh. H, Connizzo memobook).

>Response:
>
>Admits the allegations set forth in paragraph21 of the Defendant's Statement, but note that the memobook is not time stamped, and that while Siciliano noted when he signed out that it was 12:05am and he was leaving early due to Court (Exh 3, front and back page to Bronx Anti-Crime Unit Roll Call), Connizzo violated NYPD protocol by failing to sign out. Exhibit 4, Excerpts from Connizzo deposition Testimony, 79:17 – 81:19, where Connizzo admitted he was the only supervisor that failed to sign out that night.

22. Officer Siciliano left the precinct at approximately 12:05 a.m. (Exh. I, Siciliano memobook).

>Response:
>Admits paragraph 22 of the Defendant's Statement.

6

23. Both Sergeant Connizzo and Officer Siciliano appeared for court the following morning at approximately 9:30 a.m. (Exh. F).

> Response:
>
> Admits the allegations set forth in paragraph 23 of the Defendant's Statement to the extent that a digital document indicates both Siciliano and Connizzo appeared in Bronx Criminal Court.

24. No license plate reader data was found regarding either Sergeant Connizzo's personal or duty vehicle on July 1, 2014 or July 2, 2014. (Exh. J, July 12, 2017 Affidavit of Michael Joy).

> Response:
>
> Admits the allegations set forth in paragraph 24 of the Defendant's Statement, however, Connizzo had falsely testified in his deposition that on the date of incident, he only had access to one vehicle (Exh 4   124:4-11.), but records from EZ Pass NY indicate that on the date of incident, Connizzo had access to at least two personal vehicles. Exh 5, EZ Pass Records of Connizzo.

25. The vehicle that Sergeant Connizzo and Officer Siciliano were assigned to on the date of the incident did not have a mobile digital terminal on the date of the incident. (Exh. K, July 13, 2017 Affidavit of Pierre Barbee).

> Response:
>
> Admits the allegations set forth in paragraph 25 of the Defendant's Statement.

26. The vehicle that Sergeant Connizzo and Officer Siciliano were assigned to on the date of the incident was also not equipped with GPS equipment. (Exh. L, February 3, 2017 Declaration of Desmond Power).

> Response:
>
> Admits the allegations set forth in paragraph 26 of the Defendant's Statement.

27. The last phone call Sergeant Connizzo made or received on the night of July 1, 2014 occurred at approximately 12:20 a.m., and he did not make or receive any more calls until approximately 9:30 the following morning. (Exh. M, Cellular Records).

> Response:
>
> Admits the allegations set forth in paragraph 27 of the Defendant's Statement, but Plaintiff has no reason to believe that Defendant Connizzo had no other cellular phones to use.

28. Plaintiff identified Sergeant Connizzo from a photograph provided by his attorney. (Exh. N, Excerpt of Plaintiff's Deposition)

> Response:
>
> Admits the allegations set forth in paragraph 28 of the Defendant's Statement.

29. That photograph depicts Sergeant Connizzo wearing dark sunglasses. (Exh. O, Photograph of Michael Connizzo).

> Response:
>
> Admits the allegations set forth in paragraph 29 of the Defendant's Statement.

30. CCRB determined that this investigation should be closed as "officers unidentified." (Exh. P, June 30, 2015 Letter to Samuel Cohen from CCRB).

> Response:
>
> Admits the allegations set forth in paragraph 30 of the Defendant's Statement.

PLAINTIFF'S STATEMENT OF ADDITIONAL MATERIAL FACTS AS TO WHICH HE CONTENDS HE IS ENTITLED TO PARTIAL SUMMARY JUDGMENT, OR WHICH HE CONTENDS THERE ARE GENUINE DISPUTED ISSUES

<u>OF MATERIAL FACTS TO BE TRIED</u>

31.     The description of Hurt in his CCRB interview of July 30, 2014, aptly describes Defendant Connizzo, "A white male, 6'0" tall, over 200 pounds, husky build, salt and pepper beard."  Exh A to Defendant Motion for Summary Judgment.

32.     Defendant Connizzo is approximately 6'4" tall.  Exh 4, 98:8-10.

33.     Defendant Connizzo denied having a salt and pepper beard in July 2014. Exh 4 99:17 – 100:19.

34.     Various photographs of Defendant Connizzo previously available on facebook page show him carrying a salt and pepper beard.  However, not all of these images remained on facebook after his deposition. Exh 6.

35.     The description of Hurt in his CCRB interview of July 30, 2014, quotes the officers as indicating that Hurt was the tenth person to be searched, and they were looking for concealed weapons.  Exh 9 Excerpt of Hurt deposition, and Exh A.

36.     Defendant Connizzo testified in his deposition that when he is out in his vehicle, he is looking for guns and that he stops vehicles, including livery cabs, but does not create any record of the stop before approaching the vehicle.  He approaches the vehicle, he doesn't run the license plate and doesn't run the driver's license looking for warrants.  He is looking for guns. Exh 4 103:24  - 104:24.

37.     Defendant Connizzo did not follow NYPD protocol regarding Vehicle 1075 and memobook notations on July 1, 2014.  Exh 4 39:6 to 40:21.

38. Plaintiff had no prior arrests or warrants.  Exh 7 Def 219, Follow Up Information: "On July 9, 0214, at approximately 0915 hours, while at Group #54, I reviewed the RTCC pertaining to the [complaining victim James Hurt Jr.].  He has no arrests on file nor anything of note.

39. The NYPD has a specific group that investigates police impersonation, Group 51.  Group 51 investigated for 7 days (July 3, 2014 – July 10, 2014) whether the assailants of Hurt were police impersonators.  Their investigation resulted in a determination that the vehicle used and conduct of the assailants did not "match any current patterns regarding police impersonation." Exh 8 Def 214 & 224.

40. The NYPD confirmed that at the time of the Hurt incident, there were no TLC Police Units assigned in the Bronx.  Exh 10 Excerpt from Investigation File, DEF 213.

Dated:       December 4, 2017
             New York, New York

>                          STECKLOW & THOMPSON
>                          217 Centre Street, 6th Fl.
>                          New York, NY 10013-3624
>                          (212) 566-8000
>
>                          LONDO INDRUSI LLP
>                          Brooklyn, New York
>                          (718) 301 4593
>
>                          Attorneys for Plaintiff
>
>                          By: _____
>                              Wylie M. Stecklow