UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

JAMES HURT JR.,

                                                Plaintiff,

                       -against-

THE CITY OF NEW YORK, a municipal entity, NYPD
SERGEANT MICHAEL CONNIZZO, (Shield 1391, Tax
ID 932485), NEW YORK CITY POLICE OFFICERS
"JOHN DOES" 1-2,

   Defendants.

------------------------------------------------------------------------ x

**DEFENDANTS'
MEMORANDUM OF LAW
IN SUPPORT OF THEIR
PARTIAL MOTION FOR
SUMMARY JUDGMENT**

15-CV-7612 (PKC)

## Preliminary Statement

      Plaintiff James Hurt, Jr. bring this action under 42 U.S.C. § 1983 alleging violations of his civil rights and various state law claims in connection with a July 2, 2014 incident in which the livery car that plaintiff was riding in was allegedly stopped by NYPD officers. Plaintiff alleges that, as a part of this car stop, he was frisked, his belongings were searched, and he was subject to excessive force. However, there is no record of this incident that was uncovered by the Internal Affairs Bureau, the Civilian Complaint Review Board, and the production of thousands of pages of documents in the present litigation. Plaintiff's opposition devotes a great deal of space to debating as to the strength of plaintiff's identification of Sergeant Connizzo as one of the officers involved in this case. However, whether or not plaintiff was extremely sure of his identification or whether he selected Sergeant Connizzo's photo from a single photo or an array is not relevant to whether or not the record demonstrates that Sergeant Connizzo was working at the time of the incident. It is clear from the documentary record that Sergeant Connizzo was not working at the

1

time of the incident, and thus, was not one of the officers who were involved in the incident.

## Argument

Officer Siciliano and Sergeant Connizzo received notifications to appear in Bronx Criminal Court on July 2, 2014 at the beginning of their tours on July 1, 2014 at approximately 7:30 p.m. *Id.* at ¶ 17. In accordance with NYPD guidelines, receipt of this notification at the beginning of their tour entitled them to leave at 12:00 a.m. In general, if an officer who works on the fourth platoon, and the officer receives a court notification more than a day in advance, that officer's tour will be adjusted to start earlier to enable the officer to work a full tour and leave at 12:00 a.m. *Id.* at ¶ 19, (Wilson Decl. Exh. G). If, however, the officer only receives the notification at the beginning of that officer's tour, the officer is entitled to leave at 12:00 a.m. unless the officer is conducting ongoing police business. *Id.* If the officer stays beyond midnight, he or she will not receive overtime pay unless the officer works beyond his or her regular end time. *Id.* Officer Siciliano and Sergeant Connizzo left their command at approximately 12:00 a.m. on July 2, 2014, and were not working when this incident occurred around 2:00 a.m. on July 2, 2014. Defts. 56.1 at ¶¶ 21-23. The CCRB concluded their investigation with the finding "officers unidentified" for this reason. *Id.* at ¶ 30.

A motion for summary judgment requires the party with the burden of proof at trial to "make a showing sufficient to establish the existence of [each] element to that party's case, … since a complete failure of proof concerning an essential element of … [the] case necessarily renders all other facts immaterial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is 'no genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Applying these rules, the Second Circuit has stated:

> [T]he moving party may obtain summary judgment by showing

> that little or no evidence may be found in support of the
> nonmoving party's case. When no rational jury could find in favor
> of the nonmoving party because the evidence to support its case is
> so slight, there is no genuine issue of material fact and a grant of
> summary judgment is proper.

*Gallo v. Prudential Residential Servs., Ltd. Partnership*, 22 F.3d 1219, 1223-24 (2d Cir. 1994) (citations omitted). "The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of <u>material</u> fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1996) (emphasis added).

