UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ X

JAMES HURT, JR.

                               Plaintiff,

          -against-

THE CITY OF NEW YORK, et al.,

                            Defendants.

------------------------------------------------------------------------ X

**DEFENDANTS' RESPONSE TO PLAINTIFF'S COUNTERSTATEMENT OF FACTS**

15-cv-7612 (PKC)

Defendants respond to plaintiffs' statement of additional material facts, for purposes of their motion for summary judgment and no other purpose, as follows:

      31.      A notice of claim was served upon the City of New York on September 12, 2014.  (Ex. 11 to Stecklow Decl.).

<u>Admit</u> that a document purporting to be a notice of claim was served on the City of New York on or about September 12, 2014.

      32.      More than 30 days passed after the service of the notice of claim, and adjustment or payment thereof was neglected or refused.  (*See* Answer, Ex. 14 to Stecklow Decl.).

<u>Admit.</u>

33.      This action was commenced within one year and ninety days of the incident.  (See Complaint, Ex. 13 to Stecklow Decl).

<u>Admit.</u>

      34.      James Hurt complied with the City of New York's demand that he appear for

1

deposition in a so-called 50-h hearing.  (See 50-H hearing transcript excerpt; Ex. 17 to Stecklow Decl).

<u>Admit</u> that James Hurt appeared for a 50-h hearing.

    35.    The Complaint in this action was filed on September 25, 2015.  (See Complaint, Ex. 13 to Stecklow Decl).

<u>Admit.</u>

    36.    The incident between the police officers and Mr. Hurt ended some time before the last phone call James Hurt made on his own cell phone on the night of the incident.   (Exh. 12 to Stecklow Decl.; Hurt Dep. 106:22 – 108:1).

<u>Admit.</u>

    37.    The last phone conversation Mr. Hurt had on the night of the incident was at 2:09 AM.  (Ex. 1 to Stecklow Decl.).

<u>Admit.</u>

    38.    Connizzo's physical appearance closely corresponds with Hurt's description:

> (a)    The description of Hurt in his CCRB interview of July 30, 2014, aptly describes Defendant Connizzo, "A white male, 6'0" tall, over 200 pounds, husky build, salt and pepper beard, wearing a gold badge on a chain around his neck."  (Exh A to Defendant Motion for Summary Judgment).
>
> (b)    Defendant Connizzo is approximately 6'4" tall, and had a gold badge on the date of incident.  (Exh 4 to Defendant Motion for Summary Judgment, Connizzo Dep. 24:10-15; 98:8-10).
>
> (c)    Defendant Connizzo denied having a salt and pepper beard in July 2014.  (Exh 4 to Defendant Motion for Summary Judgment, Connizzo Dep. 99:17 – 100:19).
>
> (d)    Various photographs of Defendant Connizzo previously

2

>available on Facebook page show him carrying a salt and pepper beard. However, not all of these images remained on Facebook after his deposition. (Exh 6. Top Stecklow Decl.).

<u>Deny</u> the characterization of the evidence and respectfully refer the Court to the exhibit cited.

39.     The modus operandi of the officers who stopped Hurt's taxi was very similar to Connizzo's policing methods:

> (a)     According to the CCRB Interview Details dated July 30, 2014, Hurt testified that the officers who stopped the taxi said that Hurt was the tenth person to be searched, and that they were looking for concealed weapons. (Exh 9 to Stecklow Decl., Excerpt of Hurt deposition; and Exh A to Defendant Motion for Summary Judgment).).
>
> (b)     Defendant Connizzo testified in his deposition that he "likes to make gun arrests," and when he is out in his vehicle, he is looking for guns and that he stops vehicles, including livery cabs, but does not create any record of the stop before approaching the vehicle. He approaches
> the vehicle, he doesn't run the license plate and doesn't run the driver's license looking for warrants. He is looking for guns. Exh 4 20:14-17,

<u>Deny</u> the characterization of the testimony and respectfully refer the Court to the exhibit cited.

40.     Defendant Connizzo did not follow NYPD protocol regarding Vehicle 1075 and memo book notations on July 1, 2014. (Exh 4 to Stecklow Decl., 39:6 to 40:21).

<u>Deny</u> the characterization of the testimony, and respectfully refer the Court to the exhibit for an accurate statement therein.

41. Plaintiff had no prior arrests or warrants. (Exh 7 to Stecklow Decl., Def 219, Follow Up Information: "On July 9, 0214, at approximately 0915 hours, while at Group #54, I reviewed the RTCC pertaining to the [complaining victim James Hurt Jr.]. He has no arrests on file nor anything of note.

<u>Admit.</u>

42. The NYPD has a specific group that investigates police impersonation, Group 51. Group 51 investigated for 7 days (July 3, 2014 – July 10, 2014) whether the assailants of Hurt were police impersonators. Their investigation resulted in a determination that the vehicle used and conduct of the assailants did not "match any current patterns regarding police impersonation." (Exh 8 to Stecklow Decl., Def 214 & 224).

<u>Admit</u> that the quoted text is accurate.

Dated:    New York, New York
          January 2, 2018

           Respectfully submitted,

           ZACHARY W. CARTER
           Corporation Counsel of the City of New York
           *Attorney for Defendant City of New York*
           100 Church Street
           New York, New York 10007
           (212) 356-2572

           By:  /s/
           Angharad K. Wilson Esq.
           Assistant Corporation Counsel