UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
JAMES HURT JR.,

                               Plaintiffs,           **JOINT PRE-TRIAL ORDER**

   -against-

                                                      ECF Case

                                                      15- CV-7612 (PKC)

THE CITY OF NEW YORK, a municipal entity,
NYPD SERGEANT MICHAEL CONNIZO
(Shield 1391, Tax ID 932485), and NYPD
POLICE OFFICER JOHN DOE.

                               Defendants.
------------------------------------------------------------------------X

   I.  **Caption:**

      The full caption of the action appears above.

   II.  **Parties and Counsel:**

| **Plaintiff's Counsel** | **Defendant's Counsel** |
|---|---|
| Cary London Law PLLC | New York City Law Department |
| Cary London, Esq. | Angharad Wilson, Esq. |
| 30 Broad Street, Suite 702 | 100 Church Street |
| New York, NY 10004 | New York, NY 10007 |
| Phone: (212) 203 1090 | Phone: (212) 356 - 2572 |
| Email: CLondon@CaryLondonLaw.com | Fax: (212) 356-3509 |
| | Email: awilson@law.nyc.gov |

Wylie Stecklow PLLC
Wylie Stecklow, Esq.
217 Centre Street, 6th Floor
New York, NY 10013
Phone: (212) 566 8000
Email: Wylie@wylielaw.com

   III.  **Jurisdiction:**

      The Court has original subject matter jurisdiction over plaintiff's federal claims pursuant to 28 U.S.C. § 1983 and 28 U.S.C. §§ 1331 and 1343(a) (3) and (4).

      The Court has supplemental jurisdiction over plaintiff's state law claims pursuant to

1

28 U.S.C. § 1367(a).

Defendants do not dispute the Court's jurisdiction over the dispute.

IV. **Brief Statement of Claims and Defenses:**

*Claims To Be Tried:*
- -- Unlawful violation of 4th Amendment rights 1 (seizure/search), against Defendant Connizzo (Unlawful Stop & Search).
- -- Unlawful violation of 4th Amendment rights 2 (seizure), against Defendant Connizzo (Unlawful Detention).
- Unlawful violation of 4th Amendment rights 3 (excessive force), against Defendant Connizzo
- -- Unlawful Stop & Search, New York State law, against Defendants Connizzo, John Doe Officers and City of New York (latter pursuant to *respondeat superior*)
- -- Unlawful detention or arrest, New York State law, against Defendants Connizzo, John Doe Officers and City of New York (latter pursuant to *respondeat superior*)
- -- Battery, New York State law, against Defendants Connizzo, John Doe Officers and City of New York (latter pursuant to *respondeat superior*)
- -- Assault, New York State law, against Defendants Connizzo, John Doe Officers and City of New York (latter pursuant to *respondeat superior*)
- -- Negligence, New York State law, against Defendants Connizzo, John Doe Officers and City of New York (latter pursuant to *respondeat superior*)
-

*Defenses:*
1. Plaintiff has failed to prove personal involvement by defendant Connizzo.

2. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and was not the proximate result of any act of defendants.

3. Plaintiff provoked any incident.

4. There was reasonable suspicion, probable cause, and/or exigent circumstances for any alleged stop or search.

5. There was probable cause for plaintiff's arrest and/or detention.

6. Defendant City has not violated any rights, privileges, or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

7. At all times relevant to the acts alleged in the complaint, the duties and functions of the municipal defendant's officials entailed the reasonable

        exercise of proper and lawful discretion. Therefore, defendant City is entitled to governmental immunity from liability.

8. Punitive damages cannot be assessed against defendant City of New York.

9. Plaintiff has failed to mitigate his alleged damages.

10. Defendant Connizzo has not violated any clearly established constitutional or statutory right of which a reasonable person would have known and, therefore, is protected by qualified immunity.

11. Plaintiff failed to comply with New York General Municipal Law §§ 50(e), *et seq*.

12. Plaintiff has failed to state claims for which relief can be granted to the extent that he alleges claims for both intentional and negligent conduct based on the same underlying alleged acts.

