UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

JAMES HURT, JR.,

                                                Plaintiffs,

-against-

THE CITY OF NEW YORK, a municipal entity,
NYPD SERGEANT MICHAEL CONNIZZO
(Shield 1391, Tax ID 932485), and NYPD
POLICE OFFICER JOHN DOE.

                                                Defendants.
------------------------------------------------------------------------ x

**JOINT PROPOSED JURY CHARGES**

15-CV-7612 (PKC)

 

 

       The parties respectfully request, pursuant to Rule 51 of the Federal Rules of Civil

Procedure, that the Court give the following instructions to the jury.[1, 2]

---

[1] Where the parties are in agreement as to the jury charges, there is no change in the font. For charges where the parties do not agree, plaintiff's version is in *italics* and defendants' version is **bolded**.

[2] The parties respectfully reserve the right to include additional substantive jury charges, if necessary, at the time of trial based upon the course of the proceedings. Defendant has not included a proposed charge on his qualified immunity defense, because he respectfully submits that the issue of qualified immunity is one for the Court to decide, not the jury. Zellner v. Summerlin, 494 F.3d 344, 368 (2d Cir. 2007); Stephenson v. Doe, 332 F.3d 68, 80-82 (2d Cir. 2003). Defendant respectfully requests the opportunity to submit Special Interrogatories for the jury, so that the jury can resolve any material issues of fact that will allow the Court to decide whether defendant is entitled to the defense of qualified immunity as a matter of law. See id. Should the Court indicate that it intends to charge the jury on qualified immunity, defendant respectfully reserves the right to provide a proposed qualified immunity charge at that time.

## PART I:  GENERAL INSTRUCTIONS [3]

### INSTRUCTION NO. 1

### DUTY OF THE COURT

We are now approaching the most important part of this case, your deliberations. You have heard all of the evidence in the case, as well as the final arguments from both parties. Before you retire to deliberate, it is my duty to instruct you as to the law that will govern your deliberations.  As I told you at the start of this case it is your duty to accept my instructions of law and apply them to the facts as you determine them.

Regardless of any opinion that you may have as to what the law may be or ought to be, it is your sworn duty to follow the law as I give it to you.  Also, if any attorney or other person has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.

Because my instructions cover many points, I have provided each of you with a copy of them not only so that you can follow them as I read them to you now but also so that you can have them with you for reference when you begin your deliberations.  In listening to them now and reviewing them later, you should not single out any particular instruction as alone stating the law, but you should instead consider my instructions as a whole.

### INSTRUCTION NO. 2

### DUTY OF THE JURY

Your duty is to decide the fact issues in the case and arrive, if you can, at a verdict.  You, the members of the jury, are the sole and exclusive judges of the facts.  You pass

---

[3] Defendant respectfully notes that in addition to substantive instruction charges for the jury, he has also submitted general instruction charges, in an abundance of caution, while mindful that the Court likely has its own preliminary and general instructions for use at trial.

upon the weight of the evidence; you determine the credibility of the witnesses; you resolve such conflicts as there may be in the testimony; and you draw whatever reasonable inferences you decide to draw from the facts as you determine them.

In determining the facts you must rely upon your own recollection of the evidence.  None of what was said in the opening statements, in the closing arguments, in objections, or in questions, is evidence.  Nor is anything I may have said evidence.

The evidence before you consists of just three things: the testimony given by witnesses that was received in evidence, the exhibits that were received in evidence, and any stipulations of the parties that were received in evidence.

Testimony consists of the answers that were given by the witnesses to the questions that were permitted either here in court or in the depositions that were read into evidence.  Please remember that questions are never evidence; only answers are evidence. However, at times, during the course of this trial, the lawyers for both sides may have incorporated into their questions statements that they have asked the witness to assume as true. If the witness denied the truth of these statements, and if no other evidence was introduced to prove the assumed fact was true, then you may not consider it to be true simply because it was contained in a lawyer's question.  On the other hand, if the witness acknowledged the truth of the statement, you may, of course, consider the witness's answer as evidence that the statement is in fact true.  Also, you may not consider any answer that I directed you to disregard or what I directed be stricken from the record.  Likewise, you may not consider anything you heard about the contents of any exhibit that was not received in evidence.

It is the duty of each side of a case to object when the other side offers testimony or other evidence that the party believes is not properly admissible.  Counsel and plaintiff also

have the right and duty to ask the court to make rulings of law and to request conferences at the side bar out of the hearing of the jury. All such questions of law must be decided by me. You should not show any prejudice against any party because the party objected to the admissibility of evidence, or asked for a conference out of the hearing of the jury, or asked me for a ruling on the law.

I also ask you to draw no inference from my rulings or from the fact that upon occasion I asked questions of certain witnesses. My rulings were no more than applications of the law and my questions were only intended for clarification or to expedite matters. You are expressly to understand that I have no opinion as to the verdict you should render in this case.

## INSTRUCTION NO. 3

## DUTY OF IMPARTIALITY

You are to perform your duty of finding the facts without bias or prejudice or sympathy as to any party, for all parties are equal under the law. You are to perform your final duty in an attitude of complete fairness and impartially. You are not to be swayed by rhetoric or emotional appeals.

It must be clear to you that if you were to let prejudice or bias or sympathy interfere with your thinking, there would be a risk that you would not arrive at a true and just verdict. So do not be guided by anything except clear thinking and calm analysis of the evidence. Your verdict will be determined by the conclusions you reach, no matter whom the verdict helps or hurts.

## INSTRUCTION NO. 4

## BURDEN OF PROOF; PREPONDERANCE OF THE EVIDENCE

As you know, this is a civil case. In order to prevail in a civil case, a party who is making a claim against another party has what we call the "burden of proof," which is the burden

of establishing each of the essential elements of the claims by a preponderance of the credible evidence.

The "credible evidence" means such testimony, exhibits, or other evidence that you find worthy of belief.  To establish an element of a claim by a preponderance of credible evidence means to prove that that element is more likely true than not true.  It does not mean the greater number of witnesses, or how much time either side employs in the trial.  The phrase refers to the quality of the evidence, its persuasiveness in convincing you of its truth.

In this civil trial, it is the plaintiff's burden to establish every element of his claim by a preponderance of the credible evidence. If the plaintiff fails to prove, by a preponderance of the evidence, any element of his claim, then you must find for defendant on that claim.

So, what does a "preponderance of the evidence" mean?  To establish a fact by a preponderance of the evidence means to prove that the fact is more likely true than not true; a preponderance of the evidence means the greater weight of the evidence.  It refers to the quality and persuasiveness of the evidence, not to the number of witnesses or documents.   In determining whether a claim has been proved by a preponderance of the evidence, you may consider the relevant testimony of all witnesses, regardless of who may have called them, and all the relevant exhibits received in evidence, regardless of who may have produced them.

If you find that the credible evidence on a given issue is in balance or evenly divided between the parties, that it is equally probable that one side is right as it is that the other side is right—or that the evidence produced by the party having the burden of proof is outweighed by evidence against his claim, then you must decide that issue against the party having the burden of proof.  That is because the party bearing this burden must prove more than simple equality of evidence—he or she must prove the element at issue by a preponderance of

the evidence.  On the other hand, the party with this burden of proof need prove no more than a preponderance.  So long as you find that the scales tip, however slightly, in favor of that party -- that what he claims is more likely true than not true -- then the element will have been proved by a preponderance of evidence.

### INSTRUCTION NO. 5

### DIRECT AND CIRCUMSTANTIAL EVIDENCE

In deciding whether a party meets its burden of proof, you may consider both direct evidence and circumstantial evidence.

**Plaintiff's Charge on Direct Evidence:** *Direct evidence is evidence that proves a disputed fact directly.  For example, where a witness testifies to what he or she saw, heard or observed, that is called direct evidence.*

**Defendants' Charge on Direct Evidence: Direct evidence is evidence that proves a disputed fact directly.  It does not require any other evidence.  It does not require you to draw any inferences.  A witness's testimony is direct evidence when the witness testifies to what he/she saw, heard, or felt.  In other words, when a witness testified about what is known from his/her own personal knowledge by virtue of his/her own sense, what he/she saw, touched, or heard – that is direct evidence.  The only question is whether you believe the witness's testimony.  A document or physical object may also be direct evidence when it can prove a material fact by itself, without any other evidence or inference.  You may, of course, have to determine the genuineness of the document or object.**

Circumstantial evidence is evidence that tends to prove a disputed fact by proof of other facts.  To give a simple example, suppose that when you came into the courthouse today the sun was shining and it was a nice day, but that the courtroom blinds were drawn and you

could not look outside.  Then later, as you were sitting here, people began walking in with wet umbrellas and, soon after, others walked in with wet raincoats.