Courts in this circuit have found that summary judgment is appropriate where defendant officers provided records indicating they were not working at the time of an incident. *See, e.g.*, *Atkins v. County of Orange*, 372 F. Supp. 2d 377, 399 (S.D.N.Y. 2005) (dismissing claims against officers who provided records and testimony that they were not working at the time of an alleged incident); *Sanders v. Rockland Cty. Corr. Facility*, 1995 U.S. Dist. LEXIS 11558 at **6-8 (S.D.N.Y. Aug. 9, 1995) (finding that officers who provided records that they were not working at the time of an incident were entitled to summary judgment).

Plaintiff cannot fairly dispute the record that indicates that Sergeant Connizzo left work at midnight, two hours prior to the time of this incident. First, Sergeant Connizzo's memobook reflects that he left the precinct at 12:00 a.m. Second, Sergeant Connizzo and Officer Siciliano both received the same notification to appear at Bronx Criminal Court in Part AP3 at 9:00 a.m. related to the case 2014BX026625. There is no dispute that Officer Siciliano left at approximately 12:00 a.m. on July 2, 2014, and as a result he was not named in this lawsuit. Sergeant Connizzo received the same court notification, partnered with Officer Siciliano that night, and his memobook reflects that he left the precinct at approximately midnight. As is clear from the fact that Officer Siciliano left at midnight, they were not in the process of performing a

police function as of the time that Officer Siciliano left the precinct. There is simply no credible evidence that Sergeant Connizzo was working at the time of the incident.

No other documentary evidence has been produced to contradict the fact that Sergeant Connizzo left at midnight. Defendants have done searches for license plate reader data regarding either Sergeant Connizzo's duty or personal vehicle on July 1, 2014 and July 2, 2014. As outlined in the July 12, 2017 Affidavit of Michael Joy, no license plate reader data for either vehicle for either date was found. (Wilson Decl. Exh. J). Defendants have also provided plaintiff with the July 13, 2017 Affidavit of Pierre Barbee, who certified that the vehicle that Sergeant Connizzo and Officer Siciliano used on the date of the incident did not have a mobile digital terminal on that date. (Wilson Decl. Exh. K). Defendants further have provided plaintiff with the February 3, 2017 Declaration of Desmond Power which affirms that the same duty vehicle was also not equipped with GPS equipment at the time. (Wilson Decl. Exh. L). Finally, defendants produced a redacted copy of Sergeant Connizzo's phone records from July 1, 2014 to July 2, 2014. These records indicate that the last call he received on the night of July 1, 2014 occurred at approximately 12:20 a.m., and he did not make or receive any more calls until approximately 9:30 the following morning. (Wilson Decl. Exh. M).

Plaintiff's opposition argues that the fact that Sergeant Connizzo did not sign out on the Roll Call sheet is evidence that Sergeant Connizzo was still working after midnight, when the incident occurred. However, that ignores all of the evidence that Sergeant Connizzo received a short notification, which cannot be disputed, given the documentary evidence that has been produced in this matter, as well as the testimony of his partner, Officer Siciliano. Defendants' summary judgment motion should thus be granted with respect to the lack of Sergeant Connizzo's personal involvement.

Plaintiff further contends that summary judgment should be granted in connection with

his state law claims, based on one line in defendants' 56.1 statement, in which the individuals involved in this incident were described as "officers." As is clear from defendants' moving papers, there is no evidence that Sergeant Connizzo or any other NYPD officer was involved in the alleged incident. Plaintiff must prove by a preponderance of the evidence that the individuals who were involved in this incident were employees of the City of New York for summary judgment to be appropriate in this situation. As there is a dispute of fact as to whether or not the individuals involved in this incident were NYPD officers, plaintiff's cross-motion for summary judgment should be denied.

## **Conclusion**

For the foregoing reasons, defendants' motion for summary judgment should be granted and claims against Sergeant Connizzo should be dismissed, and the Court should decline to exercise supplemental jurisdiction over the remaining state law claims.

Dated:	New York, New York
	January 2, 2017

		Respectfully submitted,

		ZACHARY W. CARTER
		Corporation Counsel of the City of New York
		*Attorney for Defendants*
		100 Church Street
		New York, New York 10007
		(212) 356-2572


	By:	           /s/
		Angharad K. Wilson, Esq.