V. **Jury or Bench Trial:**

The parties stipulate to a trial by jury and respectfully request three (3) trial days to present the case.

VI. **Consent to Trial by a Magistrate Judge:**

The parties do not consent to trial of the case by a magistrate judge.

VII. **Stipulations:**

1. **A document purported to be the plaintiff's notice of claim was filed with the City of New York on Sept. 12, 2014.**

2. **A 50-h hearing was held on or about March 23, 2015.**

3. **The plaintiff commenced the action on September 25, 2015 by filing a summons and complaint in this Court.**

VIII. **Witnesses:**

*Plaintiff's Witnesses*[1]

---

[1] In addition to the witnesses listed, Plaintiff reserves the right to call any of the witnesses listed by Defendant. Plaintiff further reserves the right to call additional witnesses for purposes of rebuttal and/or impeachment.

1. **Plaintiff James Hurt**

   Plaintiff: Will testify as to the circumstances of his detention, injuries and the resultant damages.

2. **Witness James Hurt Sr.**

   Plaintiff: Will testify as to the circumstances of plaintiff's detention and the resultant damages.

3. **Witness Jacqueline Marquez**

   Plaintiff: Will testify as to the circumstances of plaintiff's detention and the resultant damages.

4. **Witness LT Naeemah Greene**

   Plaintiff: Will testify as to the circumstances of plaintiff's detention and the resultant damages.

5. **Expert Witness Dr. Ronald Paynter M.D.**

   Plaintiff: Expert Witness will testify as to the physical injuries stemming from the excessive force used during plaintiff's detention.

6. **Defendant Michael Connizzo**

Plaintiff: Will testify as to the circumstances of plaintiffs' detainmen

7. **Witness Frank Siciliano**

   Plaintiff: Will testify as to the circumstances of plaintiffs' detainment, and/or his tour on the night of incident.

8. **911 Radio Technician/Custodian of Records**

   Plaintiff: Will testify to lay the foundation to enter 911 and SPRINT records into evidence.

9. **T-Mobile Custodian of Records**

4

Plaintiff: Will testify to lay the foundation to enter Plaintiff's T-Mobile Phone Records into evidence.

**10. Custodian of Records from St. Johns Hospital:**

Plaintiff: Will testify to lay the foundation to enter the medical records.

**11. Custodian of Records from Montefiore Hospital**

Plaintiff: Will testify to lay the foundation to enter the medical records.

**12. Custodian of Records from Island Musculosketetal**

Plaintiff: Will testify to lay the foundation to enter the medical records.

**13. Witness Clive Caplan**

Plaintiff: will lay the foundation for D586.

**14. Witness Lt. Paynter**
Plaintiff: Will testify concerning then-current patterns of police impersonation, and the conclusion he and Group 51 reached, that the circumstances described by the Plaintiff did not match those patterns.

*Defendants' Witnesses[2]*

1. **Sgt. Michael Connizzo**

   Defendants: Will testify as to his activities on July 2, 2014.

2. **PO Frank Siciliano**

   Defendants: Will testify as to his activities on July 2, 2014.

3. **Michael Barbee**

   Defendants: Will testify as to the installation of Mobile Digital Terminals in NYPD

---

[2] In addition to the witnesses listed, Defendants reserve the right to call any of the witnesses listed by Plaintiff. Defendants further reserve the right to call additional witnesses for purposes of rebuttal and/or impeachment.

   vehicles.

4. **Desmond Power**

   Defendants: Will testify as to the installation of Automatic Vehicle Locators in NYPD vehicles.

5. **Michael Joy**

   Defendants: Will testify as to electronic records related to license plate readers.

IX. **Deposition Testimony:**

Plaintiff: Designates the following from the deposition of Defendant Connizzo: FRE801(d)(2): 30:12-31:23; 39:10-40:21; 78:3-82:2.

> Plaintiff is not designating any other prior deposition testimony for his case-in-chief, but respectfully reserves the right to utilize deposition testimony in any manner authorized by the Federal Rules of Evidence and the Federal Rules of Civil Procedure should it become necessary including, but not limited to, for impeachment.