Now, on our assumed facts, you cannot look outside of the courtroom and you cannot see whether or not it is raining.  So you have no direct evidence of that fact.  But, on the combination of the facts about the umbrellas and the raincoats, it would be reasonable for you to conclude that it had begun raining.

That is all there is to circumstantial evidence.  Using your reason and experience, you infer from established facts the existence or the nonexistence of some other act.

The law makes no distinction between direct and circumstantial evidence.  Circumstantial evidence is of no less value than direct evidence and you can consider either or both, and can give them such weight as you conclude is warranted.

## INSTRUCTION NO. 5A

Among the exhibits in evidence, some documents are redacted. "Redacted" means that part of the document was covered. You are to concern yourself only with the part of the item that has been admitted into evidence. You should not consider any possible reason why the other part of it has been covered.

## INSTRUCTION NO. 6

## WITNESS CREDIBILITY

It must be clear to you by now that the parties are asking you to draw very different conclusions about various factual issues in the case.  An important part of that decision will involve making judgments about the testimony of the witnesses you have listened to and observed.  In making these judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence that may help you to decide the truth and the importance of each witness's testimony.

Your decision whether or not to believe a witness may depend on how that witness impressed you. Was the witness candid, frank and forthright; or did the witness seem to be evasive or suspect in some way? How did the way the witness testified on direct examination compare with how the witness testified on cross-examination? Was the witness consistent or contradictory? Did the witness appear to know what he or she was talking about? Did the witness strike you as someone who was trying to report his or her knowledge accurately? These are examples of the kinds of common sense questions you should ask yourselves in deciding whether a witness is or is not truthful.

How much you choose to believe a witness may also be influenced by the witness's bias. Does the witness have a relationship with any of the parties that may affect how he or she testified? Does the witness have some incentive, loyalty or motive that might cause him or her to shade the truth? Does the witness have some bias, prejudice or hostility that may cause the witness -- consciously or not -- to give you something other than a completely accurate account of the facts he or she testified to? The fact that a witness is interested in the outcome of the case does not mean that the witness has not told the truth. It is for you to determine from the witness's demeanor on the stand and such other tests as your experience dictates whether or not the witness's testimony has been influenced, intentionally or unintentionally, by the witness's interest.

You should also consider whether the witness had an opportunity to observe the facts he or she testified about, and whether the witness's recollection of the facts stands up in light of the other evidence in the case. In other words, what you must try to do in deciding credibility is to size up a person just as you would in any important matter where you are trying to decide if a person is truthful, straightforward and accurate in his or her recollection. If you

have determined that a witness has not been truthful and straightforward with regard one part of his testimony, you may choose to disbelieve that witness's testimony in its entirety.

Some of the witnesses are still employed by the City of New York and hence are interested witnesses in the outcome of this case. Their relationship with and employment by the City of New York are matters for you to consider, together with your observation of the witnesses and the testimony you have heard, in determining whether they are biased in favor of the defendants, and what weight you will give to their testimony.

The testimony of a law enforcement officer should be considered by you just as any other evidence in this case, and in evaluating his credibility you should use the same guidelines which you apply to the testimony of any witness. You should not give either greater or lesser credence to the testimony of a witness merely because he is a law enforcement officer.[4]

### INSTRUCTION NO. 6A

### Impeachment by Prior Inconsistent Statements

If you find that a witness made an earlier statement that conflicts with his trial testimony, you may consider that fact in deciding how much of his trial testimony, if any, to believe.  In making this determination, you may consider whether there was, in fact, any inconsistency; whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact, or whether it had to do with a small detail; whether the witness had an explanation for the inconsistency, and whether that explanation appeals to your common sense.  It is your duty, based upon all the evidence and your own good judgment, to decide how much weight to give to the inconsistency.

---

[4] Butler v. City of Camden, City Hall, 352 F.3d 811, 63 Fed. R. Evid. Serv. 232 (3d Cir. 2003); Roberts v. Hollocher, 664 F.2d 200, 9 Fed. R. Evid. Serv. 677 (8th Cir. 1981); Darbin v. Nourse, 664 F.2d 1109, 33 Fed. R. Serv. 2d 154, 72 A.L.R. Fed. 627 (9th Cir. 1981); Bush v. U.S., 375 F.2d 602, 605 (D.C. Cir. 1967).

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or he remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether it was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

## PART II: SUBSTANTIVE LAW

## INSTRUCTION NO. 7

**A.      The Statute, Its Function, and Elements of Claim for Relief**

Plaintiff asserts multiple claims pursuant to 42 U.S.C. § 1983 arising under the Fourth Amendment.

In order to prevail in this case pursuant to 42 U.S.C. § 1983, plaintiff must prove by a preponderance of the evidence that:

(1)     Defendant's conduct deprived plaintiff of a right protected by the Constitution of the United States; and

(2)     Defendant's conduct was a proximate cause of the injuries and damages sustained by plaintiff.

I will explain these elements to you.

**1.      First Element:  Deprivation of Constitutional Right**

First, plaintiff must show that he was intentionally or recklessly deprived of a constitutional right by the defendant.  Specifically, the plaintiff must show, by a preponderance of the credible evidence, that (a) defendant committed the act alleged by plaintiff; (b) the alleged act caused the plaintiff to suffer the loss of a constitutional right; and (c) in performing the act alleged, defendant acted intentionally or recklessly.

### 1.    *Commission of Alleged Acts*

The first thing for you to determine is whether Sergeant Connizzo[5,6] committed the acts as alleged by plaintiff.  If you find that plaintiff has failed to prove by a preponderance of the credible evidence that Sergeant Connizzo committed the acts as alleged by plaintiff, you must find in favor of Sergeant Connizzo.[7]

**<u>Defendants' Charge on Personal Involvement:</u> You must first determine whether SergeantConnizzo committed the acts as alleged by the plaintiff. The law imposes liability only upon a defendant who "subjects, or causes to be subjected" any person to the deprivation of any federal right. Thus, in order for the plaintiff to prevail on his claims, there must be some evidence of personal involvement by Sergeant Connizzo. Under the law, a defendant is considered to have been personally involved in a constitutional violation if the defendant in question directly participated in the alleged wrongful acts. Therefore, you must first make a determination of personal involvement by Sergeant Connizzo for the constitutional violations alleged by the plaintiff. If you find that Sergeant Connizzo was not personally involved in the deprivation of the plaintiff's constitutional rights, then you must find for Sergeant Connizzo on that alleged violation. If, however, you find that Sergeant**

---

[5] Since the Defense has admitted that members of the NYPD committed excessive force on Mr. Hurt, the only question for the jury to decide is whether Plaintiff has proven that Defendant Connizzo was once of the members of the NYPD that committed these acts.

[6] Defendants continue to deny that any member of the NYPD was involved in the alleged incident, to the extent that such an incident even occurred. Moreover, plaintiff's argument on this point was previously rejected by the Court in its decision on plaintiff's summary judgment motion, and is also the subject of plaintiff's pending motion for reconsideration. Defendants, thus, object to this instruction.

[7] Adapted from the instructions given by Hon. Paul A. Engelmayer in <u>Gabriel Diaz v. Lauren Diaz, et al.</u>, 14 CV 4716 (S.D.N.Y. – delivered on February 3, 2016).

**Connizzo was personally involved in the deprivation of the plaintiff's constitutional rights, then you must go on to determine whether the plaintiff has proven the other elements of his claims regarding the deprivation of his constitutional rights against the defendant.**

       **2.**     ***Loss of a Constitutional Right***

If you determine that Sergeant Connizzo committed the act alleged by plaintiff, you must next determine whether that act caused plaintiff to suffer the loss of a constitutional right.

In this case the plaintiff claims that Sergeant Connizzo subjected him to:

First, an unlawful stop of his person, in violation of his Fourth Amendment rights.
Second, an unlawful search of his person, in violation of his Fourth Amendment rights.