Defendants are not designating any prior deposition testimony for his case-in-chief but respectfully reserves the right to utilize deposition testimony in any manner authorized by the Federal Rules of Civil Procedure should it become necessary including, but not limited to, for impeachment. Additionally, defendants objectto plaintiff's use of deposition testimony of any witness unless plaintiff has made a showing that the witness is unavailable as defined by Rule 804 of the Federal Rules of Evidence.

X. **Exhibits:**

*Plaintiff's Exhibits[3]*

| No. | Description | Bates | Stipulated? | Basis for Objection |
|---|---|---|---|---|
| 1 | St. Johns Riverside Medical Records | PL 1-41 | NO | Relevance (402); Hearsay (802); Authenticity (901) |
| 2 | Photos of Arm Scar | PL 110-111 | NO | Relevance (402); Confusion, Misleading and Prejudice (403); Authenticity (901) |

---

[3] In addition to plaintiff's listed exhibits, plaintiff reserves the right to use any of the exhibits listed by defendant.

| 3 | Montefiore Medical Records | Pl 209-226 | NO | Relevance (402); Hearsay (802); Authenticity (901) |
|---|---|---|---|---|
| 4 | Photos in hospital | PL 285-294 | NO | Relevance (402); Confusion and Prejudice (403); Authenticity (901) |
| 5 | Additional Montefiore Medical Records | PL 329-387 | NO | Relevance (402); Hearsay (802); Authenticity (901) |
| 6 | Island Musculoskeletal Care Records | PL 295-328 | NO | Relevance (402); Hearsay (802); Authenticity (901) |
| 7 | St. Johns Riverside Hospital After Care Plan | PL 389-413 | NO | Relevance (402); Hearsay (802); Authenticity (901) |
| 8 | T-Mobile Subpoena Records | PL 414-418 | NO | Relevance (402); Confusion and Prejudice (403); Authenticity (901) |
| 9 | Photo of Plaintiff at CCRB | D57 | NO | * Relevance (402); Confusion and Prejudice (403) |
| 10 | Sgt Connizzo Memobook | D60-61 | YES | ** |
| 11 | Dr. Ronald Paytner Expert Report | PL 564-567 | NO | * Relevance (402); Hearsay (802); Confusion and Prejudice (403) |
| 12 | Bronx Anti-Crime Roll Call both sides | D unsure of bates number | YES | ** |
| 13 | Google Map Printout | Exhibit H from Connizzo Deposition | NO | Relevance (402); Confusion and Prejudice (403) |
| 14 | CCRB Interview Intake Form | D306 | NO | * Relevance (402); Confusion (403); Hearsay (802) |
| 15 | Facebook Profile Picture Connizzo | PL 546, 555-556 | NO | Relevance (402); Confusion and Prejudice (403) |
| 16 | LPR for Frank Siciliano | D1352-1353 | NO | * Relevance (402); Confusion and Prejudice (403) |
| 17 | Dr. Ronald Paytner CV | PL 557-563 | NO | * Hearsay (802); Relevance (402) |
| 18 | Sprint 911 Printout | D 74-79 | NO | * Hearsay (802); Relevance (402); Confusion, Cumulative, and Prejudice (403) |
| 19 | Operations Order: TRIP | D 438-442 | NO | * Hearsay (802); Relevance (402); Confusion, Misleading and Prejudice (403) |
| 20 | Photos of TPO | P 518-544 | NO | Relevance (402); Confusion, Misleading, and Prejudice (403); Authenticity (901) |