*Third, a false arrest in violation of his Fourth Amendment rights.*[8]

Fourth, unreasonable force, in violation of his Fourth Amendment rights.

I will now explain these claims to you in greater detail.

**UNLAWFUL STOP & SEARCH**

***<u>Plaintiff's Charge on Unlawful Stop & Search:</u>*** *Plaintiff claims that he was unlawfully stopped and that he was unlawfully searched. Defendant Connizzo denies that he was involved in the stop and search incident.  In order to stop and search a person, a police officer must have reasonable suspicion that criminal activity may be happening. If you find that Defendant Connizzo did not have reasonable suspicion that Mr. Hurt was engaged in criminal activity, you must find in favor of Mr. Hurt on his unlawful stop and search claim. If you find that Defendant Connizzo was not involved in the incident or had reasonable suspicion to stop and search the plaintiff, then you must find Defendant Connizzo did not violate plaintiff's constitutional rights.*

---

[8] Defendants object to an instruction being given on false arrest in this matter, because plaintiff has not alleged that he was ever taken into police custody, as distinct from his allegations that he was unlawfully stopped.

**Defendants' Charge on Unlawful Stop:** The Fourth Amendment protects each of us against unreasonable searches and seizures by the police.   The Fourth Amendment is violated, however, only if you find that the police officers acted unreasonably.

A police officer has the right to stop a person in a public place when the officer reasonably suspects that the person has committed or is about to commit a felony or misdemeanor crime and ask the person his name, address, and to explain his conduct.[9] The police officer need not actually establish that the individual engaged in criminal activity before stopping the person. "A law enforcement official, given appropriate circumstances, may approach an individual acting in a suspicious manner if the investigative stop is based on facts that generate a 'reasonable suspicion' that the individual is engaged in criminal activity."[10]   For the purpose of determining whether police officers had reasonable suspicion to make an investigatory stop, the actual motivations of the individual officers involved in the stop are irrelevant.[11]   In addition, police officers are not required to ignore the relevant characteristics of a particular location, such as whether it is a high-crime area, in determining whether circumstances are sufficiently suspicious to warrant further investigation.[12]   "The determination of reasonable suspicion must be based on commonsense judgments and inferences about

---

[9] N.Y. Crim. Proc. Law § 140.50(1); Sibron v. New York, 392 U.S. 40,  88S. Ct. 1889 (1968).

[10] United States v. Ramirez-Cifuentes, 682 F.2d 337, 341 (2d Cir. 1982).

[11] Holeman v. City of New London, 425 F.3d 184, 190 (2d Cir. 2005).

[12] Illinois v. Wardlow, 528 U.S. 119, 124-25, (2000).

human behavior."[13]   Additionally, you should consider that an individual's nervous, evasive behavior is a pertinent factor in determining reasonable suspicion.[14]

**Defendants' Charge on Unlawful Search:**

When, upon lawfully stopping a person, a police officer reasonably suspects a danger of physical injury to himself or others, he may search the person for a weapon or any instrument, article, or substance readily capable of causing serious physical injury and of a sort not ordinarily carried in public places by law-abiding persons.  Thus, a search of a person for weapons is constitutional as long as a reasonably prudent person in the police officer's circumstances would believe that his safety or the safety of others is in danger.  Reasonable suspicion does not require that the officer may be absolutely certain that the individual is armed.  You may take into account reasonable inferences drawn by the officer in light of the officer's experience.

***Plaintiff's Charge on False Arrest / Unlawful Detention:*** *FALSE ARREST* [15, 16]

*Plaintiff alleges a claim of unlawful detention against the defendant. Defendant Connizzo denies that he detained the plaintiff. Under the United States Constitution, no person may be detained without probable cause that a crime has been committed and the indiviudal was*

---

[13] <u>United States v. Ramirez-Cifuentes</u>, 682 F.2d 337, 341 (2d Cir. 1982).

[14] <u>Illinois v. Wardlow</u>, 528 U.S. 119, 124, 120 S. Ct. 673 (2000)**.**

[15] Sand, *Modern Federal Jury Instructions,* Instruction 87-74A; <u>Whren v. United States</u>, 517 U.S. 806, 813 (1996) (subjective intentions irrelevant to probable cause analysis); <u>United States v. Cruz</u>, 834 F.2d 47, 51 (2d Cir. 1987) (collective knowledge of officers); <u>Raysor v. Port Auth. of N.Y. & N.J.</u>, 768 F.2d 34, 39-40 (2d Cir. 1985) (burden of proof); <u>Amore v. City of Ithaca</u>, 2008 U.S. Dist. LEXIS 26035 (N.D.N.Y Mar. 28, 2008) (burden of proof);

[16] Defendants object to an instruction being given on false arrest in this matter, because plaintiff has not alleged that he was ever taken into police custody, as distinct from his allegations that he was unlawfully stopped. If however, this Court chooses to charge the jury on plaintiff's false arrest claims, defendants respectfully reserve the right to supplement the jury charges thereon.

involved, or that the police officer has a reasonable suspicion that the individual has been, or is about to engage in criminal activity. . This means that the police officer who detains an individual must have information at the time of the detention that would lead a reasonable person who possesses the same official expertise as the officer to conclude that the person being detained has committed or is committing a crime. Because the existence of probable cause is analyzed from the perspective of a reasonable person standing in the officer's shoes, the actual subjective beliefs of the officer is irrelevant to the determination of probable cause. Furthermore, the mere possibility that the person has committed a crime is not enough. A hunch, guess, conjecture, or surmise of an officer is not enough, and there must be enough actual evidence to reasonably lead to the conclusion that the suspect has actually committed a crime or is committing a crime.

An detention conducted without a warrant is presumptively unlawful. Therefore, it is the defendants' burden to show by a preponderance of the evidence that he had probable cause to believe that plaintiff had committed or was about to commit a crime at the time that they detained him.

If you find that the defendant has failed to show by a preponderance of the evidence that he had probable cause or a reasonable suspicion to detain plaintiff, you must find in plaintiff's favor and award him any damages that were proximately caused by one or more of the defendants' unlawful detention. If you find Defendant Connizzo was not involved in the incident or that defendant Connizzo had probable cause or a reasonable suspicion to detain the plaintiff, then you must find in favor of Defendant Connizzo on this claim.

**_Plaintiff's Charge on Excessive Force:_ EXCESSIVE FORCE**

Plaintiff alleges that excessive force was used by defendant Connizzo in connection with his arrest. Defendant disputes plaintiff's version of events, and contends that he was not involved in the incident. If you find that Defendant Connizzo was involved in the incident, you must determine whether the officer used excessive force to arrest the plaintiff – that is, whether the defendant's use of force was unreasonable under the circumstances. [17]

A person, even if he is being lawfully arrested, has a constitutional right to be free of excessive force. You must determine: (1) whether there was any force used against the plaintiff; (2) if there was force used against the plaintiff, whether the force was used by Defendant Connizzo; and (3) if Defendant Connizzo used force against the plaintiff, whether the force was unreasonable under the circumstances. Force is unreasonable if the officer exceeded that degree of force which a reasonable and prudent law enforcement officer would have applied under the same circumstances.[18] In determining whether the constitutional line has been crossed, you must analyze the totality of the circumstances.[19] In analyzing the circumstances, you may consider: The extent of the injury suffered, the need for the application of force; the relationship between the need and the amount of force used; the threat reasonably perceived by the responsible officials; and any efforts made to temper the severity of a forceful response.[20]

The use of force by police officers is not reasonable under the Constitution if there is no need for force. It is unreasonable and a violation of the Fourth Amendment for a police officer to use physical force on a person who has already been arrested and restrained, who is securely

---

[17] Graham v. Connor, 490 U.S. 386, 396 (1989)

[18] Adapted from the instructions given by Hon. Judge Donald E. Walter in Rocky Williams v. City of New York, et al., 01 Civ. 4146 (E.D.N.Y.).

[19] Plumhoff v. Rickard, 134 S. Ct. 2012, 2020 (2014) (citing Graham, 490 U.S. at 396).