7

| 21 | Photos of location of stop | Pl – 0518 - 527 | NO | Relevance (402); Confusion, Misleading, and Prejudice (403); Authenticity (901) |
|---|---|---|---|---|
| 22 | Plaintiff's medical bills | Pl -000196 - 208 - | NO | Hearsay (802); Relevance (402); Confusion and Prejudice (403); Authenticity (901) |
| 23 | Shelter Point Lien | Pl- 000388 | NO | Hearsay (802); Relevance (402); Confusion and Prejudice (403); Authenticity (901) |
| 24 | Disability benefits payment stubs | Pl 000227 – 235 | NO | Hearsay (802); Relevance (402); Confusion and Prejudice (403); Authenticity (901) |
| 25 | Defendants' 56.1 statement | N/A | NO | * Not Evidence; Hearsay (802); Relevance (402); Confusion and Prejudice (403) |
| 26 | Notice of Claim | PL 0100 - 0101 | NO | * Not Evidence; Hearsay (802); Relevance (402); Confusion and Prejudice (403) |
| 27 | Complaint | Docket 001 | NO | * Not Evidence; Hearsay (802); Relevance (402);Confusion and Prejudice (403) |
| 28 | Answer | Docket 010 | NO | * Not Evidence; Hearsay (802); Relevance (402); Confusion and Prejudice (403) |
| 29 | Amended Complaint | Docket 049 | NO | * Not Evidence; Hearsay (802); Relevance (402); Confusion and Prejudice (403) |
| 30 | Answer to Amended Pleading | Docket 056 | NO | * Not Evidence; Hearsay (802); Relevance (402); Confusion and Prejudice (403) |
| 31 | 50-h Hearing transcript | PL 045-095 | NO | * Not Evidence; Hearsay (802); Relevance (402); Confusion and Prejudice (403) |
| 32 | Patrol Guide Sections PG 202-13, PG 202-154; PG 202-17; PG 206-03; PG 211-01 PG 211-04; 219-31, 219-25 | | NO | * Incomplete Document (106); Relevance (402); Confusion and Prejudice (403); Hearsay (802) |
| 33 | IAB Worksheet Activity Date & Time: 7/10/2014 17:50. | D 0224, 0586 | NO | * Incomplete Document (106); Relevance (402); Confusion and Prejudice (403); Hearsay (802) |
| 34 | EZ Pass Records of Defendant | PL 507-517 | NO | Relevance (402); Confusion and Prejudice (403); Hearsay (802); |

|    | Connizzo |    |    | Authenticity |
|----|----------|----|----|--------------|
| 35 | CCRB / IAB Investigative File Pages | D 213, 214, 219, 224, 233 | NO | Incomplete Document (106); Relevance (402); Confusion and Prejudice (403); Hearsay (802) |
| 36 | Demonstrative Video | HURT VIDEO 1 | NO | Not Evidence; Relevance (402); Confusion, Misleading, and Prejudice (403); Hearsay (802) |
| 37 | PO Siciliano CCRB Intake Form | D 130 | NO | * Incomplete Document (106); Relevance (402); Confusion and Prejudice (403); Hearsay (802) |
| 38 | PO Siciliano Memo Book | D 64 | NO | * Incomplete Document (106); Relevance (402); Confusion and Prejudice (403); Hearsay (802) |
| 39 | CCRB Report | D0244 | NO | * Incomplete Document (106); Relevance (402); Confusion and Prejudice (403); Hearsay (802) |
| 40 | Roll Call Logs | D523-526, (NEED BACK PAGE OF LOGS) | NO | * Incomplete Document (106); Relevance (402); Confusion and Prejudice (403); Hearsay (802) |
| 41 | CCRB Report | D0284 | NO | * Incomplete Document (106); Relevance (402); Confusion and Prejudice (403); Hearsay (802) |
| 42 | CCRB Report | D69-73 | NO | * Incomplete Document (106); Relevance (402); Confusion and Prejudice (403); Hearsay (802) |

*Defendants' Exhibits*,[4,5]

| No. | Description | Bates | Stipulated? | Basis for Objection |
|-----|-------------|-------|-------------|---------------------|
| A | Bronx Anti-Crime Roll Call for July 1, 2014 | DEF 1326-1327 | Yes | |
| B | Bronx Court | DEF 1346- | | Incomplete Document (106); |

---

[4] In addition to plaintiff's listed exhibits, plaintiff reserves the right to use any of the exhibits listed by defendant.