[20] Graham v. Connor, 490 U.S. 386, 396 (1989)

under the control of the police, and who is not attempting to escape. [21] *Additionally, although the severity of plaintiff's alleged injuries is not determinative, it is relevant to the consideration of whether there was force used and, if so, whether the alleged force was reasonable.*

*It is your decision of what force a reasonable officer would have used which controls, not the state of mind of the defendant himself. Evil intentions on the part of the officer will not establish a constitutional violation if the forced used was objectively reasonable. At the same time, if the force used was unreasonable, you must hold the officer liable for a constitutional violation, even if you believe he had good intentions.* [22]

*Even if you find that there was some forcible contact between the plaintiff and Defendant Connizzo, that mere fact would not be sufficient by itself to demonstrate that the defendant violated the plaintiff's constitutional rights.* [23] *In restraining an individual or taking an individual into custody, a police officer is not constitutionally-required to be courteous. Rather, an officer is entitled to use such force as a reasonable person would think is required to take one arrested into custody, and this may include such physical force as is reasonably necessary to subdue a person who is struggling with an officer. However, an officer is never allowed to use any force beyond that which is reasonably necessary to accomplish his lawful purpose.* [24]

---

[21] Cox v. Treadway, 75 F.3d 230, 234, 43 Fed. R. Evid. Serv. 958, 34 Fed. R. Serv. 3d 243, 1996 FED App. 0028P (6th Cir. 1996).

[22] Graham v. Connor, 490 U.S. 386, 109 S. Ct. 1865, 104 L. Ed. 2d 443 (1989).

[23] See Graham v. Connor, 490 U.S. 386, 396 (1989); Saucier v. Katz, 533 U.S. 194, 208 (2001); see also instructions given by Hon. Judge Robert P. Patterson in Butler v. Kibel, et al., 10 CV 7974 (S.D.N.Y. – delivered on February 17, 2012).

[24] Graham v. Connor, 490 U.S. 386, 396 (1989).

The "reasonableness" of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight.[25] You must allow for the fact that police officers are forced to work in circumstances that are tense, uncertain and rapidly evolving.[26]   The question is only whether the officer's actions are objectively reasonable in light of all the facts and circumstances confronting him.  In this regard, you are not to decide if the least amount of force was used but rather you are only to decide if the force that was used, if any, was reasonable.[27]

As mentioned earlier, you are not to consider the officer's underlying intent or motivation.[28]   I also instruct you that negligence does not violate the Fourth Amendment. Therefore, you should not consider whether or not the police officer may have negligently or carelessly created an otherwise objectively reasonable need to use force.[29]

Therefore, you must determine whether Defendant Connizzo used force that was greater than reasonably necessary under the circumstances.  If you find that Defendant Connizzo used greater force than was reasonably necessary under the circumstances of this case, you must

---

[25] See instructions given by Hon. Judge J. Paul Oetken in Choi v. Murdocco, 10 CV 6617 (S.D.N.Y. – delivered November 13, 2012).

[26] Taken in part from the instructions given by the Hon. Judge Tucker L. Melançon in Fryar v. Zhen, et al., 10 CV 5879 (E.D.N.Y. – delivered on September 21, 2011).

[27] Taken from the instructions given by the Hon. Judge Brian M. Cogan in Gilliard v. Kibel, et al., 10 CV 5247 (E.D.N.Y. – delivered on January 5, 2012); see also instructions given by Hon. Judge Fredric Block in Stanczyk v. City of New York, et al., 11 CV 0249 (E.D.N.Y. – delivered on March 19, 2013).

[28] Graham, 490 U.S. at 396.

[29] See Daniels v. William Sylvesters, 474 U.S. 327 (1986); Davidson v. Cannon, 474 U.S. 344 (1986); Coakley v. Jaffe, 2000 U.S. App. LEXIS 26073, at *2 (2d Cir. 2000); Solana v. New York City Dep't of Corr., 2012 U.S. Dist. LEXIS 161252, at *7 (E.D.N.Y. 2012) (ARR).

*find that Defendant Connizzo is liable for a violation of the plaintiff's constitutional rights[30]. If*

*you find that Defendant Connizzo was not involved in the incident or that he exercised that force*

*which was reasonably necessary under the circumstances, then you must find that Defendant*

*Connizzo did not violate plaintiff's constitutional rights.*

<u>**Defendants' Charge on Excessive Force:**</u> **EXCESSIVE FORCE**

**Plaintiff also alleges Sergeant Connizzo violated his Fourth Amendment rights by intentionally using excessive force against him on July 2, 2014. Sergeant Connizzo denies that he used excessive force against plaintiff. Therefore, you must first determine whether the plaintiff has proven by a preponderance of the evidence that the acts as alleged by plaintiff took place. If your answers are no, then your deliberations are over and you must bring back a verdict for the defendant on this claim. If your answers are yes, then in determining whether the acts of the defendant caused the plaintiff to suffer the loss of a federal right, you must determine whether the amount of force used was that which a reasonable officer would have employed under similar circumstances.**

**The Fourth Amendment to the United States Constitution protects persons from being subjected to excessive, or unreasonable force during an arrest. This means that law enforcement officers may only employ the amount of force necessary, under the circumstances, to make an arrest. I also instruct you that negligence, mistake, accident, or other innocent reason does not violate the Fourth Amendment. Therefore, you should not consider whether or not the police officer may have negligently or carelessly created an otherwise objectively reasonable need to use force.[31]**

---

[30] <u>Graham v. Connor</u>, 490 U.S. 386, 396 (1989)

[31] <u>See</u> <u>Daniels v. Williams</u>, 474 U.S. 327 (1956); <u>Davidson v. Cannon</u>, 474 U.S. 344 (1986).

Even if you find that there was some forcible contact between the plaintiff and a defendant, that mere fact would not be sufficient by itself to demonstrate that a defendant violated the plaintiff's constitutional rights.   In fact, in restraining an individual or taking an individual into custody, a police officer is not constitutionally required to be courteous and courts recognize that some degree of force is necessary when effectuating an arrest.[32]   That means that "evil intentions" will not be considered excessive force if the force that was used was in fact reasonable.[33]   Reasonable force, that happens to cause an injury, is not excessive force.

Indeed, not every push or shove by a police officer violates a person's constitutional rights, however, even if it may later seem unnecessary in the peace and quiet of this courtroom.   Minor scrapes, bumps or bruises potentially could occur, often unintended, during any arrest, and an officer cannot be held liable for every such incident.[34]

In order to determine whether Sergeant Connizzo's acts caused the plaintiff to suffer the loss of a federal right, you must determine whether the amount of force used to effect the arrest was that which a reasonable officer would have employed in effecting the arrest under similar circumstances.   You must allow for the fact that police officers are forced to work in circumstances that are tense, uncertain and rapidly evolving.[35] Because police officers are often forced to make split second judgments about the amount of force

---

[32] See Sash v. U.S., 674 F.Supp.2d 531, 538 (S.D.N.Y. 2008) (quoting Graham v. Connor, 490 US 386, 396 (1989).

[33] See Maxwell v. City of New York, 380 F.3d 106, 108 (2d. Cir. 2004).

[34] Adopted from charge used in Avalon Pope v. Lt. Patrick Buttner, 10-cv-4118 (BSJ) (S.D.N.Y.).

[35] See Husbands ex rel. Forde v. City of New York, 335 Fed Appx. 124, 129 (2d. Cir. 2009).

that is necessary in a given situation, this "reasonableness" of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight.[36] The question is only whether the officers' actions were objectively reasonable in light of all the facts and circumstances confronting him at the time he used the force.  In this regard, you are not to decide if the least amount of force was used, but rather you are only to decide if the force used was within the range of conduct identified as reasonable. [37]

## INTENT

As set forth above, to find a deprivation of a constitutional right for purposes of section 1983, a plaintiff must establish not only that the defendant committed the act alleged and that those acts caused plaintiff to suffer the loss of a constitutional right, but also that in performing the alleged acts, that the defendants acted intentionally or recklessly.

An act is intentional if it is done knowingly — that is, if it is done voluntarily and deliberately and not because of mistake, accident, negligence, or another innocent reason.  An act is reckless if done in conscious disregard of its known probable consequences.

*__Plaintiff's Proposed Charge on Specific Intent:__ It is not necessary to find that Defendant Connizzo had any specific intent to deprive the plaintiff of his constitutional rights, or that he acted with malice or ill will in order to find for the plaintiff. The plaintiff is entitled to*

---

[36] See Tracey v. Freshwater, 623 F.3d. 90, 96 (2d Cir. 2010); Graham v. Connor, 490 US 386, 396 (1989).