[5] In addition to defendants' listed exhibits, defendants reserve the right to amend this exhibit list, including with materials that may be used only for impeachment purposes.

9

|   | Electronic Sign-in Record | 1348 |  | Relevance (402); Confusion and Prejudice (403); Hearsay (802); Authenticity (901/902). |
|---|---|---|---|---|
| C | NYPD Patrol Guide Section 211-05 | DEF 1328-1335 |  | Incomplete Document (106); Relevance (402); Confusion and Prejudice (403). |
| D | Sgt. Connizzo's Memobook Entries for July 2, 2014 | DEF 0060-61 | Yes |  |
| E | Redacted Cellular Records for Sgt. Connizzo | DEF 1340 - 1341 |  | Relevance (402); Confusion and Prejudice (403); Authenticity (901/902); |

XI. **Motions in Limine:**

1. Motion *in limine* to exclude from evidence:
    a. The Affidavit of Pierre Barbee.
    b. The Affidavit of Michael Joy.
    c. The Declaration of Desmond Power**.**
    d. The CCRB Investigative Recommendations.
    e. NYPD Patrol Guide Section 211-05.
    f. Bronx Court Electronic Sign-in Record
    g. Testimony or other evidence concerning Sgt. Connizzo's allegation that he received a short date (last-minute) notification of a July 2, 2014 court appearance, or his alleged appearance in court on that date..
    h. Testimony or other evidence concerning any P.O. Siciliano received concerning a July 2, 2014 court appearance, or his alleged appearance in court on that date..
    i. Any testimony or evidence denying or tending to show that the incident did not take place or that members of the NYPD did not stop the vehicle that Plaintiff was traveling in, pull him from the vehicle, punch him, chase him with their car or strike him with their car.
    j. Defendant Connizzo cannot deny participation in the incident and also claim Qualified Immunity for the incident.

2. Defendants' motions *in limine* to exclude from evidence:
    a. Any reference to counsel for defendants as "City Attorneys."
    b. Sections of the NYPD Patrol Guide relevant to the ultimate legal issues in this case.
    c. Evidence concerning any potential indemnification of individual defendants.
    d. Evidence of prior disciplinary history of the individual defendant or other NYPD employees.
    e. Evidence regarding plaintiff's forearm laceration and injury to his finger.

10

  f. References to Naeemah Green's employment with the NYPD.
  g. Testimony of Lieutenant Paynter.
  h. Photo of Plaintiff at CCRB.
  i. Testimony of James Hurt Sr. regarding plaintiff's alleged detention.
  j. Testimony of Jacqueline Marquez regarding plaintiff's alleged detention.
  k. Testimony of Naeemah Green regarding plaintiff's alleged detention.
  l. Information regarding the TRIP program.
  m. CCRB Intake Form and CCRB and IAB investigative documents.
  n. Plaintiff's Demonstrative Video.
  o. The Notice of Claim, pleadings, and defendants' 56.1. Statement.
  p. Evidence regarding any alleged state law claims against Sergeant Connizzo.
  q. Evidence regarding any alleged negligence claim.

### XII. **Damages Claimed**

1. Compensatory damages for physical injuries, pain and suffering, emotional damages, and violation of plaintiff's Constitutional rights.
2. Punitive damages to deter future Constitutional violations by the Defendant.
3. Reasonable attorney's fees and expenses for the costs of litigation.

Dated:  New York, New York
    November 21, 2018

_____/s_____   _____/s_____
Cary London Law PLLC   ZACHARY W. CARTER
Cary London, Esq.   Corporation Counsel of the
30 Broad Street, Suite 702   City of New York
New York, NY 10004   Angharad Wilson, Esq.
Phone: (212) 203 1090   100 Church Street
Email: CLondon@CaryLondonLaw.com   New York, NY 10007
   Phone: (212) 356-2572
Wylie Stecklow PLLC   Email: awilson@law.nyc.gov
Wylie Stecklow, Esq.
217 Centre Street, 6th Floor
New York, NY 10013
Phone: (212) 566 8000
Email: Wylie@wylielaw.com