[37] Figueroa v. Marines, 02 CV 8301, Jury Charge by the Hon. P. Kevin Castel, February 3, 2004 (S.D.N.Y.); See also Graham v. Connor, 490 US 386, 396 (1989).

*relief if a defendant intended the actions which resulted in a violation of the plaintiff's constitutional rights.* [38]

      *In determining whether the defendant acted with the requisite knowledge or recklessness, you should remember that while witnesses may see and hear and so be able to give direct evidence of what a person does or fails to do, there is no way of looking into a person's mind.  Therefore, you have to depend on what was done and what the people involved said was in their minds and your belief or disbelief with respect to those facts.*

**2.**    **Second Element: Proximate Cause**

      ***Plaintiff's Charge on Proximate Cause:*** *The second element that plaintiff must prove is that Defendant Connizzo's acts were a proximate cause of the injuries plaintiff sustained.  Proximate cause means that there must be a sufficient causal connection between the act of a defendant or a failure to act by a defendant, and any injury or damage sustained by plaintiff.  If you find that defendant's acts or failures to act were a substantial factor in bringing about or actually causing plaintiff's injury, that is, if the injury was a reasonably foreseeable consequence of any of defendants' acts or failures to act, then defendants' acts or failures to act were a proximate cause of plaintiff's injuries.  If an injury was a direct result or a reasonably probable consequence of a defendant's acts or failures to act, it was proximately caused by such acts or failures to act.  Stated another way, if a defendant's act or failures to act had such an effect in producing the injury that reasonable persons would regard it as being a cause of the injury, then the act or failures to act is a proximate cause.*

---

[38] <u>Graham v. Connor</u>, 490 U.S. 386 (1989); <u>Hudson v. New York City</u>, 271 F.3d 62 (2d Cir. 2001) (reversing judgment for defendants where court instructed jury that an intentional violation of constitutional rights was required).

*In order to recover damages for any injury, plaintiff must show, by a preponderance of evidence, that his injury would not have occurred without the acts or failures to act of one or more of the defendants.  If you find that the defendants have proven, by a preponderance of the evidence, that plaintiff complains about an injury that would have occurred even in the absence of defendants' acts or failures to act, you must find that the defendants did not proximately cause plaintiff's injury.*

*A proximate cause need not always be the nearest cause either in time or space.  In addition, there may be more than one proximate cause of an injury.  Many factors or the conduct of two or more people may operate at the same time, either independently or together to cause an injury.  Defendants are not liable if they did not cause plaintiff's injuries or if plaintiff's injuries were caused by a new or independent source that intervened between the defendant's acts or failures to act and plaintiff's injuries and produced a result that was not reasonably foreseeable by defendants.*

**<u>Defendants' Charge on Proximate Cause:</u> The second element which the plaintiff must prove by a preponderance of the credible evidence is that Sergeant Connizzo's acts were a proximate cause of the injuries sustained by the plaintiff.  Proximate cause means that there must be a sufficient causal connection between a defendant's acts or omissions and an injury or damage sustained by the plaintiff.**

**A proximate cause need not always be the only cause either in time or space.  There may be more than one proximate cause of an injury or damage.  Many factors or the conduct of two or more people may operate at the same time, either independently or together to cause an injury.**

**Put another way, a defendant is not liable if the plaintiff's injuries were caused by conduct independent of the defendant's acts or omissions or if such conduct produced a result which was not reasonably foreseeable to the defendant.**

### *INSTRUCTION NO. 8*

1. ***Introduction to State Law Claims***

*Mr. Hurt also asserts a number of claims under New York State law based largely on the same conduct upon which his federal claims are premised. Mr. Hurt claims that defendant Connizzo subjected him to assault and battery, in violation of his rights under the New York State Constitution. Plaintiff further alleges that defendant Connizzo acted negligently when he struck him with his vehicle.*

*Defendants have admitted that NYPD officers did use excessive force against the plaintiff, and that they did strike him with their car after chasing him.  Defendants have not admitted that Defendant Connizzo was one of those officers.[39]*

*I will instruct you in detail as to what Mr. Hurt must show to establish each of the claimed violations of his rights under New York state law. If you find that Mr. Hurt meets those requirements as to any one or more of the claimed violations, you must find in Mr. Hurt's favor and award him any damages that were proximately caused by those violations.*

### *ASSAULT[40,41]*

---

[39] Defendants continue to deny that any member of the NYPD was involved in the alleged incident, to the extent that such an incident occurred. Moreover, plaintiff's argument on this point was already rejected by the Court in its decision on plaintiff's summary judgment motion, and is also the subject of plaintiff's pending motion for reconsideration. Defendants, thus, object to this instruction.

[40] PJI 3:2 Assault

[41] Defendants oppose the jury being charged as to any state law claim for assault and battery against Sergeant Connizzo since such claims are barred by plaintiff's failure to specifically

*This is an action to recover damages for assault. An assault is the intentional placing of another person in apprehension of imminent harmful or offensive contact. A defendant is liable for assault when he intentionally causes another person to become concerned that the defendant is or is about to cause a harmful or offensive bodily contact. In order to commit an assault, the defendant must have the real or apparent ability to bring about that harmful or offensive bodily contact. Ordinarily, threatening words without some action are not enough to constitute an assault. There must be some menacing act or gesture that causes the plaintiff to believe that a harmful or offensive bodily contact is about to occur. It is not necessary that there be any contact.*

*Notice that I used the word "intentionally" in defining an assault. Intent involves the state of mind with which an act is done. If a person acts voluntarily with a desire to bring about a result, he is said to have intended that result. Further, although he has no desire to bring about the result, if he does the act knowing, with substantial certainty, that the result will follow, he is also said to have intended that result.*

*The plaintiff claims that Defendant Connizzo, a member of the New York City Police Department, **stopped, threatened, menacingly approached and apprehended** the Plaintiff*

---

identify Sergeant Connizzo in the Notice of Claim.  See Edwards v. Jericho Union Free Sch. Dist., 904 F. Supp. 2d 294, 306 (E.D.N.Y. 2012) ("It is well-settled within both New York state courts and this Circuit that Section 50-e of the General Municipal Law requires a plaintiff to name each defendant in the Notice of Claim in order to maintain a cause of action against that defendant."). Defendants also oppose the jury being charged on plaintiff's state law assault and battery claims as said claims are duplicative of plaintiff's excessive force claim.  See Castro v. County of Nassau, 739 F. Supp. 2d 153, 178, n.17 (E.D.N.Y. 2010) (same standard applies for § 1983 excessive force claim and state law assault and battery claims); See also Tianshu Li v. United States, 05 Civ. 6237 (NRB), 2009 U.S. Dist. LEXIS 96945, at *5, n.2 (S.D.N.Y. Oct, 8, 2009) ("As against law enforcement personnel, assault and battery claims under New York law parallel the Fourth Amendment standard governing the use of force incident to a lawful arrest.") (citation omitted).  If however, this Court chooses to charge the jury on plaintiff's state law claims for assault and battery, defendants respectfully reserve the right to supplement the jury charges thereon.

*unnecessarily and thusly placed the Plaintiff in fear of imminent harm. The Plaintiff maintains that at no time did he violate any laws which would justify members of the New York City Police Department to approach the Plaintiff or otherwise engage in this behavior. Defendant Connizzo denies that he was involved in the incident.  Defendant Connizzo and the City of New York admit that NYPD officers did stop, apprehend and punch plaintiff, but they do not admit that Defendant Connizzo was one of those officers.[42]*

*If you find that Defendant Connizzo engaged in these actions toward the Plaintiff and/or did intend to cause the Plaintiff to become apprehensive that a harmful or offensive bodily contact was about to occur, you will find that Defendant Connizzo assaulted the plaintiff. On the other hand, if you find that Defendant Connizzo was not involved in the incident, or that Defendant Connizzo had neither the real nor apparent ability to carry out the threat, or that the Plaintiff did not become apprehensive, you will find that Defendant Connizzo did not commit an assault on Plaintiff.*

### BATTERY[43]

*One who seeks to make a lawful arrest or has another person lawfully in custody has the right to use as much force as he reasonably believes necessary in order to make the arrest or detention and can be held liable only if no force was necessary or the force used was excessive or he had no right to make a lawful arrest or detention of the Plaintiff.*

---

[42] Defendants continue to deny that any member of the NYPD was involved in the alleged incident, to the extent that such an incident occurred. Moreover, plaintiff's argument on this point was rejected by the Court in its decision on plaintiff's summary judgment motion, and is also the subject of plaintiff's pending motion for reconsideration. Defendants, thus, object to this instruction.

[43] PJI 3:4 Battery

*Plaintiff claims that, in the process of arresting and detaining him and while the Plaintiff was in the defendants' custody, Defendant Connizzo shoved him on the right shoulder and struck him repeatedly with a closed fist in the face. Plaintiff further contends that Defendant Connizzo struck him with his vehicle on his left leg causing plaintiff to sustain injuries. Defendant denies that he was involved in the incident.*

*Taking into consideration all of the circumstances existing at the time and place of the incident, if you find that it was not reasonable for Defendant Connizzo to believe that the Plaintiff had committed a crime then Defendant Connizzo was not justified in using force at all and you will find that Defendant Connizzo committed a battery. If, however, you find that Defendant Connizzo was not involved in the incident, then you must find that Defendant Connizzo did not commit a battery .*

### NEGLIGENCE[44,45]

*In this case, plaintiff alleges that defendant Connizzo acted negligently by using physical force when dealing with the Plaintiff, including striking plaintiff in the face, pulling up on his*

---

[44] PJI 2:70

[45] Defendants oppose any jury charge as to negligence pertaining to Sergeant Connizzo because plaintiff testified at his deposition that he did not know which officer was driving the car that hit him and Sergeant Connizzo denies any and all involvement in the alleged incident. Furthermore, defendants oppose the proposed charge because plaintiff cannot maintain a cause of action for both intentional and negligent conduct based on the same alleged underlying act. See Dewitt v. Home Depot U.S.A., Inc., 10-CV-3319 (KAM), 2012 U.S. Dist. LEXIS 130963, at *33 (E.D.N.Y. Sept. 12, 2012) ("It is well-established under New York law that if the only inference that may be drawn from the evidence is that the defendant's contact with the plaintiff was intentional, the plaintiff may recover only for assault and/or battery and a negligence claim should not be submitted to the jury."). Plaintiff's allegations are consistent only with intentional or reckless conduct, and thus a charge of negligence in this matter is not appropriate. *See, e.g., Eze v. City Univ. of N.Y. at Brooklyn College*, 2011 U.S. Dist. LEXIS 148450, at *18-20 (E.D.N.Y Dec. 27, 2011). If however, this Court chooses to charge the jury on plaintiff's state law negligence claim, defendants respectfully reserve the right to supplement the jury charges thereon.

*arm and shoulder, pushing him down on the back of the vehicle and by striking the plaintiff with*

*their vehicle. Defendant Connizzo denies that he was involved in the incident. The Defense has*

*admitted that some NYPD officers were involved in the incident.*[46]  *Negligence is a lack of*

*ordinary care. It is a failure to use that degree of care that a reasonably prudent person would*

*have used under the same circumstances.*

*Negligence may arise from doing an act that a reasonably prudent person would not have*

*done under the same circumstances, or, on the other hand, from failing to do an act that a*

*reasonably prudent person would have done under the same circumstances.*

*Negligence further requires both a reasonably foreseeable danger of injury to another*

*and conduct that is unreasonable in proportion to that danger. A person is only responsible for*

*the results of his conduct if the risk of injury is reasonably foreseeable. The exact occurrence or*

*exact injury does not have to be foreseeable; but injury as a result of negligent conduct must be*

*not merely possible, but probable.*

*There is negligence if a reasonably prudent person could foresee injury as a result of his*

*conduct, and acted unreasonably in the light of what could be foreseen. On the other hand, there*

*is no negligence if a reasonably prudent person could not have foreseen any injury as a result of*

*his or her conduct, or acted reasonably in the light of what could have been foreseen.*

*If you find, by a preponderance of the evidence, that defendant Connizzo, or another*

*member of the NYPD, failed to act as a reasonably prudent person by using physical force when*

*dealing with the Plaintiff, including striking plaintiff in the face, pulling up on his arm and*

*shoulder, pushing him down on the back of the vehicle and when plaintiff was struck by the*

*vehicle, or failed to use reasonable care to avoid using physical force when dealing with the*

---

[46] Defendants again deny that any member of the NYPD was involved in the alleged incident, to the extent that such an incident even occurred. Defendants, thus, object to this instruction.

*Plaintiff including the striking of the Plaintiff by the vehicle, you will find that either Defendant Connizzo, or another member of the NYPD, was negligent. If you find, that Defendant Connizzo was not involved in the incident or that Defendant Connizzo acted as a reasonably prudent person, then you must find that Defendant Connizzo was not negligent. If you find, that another member of the NYPD acted as a reasonably prudent person, then you must find that the Defendant City of New York was not negligent.*

## INSTRUCTION NO. 9

## INJURY

***Plaintiff's Instruction on Injury:***[47] *If you find that Defendant Connizzo violated plaintiff's rights, then you must consider whether that violation was the proximate cause of the injury claimed by plaintiff.  Defendant City of New has admitted that two unidentified NYPD officers did violate plaintiff's civil rights.  If you find that Defendant Connizzo was not involved in the incident, you must consider whether the violation of plaintiff's rights by two unidentified officers was the proximate cause of the injury claimed by plaintiff.*[48] *If you find that the plaintiff was not injured as a result of conduct on the part of Defendant Connizzo or of two unidentified officers, then your inquiry should not proceed any further.  If you find that plaintiff was injured, you must then determine whether that injury was proximately caused by Defendant Connizzo's conduct or by the conduct of two unidentified officers, or whether the injury would have*

---

[47]  Defendants object to any references to "unidentified officers," as plaintiff's amended complaint only names Sergeant Connizzo and John Doe 1 as defendants.  Plaintiff's suggestion that random, heretofore, unidentified officers committed the alleged acts herein are inconsistent with plaintiff's allegations herein.

[48]  Defendants again deny that any member of the NYPD was involved in the alleged incident, to the extent that such an incident even occurred. Defendants, thus, object to this instruction.

*occurred even in the absence of conduct on the part of the Defendant Connizzo or two unidentified officers.*

*As I instructed you earlier, an injury is proximately caused by an act, or a failure to act, whenever it appears from the evidence in the case that the act or omission played a substantial part in bringing about or actually causing the injury; and the injury was either a direct result or a reasonably probable consequence of the act or omission.*

**Defendants' Instruction on Injury:** **If you find that Sergeant Connizzo violated plaintiff's rights, then you must consider whether the violation was the proximate cause of the injury claimed by plaintiff.  If you find that the plaintiff was not injured as a result of conduct on the part of Sergeant Connizzo, then your inquiry should not proceed any further.  If you find that plaintiff was injured, you must then determine whether that injury was proximately caused by Sergeant Connizzo's conduct or whether the injury would have occurred even in the absence of conduct on the part of the defendant.**

**As I instructed you earlier, an injury is proximately caused by an act, or a failure to act, whenever it appears from the evidence in the case that the act or omission played a substantial part in bringing about or actually causing the injury; and the injury was either a direct result or a reasonably probable consequence of the act or omission.**

## PART IV: DAMAGES

**General Instructions**[49][50]

If you find that the plaintiff has proved, by a preponderance of the evidence, all of the elements for any of his claims for relief, you must then decide the amount of damages that will fairly and reasonably compensate the plaintiff for those injuries sustained as a result of the violation of plaintiff's rights.

**Defendants' General Instructions on Damages:** **The fact that I am giving you instructions on damages does not mean that you must reach the issue of damages.  You should not reach the issue of damages unless you find that the plaintiff has established liability on his claims.  Also, just because I give you instructions on damages does not mean that I have any opinion about liability.  It is for you alone to decide whether Sergeant Connizzo is liable to the plaintiff.**

**Should you decide that the plaintiff has proved a claim by a preponderance of the evidence, you must consider awarding two types of damages: compensatory damages and nominal damages. I will explain the law concerning each of these types of damages to you.**

**INSTRUCTION NO. 11**

**CAUTIONARY INSTRUCTIONS**[51]

I have a few cautionary instructions to give you before I discuss damages. First, even though I am going to instruct you on damages, it does not mean I have any opinion on

---

[49] Adapted from MARTIN A. SCHWARTZ & GEORGE C. PRATT, Section 1983 Litigation: Jury Instructions, Instruction § 18.01.2 (2005 Supplement).

[50] Defendants reserve the right to include additional jury charges regarding damages at the time of trial.

[51] This section entitled "Cautionary Instructions" was adapted from Instruction 18.01.2, Section 1983 Litigation: Jury Instructions, Martin A. Schwartz, George C. Pratt, 2003.

whether or not defendants should be held liable.  Second, with respect to plaintiff's claim, you may only award him damages if he has proven liability according to the standards I have just set forth.

Damages must be based on evidence, not on speculation or sympathy, and you may only award damages for those injuries that plaintiff actually suffered as a result of Defendant Connizzo's conduct, *or the conduct of the unidentified officers if you decide that Defendant Connizzo was not involved in the incident*[52].  You cannot award plaintiff damages for injuries he may have suffered at the hands of others, i.e. not defendant Connizzo *or the unidentified officers*.  The damages that you award must be fair compensation, no more and no less.  It is the plaintiff who bears the burden of proving his damages by a preponderance of the credible evidence.

### *Plaintiff's Charge on Compensatory Damages: COMPENSATORY DAMAGES*[53]

*You may award compensatory damages only for injuries that the plaintiff proves, by a preponderance of the evidence, were caused by defendant Connizzo's allegedly wrongful conduct or the conduct of the unidentified officers if you decide that Defendant Connizzo was not involved in the incident.  The damages that you award must be fair compensation, no more and no less.  You may not award compensatory damages for speculative injuries, but only for those injuries that a plaintiff has actually suffered or which he is reasonably likely to suffer in the future.*

---

[52] Defendants object to any references to "unidentified officers," as plaintiff's amended complaint only names Sergeant Connizzo and John Doe 1 as defendants.

[53] This section entitled "Compensatory Damages" was adapted from Instruction 18.0.1 Section 1983 Litigation, Jury Instructions, Martin A. Schwartz, George C. Pratt, 2003.

*You shall award actual damages only for those injuries which you find that a plaintiff has proven by a preponderance of the evidence. Moreover, you may not simply award actual damages for any injury suffered by plaintiff—you must award actual damages for those injuries that are a direct and natural result of a violation of the plaintiff's right. Thus, even if you find that plaintiff was deprived of his right, you must ask whether the plaintiff has proven by a preponderance of the evidence that the deprivation actually and proximately caused each of the damages that he claims to have suffered.*

*If you return a verdict for plaintiff, then you must award him such sum of money as you believe will fairly and justly compensate him for any injury you believe he actually sustained as a direct consequence of the conduct of the defendants.*

*In determining the amount of any damages that you decide to award, you should be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. You must use sound discretion in fixing an award of damages, drawing reasonable inferences from the facts in evidence. You may not award damages based on sympathy, speculation, or guesswork. On the other hand, the law does not require that the plaintiff prove the amount of his "damages/losses" with mathematical precision, but only with as much definiteness and accuracy as circumstances permit. Your award must be fair and just. It should neither be excessive nor inadequate, but should be reasonable.*

**Defendants' Charge on Compensatory Damages: You may award compensatory damages only for injuries that plaintiff proves by a preponderance of the credible evidence were caused by defendant's allegedly wrongful conduct. The damages that you award must be fair compensation, no more and no less. You may not award**

compensatory damages for speculative injuries, but only for those injuries that Plaintiff has actually suffered or which are reasonably likely to be suffered in the future.

The purpose of compensatory damages is to make the plaintiff whole – that is, to compensate the plaintiff for the damage that he has proven by a preponderance of the credible evidence.

Moreover, you shall award actual damages only for those injuries that you find plaintiff has proven by a preponderance of credible evidence to have been the direct result of conduct by the defendant you have found liable.  That is, you may not simply award actual damages for any injury suffered by plaintiff — you must award actual damages only for those injuries that are a direct result of actions by the defendant, and that are a direct result of conduct by the defendant that was a violation of plaintiff's rights.

If you decide to award compensatory damages, you should be guided by dispassionate common sense.  Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork.  On the other hand, the law does not require that the plaintiff prove the amount of her losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances.

Plaintiff may not recover for any injury that existed prior to the incidents at issue, or for any injury from which was suffered that was not caused by the violation of rights at issue here.  Actual damages must not be based on speculation or sympathy.  They must be based on the evidence presented at trial, and only on that evidence.

**Defendants' Charge on Multiple Recovery:** **Plaintiff is entitled to only one recovery, if at all, sufficient to reasonably compensate him for his injuries.  I therefore instruct you that if you find that plaintiff has prevailed on more than one claim, you may not award additional compensatory damages for the same injury.  You should award an amount of compensatory damages equal to the total damages you believe will fairly and justly compensate plaintiff for the separate injuries he suffered.  But you should not compensate plaintiff for the same injury twice simply because you find the defendant liable for multiple claims.**

*Plaintiff's Charge on Nominal Damages:* *NOMINAL DAMAGES[54] (ASSAULT OR FALSE ARREST GET DAMAGES?)*

*Now let's turn to nominal damages.  If you return a verdict for plaintiff on his excessive force claim but then find that he failed to prove by a preponderance of the credible evidence that he suffered any actual damages, then you may return an award of damages in some nominal or token amount not to exceed the sum of one dollar.  This is called nominal damages.*

*In some circumstances, nominal damages may be awarded when a plaintiff has been deprived by a defendant of a constitutional right, but has not proven compensatory damages as a natural consequence of that deprivation. One circumstance where this is not possible, is if you find that Plaintiff has proven his false arrest, false detention claim, then the*

---

[54] This section entitled "Nominal Damages" was adapted from Instruction 18.03.1, Section 1983 Litigation: Jury Instructions, Martin A. Schwartz, George C. Pratt, 2003.

*law requires that you must award him compensatory damages and not nominal damages.*[55]   *For other claims, the mere fact that a constitutional deprivation occurred is an injury to the person entitled to be free from such action, even when no actual damages flow from the deprivation. Therefore, if you find that for the other claims, plaintiff did not prove injuries as a result of Defendant Connizzo's conduct or the conduct of the unidentified officers other than the fact of a constitutional deprivation, then you may award nominal damages not to exceed one dollar.*

**Defendants' Charge on Nominal Damages:** **If you return a verdict in the plaintiff's favor on his § 1983 claims but find that plaintiff failed to meet his burden of proving, by a preponderance of the credible evidence, that plaintiff suffered any actual injuries, then you must return an award of damages in some nominal or token amount, not to exceed the sum of one dollar.  Nominal damages are the law's way of recognizing that constitutional rights must be scrupulously observed, even when constitutional violations have not been shown to have caused actual injury.**

**Nominal damages may be awarded when the plaintiff has been deprived of a constitutional right but has suffered no actual damages as a natural consequence of that deprivation.  The mere fact that a constitutional deprivation occurred is an injury to the person entitled to enjoy that right, even when no actual damages flow from the deprivation.[56]  Therefore, if you find that the plaintiff has suffered no injury as a result of a**

---

[55] Kerman v City of NY, 374 F3d 93, 124 (2d Cir 2004) (Similarly, where the plaintiff was indisputably deprived of his liberty, and the conduct of the defendant responsible for the deprivation was found to be unlawful, we have held that the plaintiff is entitled to compensatory, not merely nominal, damages. See Raysor v. Port Authority of New York and New Jersey, 768 F.2d at 38-39.)

[56] Smith v. Wade, 461 U.S. 30, 52-56 (1983).

**defendant's conduct other than the fact of a constitutional deprivation, you must award nominal damages not to exceed one dollar.**

## PUNITIVE DAMAGES[57]

Plaintiff also seeks punitive damages in this case.  If plaintiff has proven by the preponderance of the evidence that the defendant is liable, then you may, but you are not required, to determine whether plaintiff is entitled to punitive damages.

In order to be entitled to punitive damages, you must find that the plaintiff has clearly established that the acts of the defendant causing the proven injury were wanton or showed a callous or reckless disregard for the rights of others.  The purpose of punitive damages is to punish for shocking conduct and to set an example to deter others from the commission of similar offenses in the future.

However, punitive damages are not awarded as a matter of right but are awarded only if you find that plaintiff has clearly proven that the defendant acted so outrageously and evidenced such a degree of malice or callousness that an example and deterrent needs to be provided to assure that the defendant and others will be less likely to engage in such conduct in the future.

If you do decide to award punitive damages, the amount of punitive damages should be reasonable and should be proportionate only to the need to punish and deter.[58]

### _Plaintiff's Charge on Attorney's Fees:_ _ATTORNEY'S FEES_

---

[57] Defendants do not believe that punitive damages are appropriate in this case.  Nor do Defendants believe that the jury should be charged on the issue of punitive damages. Regardless, to the extent that the Court deems punitive damages an appropriate issue, Defendants respectfully propose that the Court employ the language herein.

[58] Smith v. Wade, 461 U.S. 30, 52-56 (1983).

*Federal law provides for an award of attorneys' fees to a plaintiff when he or she prevails in a civil rights action.  The award of attorneys' fees is a matter to be determined by the Court.  Accordingly, if you award any damages to plaintiff on his Federal Claims, including nominal damages, you should not take into consideration the fees that plaintiff may have to pay his attorneys.*

**Defendants' Charge on Attorney's Fees and Taxes: If you do make an award of damages, such an award may not be subject to federal or state income taxes and you should not consider such taxes in determining the amount of damages or increase the award for taxes.  Also, you should not concern yourselves with what a plaintiff would have to pay his attorneys for fees or expenses in deciding damages.**

### DAMAGES: FINAL WORD

Again, let me repeat that the fact that I have instructed you as to the proper measure of damages should not be considered as intimating that I have any view as to which party is entitled to your verdict in this case. Instructions as to the measure of damages are required to be given for your guidance in the event you should find that any actual damages were proved by a preponderance of the evidence by plaintiff in this case according to the instructions I have given to you.

**_Plaintiff's Closing Instructions:_**

### _PART V. CONCLUDING INSTRUCTIONS_

### _INSTRUCTION NO. 12_

### _FOREPERSON, EVIDENCE, AND COMMUNICATIONS WITH THE COURT_

*You will shortly retire to the jury room to begin your deliberations.  As soon as you get to the jury room, please select one of your number as the foreperson, to preside over your deliberations and to serve as your spokesperson if you need to communicate with the Court.*

*You will be bringing with you into the jury room a copy of my instructions of law. I will shortly send you as well a verdict form on which to record your verdict.*

*Any communication with the Court should be made to me in writing, signed by your foreperson, and given to the marshal, who will be available outside the jury room throughout your deliberations. After consulting with the parties, I will respond to any question or request you have as promptly as possible, either in writing or by having you return to the courtroom so that I can speak with you in person.*

### *INSTRUCTION NO. 13*

### *VERDICT, UNANIMITY, AND DUTY TO CONSULT*

*You should not, during your deliberations tell me or anyone else how the jury stands on any issue until you reached your verdict and recorded it on your verdict form.*

*Each of you must decide the case for yourself, after consideration, with your fellow jurors, of the evidence in the case; and your verdict must be unanimous. In deliberating, bear in mind that while each juror is entitled to his or her opinion, each should exchange views with his or her fellow jurors. That is the very purpose of jury deliberation: to discuss and consider the evidence; to listen to the arguments of fellow jurors; to present your individual views; to consult with one another; and to reach a verdict based solely and wholly on the evidence.*

*If, after carefully considering all the evidence and the arguments of your fellow jurors, you entertain a conscientious view that differs from the others, you are not to yield your view simply because you are outnumbered. On the other hand, you should not hesitate to change or modify an earlier opinion that, after discussion with your fellow jurors, no longer persuades you.*

*In short, the verdict must reflect each juror's conscientious determination and it must also be unanimous.*

**Defendants' Closing Instructions:**

I have now outlined for you the rules of law applicable to this case, the process by which you weigh the evidence and determine the facts, and the legal elements which must be proved by a preponderance of the evidence.  In a few minutes you will retire to the jury room for your deliberations.  I will now give you some general rules regarding your deliberations.

Keep in mind that nothing I have said in these instructions is intended to suggest to you in any way what I think your verdict should be.  That is entirely for you to decide.

By way of reminder, I instruct you once again that it is your responsibility to judge the facts in this case from the evidence presented during the trial and to apply the law as I have given it to you.  Remember also that your verdict must be based solely on the evidence in the case and the law.

a. **Foreperson**

In order for your deliberations to proceed in an orderly fashion, you must have a foreperson.  The custom in this courthouse is for Juror No. 1 to act as the foreperson.  However, if, when you begin your deliberations, you decide that you want to elect another foreperson, you are entitled to do so.  The foreperson will be responsible for signing all communications to the court and for handing them to the marshal during your deliberations, but, of course, his or her vote is entitled to no greater weight than that of any other juror.

### b.  Communication with the Court

It is very important that you not communicate with anyone outside the jury room about your deliberations or about anything touching this case.  There is only one exception to this rule.  If it becomes necessary during your deliberations to communicate with me, you may send a note, through the marshal, signed by your foreperson.  No member of the jury should attempt to communicate with me except by a signed writing, and I will never communicate with any member of the jury on any subject touching upon the merits of the case other than in writing, or orally here in open court.

### c.  Juror's Recollection Governs

Your recollection governs – no one else's.  If, in the course of your deliberations, your recollection of any part of the testimony should fail, or you should find yourself in doubt concerning my instructions to you on the law, you may return to the courtroom for the purpose of having such testimony or instructions read back to you.  Again, you may make such a request by a note to a marshal.  I suggest, however, that you be specific to avoid hearing testimony you do not desire to assist in your deliberations.  Tell me as best you can precisely what you want to hear and be patient because it sometimes takes a while to find the testimony in the record.

During the trial certain items were received into evidence as exhibits.  If, after you have begun your discussions on the case, you think it would be helpful to have any of the exhibits with you in the jury room, you may make the request by a note to the marshal and I will send the exhibits in to you.

### d.  Deliberations and Unanimous Verdict

41

Your duty is to reach a fair conclusion from the law and the evidence.  It is an important one.  When you are in the jury room, listen to each other, and discuss the evidence and issues in the case amongst yourselves.  It is the duty of each of you, as jurors, to consult with one another, and to deliberate with a view toward reaching agreement on a verdict, if you can do so without violation your individual judgment and conscience.  While you should not surrender conscientious convictions of what the truth is and of the weight and effect of the evidence, and while each of you must decide the case for yourself and not merely acquiesce in the conclusion of your fellow jurors, you should examine the issues and evidence before you with candor and frankness, and with proper deference to, and regard for, the opinions of your fellow jurors.

You should not hesitate to reconsider your opinions from time to time and to change them if you are convinced they are wrong.  However, do not surrender an honest conviction as to the weight and effect of the evidence simply to arrive at a verdict.

The decision you reach must be unanimous; you must all agree on every entry on the verdict sheet.

When you have reached a verdict, simply send me a note signed by your foreperson that you have reached a verdict.  Do not indicate what the verdict is.  In *no* communication with the court should you give a numerical count of where the jury stands in its deliberations.

Remember in your deliberations that the dispute between parties is, for them, no passing matter.  They and the Court rely upon you to give full and conscientious deliberation and consideration to the issues and evidence before you.  By doing so, you

**carry out to the fullest your oaths as jurors to well and truly try the issues of this case and a true verdict render.**

       **I will ask you to wait for a few moments while I discuss with counsel whether there is anything further on which you need to be instructed.**

Dated:      New York, New York
             November 21, 2018


_____/s_____         _____/s_____
Wylie Stecklow, Esq.               ZACHARY W. CARTER
Wylie Stecklow PLLC              Corporation Counsel of the
Attorney for Plaintiff               City of New York
217 Centre Street                 Angharad Wilson, Esq.
New York, NY 10013              Attorney for Defendants
Phone; 212 566 8000              100 Church Street
Email: Wylie@wylielaw.com        New York, New York 10007
                                       Phone: 212-356-2572
Cary London, Esq.
30 Broad Street, Suite 702
New York, NY 10004
Phone: 212-203-1090
Email: CLondon@CaryLondonLaw.com