UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

JAMES HURT, JR.,

                                    Plaintiff,

                -against-

THE CITY OF NEW YORK, et al.,

                                Defendants.

------------------------------------------------------------------------ x

15 Civ. 7612 (PKC)

<u>Hon. P. Kevin Castel</u>

## **<u>DEFENDANTS' MOTIONS IN LIMINE</u>**

ZACHARY W. CARTER
Corporation Counsel of the City of New York
*Attorney for Defendants*
100 Church Street
New York, New York 10007
(212) 356-2572

<u>Of Counsel:</u>
Angharad K. Wilson

# Table of Contents

**TABLE OF AUTHORITIES** ................................................................................ iii

**PRELIMINARY STATEMENT** ........................................................................... 1

**ARGUMENT** ..........................................................................................................2

    POINT I: THE JURY SHOULD NOT BE TOLD THAT THE CITY OF NEW YORK IS A DEFENDANT, PLAINTIFF SHOULD BE PRECLUDED FROM REFERRING TO DEFENSE COUNSEL AS "CITY ATTORNEYS," AND PLAINTIFFS SHOULD BE PRECLUDED FROM OFFERING EVIDENCE OF INDEMNIFICATION. ...........................2

        A.  The City Should Be Removed From The Caption and Plaintiff Should Be Precluded From Mentioning That The City Is Named As A Defendant. ..........................................................2

        B.  Referring to Defense Counsel as City Attorneys ....................3

        C.  Plaintiff Should Be Precluded From Mentioning and/or Eliciting Evidence Regarding Potential Indemnification By The City of New York ............................................................3

    POINT II: PLAINTIFF SHOULD BE PRECLUDED FROM OFFERING EVIDENCE IN SUPPORT OF HIS STATE LAW CLAIMS AGAINST SERGEANT CONNIZZO FOR FAILURE TO AMEND HIS NOTICE OF CLAIM. ................................................................4

    POINT III: PLAINTIFF SHOULD BE PRECLUDED FROM OFFERING EVIDENCE IN SUPPORT OF HIS NEGLIGENCE CLAIM. ............................................................5

    POINT IV: PLAINTIFF SHOULD BE PRECLUDED FROM OFFERING EVIDENCE ON HIS STATE LAW CLAIMS AGAINST ANYONE BESIDES SERGEANT CONNIZZO AND THE SINGLE JOHN DOE OFFICER ALLEGEDLY WITH HIM AT THE TIME OF THE INCIDENT. ........................................................................................6

    POINT V: PLAINTIFF SHOULD BE PRECLUDED FROM ELICITING EVIDENCE OF DISCIPLINARY HISTORIES..................................................................................7

    POINT VI: PLAINTIFF SHOULD BE PRECLUDED FROM OFFERING TESTIMONY OF JAMES HURT, SR., JACQUELINE MARQUEZ, AND NAEEMAH GREEN. ......................9

    POINT VII: PLAINTIFF SHOULD BE PRECLUDED FROM MENTIONING NAEEMAH GREEN'S EMPLOYMENT WITH THE NYPD. ...................................................10

POINT VIII: THE PATROL GUIDE SECTIONS THAT PLAINTIFF INTENDS TO INTRODUCE INTO EVIDENCE ARE NOT PROBATIVE OF THE CLAIMS AT ISSUE. .11

POINT IX: PLAINTIFF SHOULD BE PRECLUDED FROM INTRODUCING EVIDENCE CONCERNING THE TRIP PROGRAM. ..................................................................................12

POINT X: PLAINTIFF SHOULD BE PRECLUDED FROM OFFERING TESTIMONY FROM LT. PAYNTER. ...........................................................................................................13

POINT XI: PLAINTIFF SHOULD BE PRECLUDED FROM OFFERING EVIDENCE OF THE CCRB OR IAB INVESTIGATIONS IN THIS MATTER. ...............................................14

POINT XII: PLAINTIFF SHOULD BE PRECLUDED FROM OFFERING EVIDENCE OF HIS FOREARM LACERATION AND HIS FINGER INJURY...............................................15

POINT XIII: PLAINTIFF SHOULD BE PRECLUDED FROM OFFERING THE NOTICE OF CLAIM, THE PLEADINGS IN THIS MATTER, AND DEFENDANTS' 56.1 STATEMENT INTO EVIDENCE...............................................................................................16

POINT XIV: PLAINTIFF SHOULD BE PRECLUDED FROM OFFERING HIS DEMONSTRATIVE VIDEO. ...................................................................................................18

**CONCLUSION** ......................................................……………………………….**20**

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

Ali v. Kipp,
  891 F.3d 59 (2d Cir. 2018)...................................................................................................16

Berkovich v. Hicks,
  922 F.2d 1018 (2d Cir. 1991)...............................................................................................8

Castro v. County of Nassau,
  739 F. Supp. 2d 153 (E.D.N.Y. 2010) .................................................................................5

Dewitt v. Home Depot U.S.A., Inc.,
  10-CV-3319 (KAM), 2012 U.S. Dist. LEXIS 130963 (E.D.N.Y. Sept. 12,
  2012) .....................................................................................................................................5

Edwards v. Jericho Union Free Sch. Dist.,
  904 F. Supp. 2d 294 (E.D.N.Y. 2012) .................................................................................4

Eze v. City Univ. of N.Y. at Brooklyn College,
  2011 U.S. Dist. LEXIS 148450 (E.D.N.Y Dec. 27, 2011) ...................................................6

Figueroa v. Boston Sci. Corp.,
  00 Civ. 7922 (DC), 2003 U.S. Dist. LEXIS 10936 (S.D.N.Y. June 25, 2003) .......................9

Huddleston v. United States,
  485 U.S. 681 (1988)...............................................................................................................8

Jaquez v. Flores (In re Estate of Jaquez),
  10 Civ. 2881 (KBF), 2016 U.S. Dist. LEXIS 34521 (S.D.N.Y. Mar. 17, 2016).......................3

Jean-Laurent v. Hennessy,
  05-CV-1155 (KAM) (LB), 2011 U.S. Dist. LEXIS 122767 (E.D.N.Y. Oct. 24,
  2011) .....................................................................................................................................3

Jean-Laurent v. Wilkinson,
  No. 05 Civ. 0583 (VM), 2009 U.S. Dist. LEXIS 20472 (S.D.N.Y. Mar. 13,
  2009) .....................................................................................................................................4

Lombardo v. Stone,
  No. 99 Civ. 4603 (SAS), 2002 U.S. Dist. LEXIS 1267 (S.D.N.Y. Jan. 29,
  2002) .....................................................................................................................................8

Massey v. Starbucks Corp.,
    No. 03 Civ. 7279 (SAS), 2004 U.S. Dist. LEXIS 12993 (S.D.N.Y. July 12,
    2004) ...........................................................................................................................7

Mathie v. Fries,
    121 F.3d 808 (2d Cir. 1997)........................................................................................4

Richmond v. General Nutrition Ctrs., Inc.,
    08 Civ. 3577 (PAE)(HBP), 2012 U.S. Dist. LEXIS 32070 (S.D.N.Y. Mar. 9,
    2012) ...........................................................................................................................9

Ricketts v. City of Hartford,
    74 F.3d 1397 (2d Cir. 1996)........................................................................................7

Santa Medina v. Delta Air Lines, Inc.,
    09-CV-4018 (NGG) (LB), 2011 U.S. Dist. LEXIS 91174 (E.D.N.Y. Aug. 15,
    2011) ...........................................................................................................................2

Tianshu Li v. United States,
    05 Civ. 6237 (NRB), 2009 U.S. Dist. LEXIS 96945 (S.D.N.Y. Oct, 8, 2009) .......................5

United States v. Aminy,
    15 F.3d 258 (2d Cir. 1994)..........................................................................................7

United States v. Perez,
    325 F.3d 115 (2d Cir. 2003)........................................................................................7

Urbina v. City of New York,
    14 Civ. 9870 (PAC), 2016 U.S. Dist LEXIS (S.D.N.Y. Jan. 6, 2016) ...................16

Williams v. McCarthy,
    2007 U.S. Dist. LEXIS 79151 (S.D.N.Y. Oct. 25, 2007) ..........................................3

**Statutes**

42 U.S.C. § 1983..................................................................................................................1

General Municipal Law Section 50-e ..................................................................................4

**Other Authorities**

F.R.E. 602 ............................................................................................................................9

Fed. R. Civ. P. 802...............................................................................................................9

Fed. R. Evid. 402 .........................................................................................................10, 13

Fed. R. Evid. 402 and 403...............................................................................................3, 14

FRE 402, 403 and 802 .................................................................................................................18

Rule 403 ........................................................................................................................................8

Rule 404(b) .................................................................................................................................7, 8

## PRELIMINARY STATEMENT

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 ("Section 1983") against defendants City of New York ("City"), Sergeant Michael Connizzo, and a single unidentified John Doe police officer.  Trial is scheduled to commence on February 4, 2019, on the following claims: unlawful stop and search, false arrest, and excessive force against Sergeant Connizzo pursuant to §1983; assault, battery, and negligence under state law against Sergeant Connizzo and the unidentified John Doe officer; and *respondeat superior* against the City of New York.[1]

Defendants now seek the following *in limine* relief: (1) to remove the City of New York from the caption, to preclude referring to defense counsel as "City Attorneys," and to preclude any evidence that the City may indemnify the individual defendants; (2) to preclude plaintiff from offering evidence of his state law assault and battery claim against Sergeant Connizzo; (3) to preclude plaintiff from offering evidence of his negligence claim; (4) to preclude plaintiff from arguing that *some* NYPD officer is liable on his state law claim and/or introducing evidence thereof; (5) to preclude plaintiff from offering any evidence of disciplinary histories of any NYPD employees; (6) to preclude the testimony of plaintiff's father, mother, and aunt; (7) to preclude mention of plaintiff's aunt Naeemah Green's employment with the NYPD; (8) to preclude plaintiff from offering any section of the Patrol Guide relevant to the ultimate legal issues in this case; (9) to preclude plaintiff from offering any evidence of the TRIP program; (10) to preclude plaintiff from offering testimony regarding the patterns of police impersonation in the area where the alleged incident occurred; (11) to preclude plaintiff from mentioning the CCRB or IAB investigations into the underlying matter; (12) to preclude plaintiff from introducing evidence of his forearm laceration or his finger injury; (13) to preclude plaintiff

---

[1] By Order dated August 22, 2018, the Court dismissed plaintiff's claims for negligent hiring, training, retention, and supervision.  Plaintiff voluntarily withdrew his equal protection claim.

from offering the notice of claim, pleadings or defendants' 56.1 as evidence; and (14) to preclude

plaintiff's demonstrative video.   Further, City Defendants respectfully reserve their right to

object to any *in limine* motions submitted by plaintiff and to file supplemental motions *in limine*.

## ARGUMENT

### POINT I

**THE JURY SHOULD NOT BE TOLD THAT THE CITY OF NEW YORK IS A DEFENDANT, PLAINTIFF SHOULD BE PRECLUDED FROM REFERRING TO DEFENSE COUNSEL AS "CITY ATTORNEYS," AND PLAINTIFFS SHOULD BE PRECLUDED FROM OFFERING EVIDENCE OF INDEMNIFICATION.**

**A.     The City Should Be Removed From The Caption and Plaintiff Should Be Precluded From Mentioning That The City Is Named As A Defendant.**

It would be unduly prejudicial to defendants for the City to remain in the caption

and/or for plaintiff to mention that the City is named as a defendant for three main reasons.  First,

it falsely suggests that the City's conduct is at issue in the case.  The only claim against the City

of New York is for *respondeat superior*. Under New York state law, "the doctrine of respondeat

superior makes employers liable for negligent acts of their employees performed in the scope of

their duties."  Santa Medina v. Delta Air Lines, Inc., 09-CV-4018 (NGG) (LB), 2011 U.S. Dist.

LEXIS 91174, at *15 (E.D.N.Y. Aug. 15, 2011) (internal citations omitted).  Thus, plaintiff's

claim against the City concerns the acts of alleged City's employees, *not* the acts of the City

itself.   If the City remains in the caption and/or is mentioned as a defendant at trial, all

defendants stand to be unduly prejudiced by the jury's misapprehension that the City committed

some act against plaintiff.

Second, if the City is left in the caption or mentioned at trial the jury may be led

to believe that there are a greater number of defendants in the action, thus, potentially bolstering

plaintiffs' claim. Third, mention of the City could lead the jury to assume that the City will pay any damages award. It is well settled that such apprehension causes undue prejudice, especially where, as here, the municipality's conduct is not at issue. See Jean-Laurent v. Hennessy, 05-CV-1155 (KAM) (LB), 2011 U.S. Dist. LEXIS 122767, at *45-46 (E.D.N.Y. Oct. 24, 2011).

As such, defendants respectfully request that the Court remove the City of New York from the caption and preclude plaintiff from mentioning that the City is a defendant herein.

**B.     Referring to Defense Counsel as City Attorneys**

The same prejudice set forth in Point I.A. above would occur if plaintiff is permitted to inform the jury that the attorneys for Sergeant Connizzo are employed by the government as "City attorneys." See Williams v. McCarthy, 2007 U.S. Dist. LEXIS 79151, at *23-*25 (S.D.N.Y. Oct. 25, 2007); Jean-Laurent v. Hennessy, No. 05-CV-1155 (KAM) (LB), 2011 U.S. Dist. LEXIS 122767, at *45-46 (E.D.N.Y. Oct. 24, 2011) (same). Accordingly, defendants respectfully request that defense counsel be referred to as precisely that, "defense counsel," or "attorneys from the Office of the Corporation Counsel." Jaquez v. Flores (In re Estate of Jaquez), 10 Civ. 2881 (KBF), 2016 U.S. Dist. LEXIS 34521, at *4-6 (S.D.N.Y. Mar. 17, 2016).

**C.     Plaintiff Should Be Precluded From Mentioning and/or Eliciting Evidence Regarding Potential Indemnification By The City of New York**

Pursuant to Fed. R. Evid. 402 and 403, plaintiff should not be allowed to elicit evidence about, argue concerning, or otherwise refer to the possibility that the City may indemnify Sergeant Connizzo. Indemnification has no bearing on the facts of plaintiff's claims or damages, and would only serve to unfairly prejudice the defendants since the jury may award damages, or excessive damages, not because they truly believe that the individual defendants are liable but, rather, because the City is a "deep pocket." That being said, Sergeant Connizzo also

will not proffer evidence regarding his personal financial resources and/or ability to pay punitive damages at trial.  Therefore, based upon the established precedent in this Circuit, there is no basis for the admission of possible indemnification evidence at trial and, accordingly, such evidence should be precluded.  See Mathie v. Fries, 121 F.3d 808, 816 (2d Cir. 1997) (the existence of an indemnification agreement is relevant only where the individual defendants adduce evidence of their personal financial resources at trial); see also Jean-Laurent v. Wilkinson, No. 05 Civ. 0583 (VM), 2009 U.S. Dist. LEXIS 20472, at *8 (S.D.N.Y. Mar. 13, 2009) (precluding admission at trial of evidence of potential indemnification of defendant police officers by the City of New York).

**POINT II**

**PLAINTIFF SHOULD BE PRECLUDED FROM OFFERING EVIDENCE IN SUPPORT OF HIS STATE LAW CLAIMS AGAINST SERGEANT CONNIZZO FOR FAILURE TO AMEND HIS NOTICE OF CLAIM.**

Plaintiff should be precluded from offering any evidence to support his state law claims against Sergeant Connizzo, or arguing that the claims are viable, since such claims are barred by plaintiff's failure to specifically identify Sergeant Connizzo in the Notice of Claim.  See Notice of Claim attached to the Declaration of Angharad Wilson, dated December 7, 2018, as Exhibit A. "It is well-settled within both New York state courts and this Circuit that Section 50-e of the General Municipal Law requires a plaintiff to name each defendant in the Notice of Claim in order to maintain a cause of action against that defendant." Edwards v. Jericho Union Free Sch. Dist., 904 F. Supp. 2d 294, 306 (E.D.N.Y. 2012). It cannot be disputed that plaintiff did not specifically name Sergeant Connizzo in his Notice of Claim, nor, does it appear that plaintiff sought, or was granted, leave to serve an amended Notice of Claim. As such, any

evidence pertaining to plaintiff's purported state law claims for assault, battery, and/or negligence should be precluded.  Indeed, the claims should be dismissed.

Nevertheless, to the extent that the Court declines to dismiss the state law claims against Sergeant Connizzo or preclude plaintiff from offering evidence concerning such claims, defendants submit that the jury should not be charged on plaintiff's state law assault and battery claims as said claims are duplicative of plaintiff's excessive force claim.  See Castro v. County of Nassau, 739 F. Supp. 2d 153, 178, n.17 (E.D.N.Y. 2010) (same standard applies for § 1983 excessive force claim and state law assault and battery claims); See also Tianshu Li v. United States, 05 Civ. 6237 (NRB), 2009 U.S. Dist. LEXIS 96945, at *5, n.2 (S.D.N.Y. Oct, 8, 2009) ("As against law enforcement personnel, assault and battery claims under New York law parallel the Fourth Amendment standard governing the use of force incident to a lawful arrest.") (citation omitted). Otherwise, the jury may be confused and/or misunderstand that the standards for the excessive force and assault and battery claims are the same.

## POINT III

### PLAINTIFF SHOULD BE PRECLUDED FROM OFFERING EVIDENCE IN SUPPORT OF HIS NEGLIGENCE CLAIM.

Plaintiff alleges that the purported NYPD officers both intentionally and negligently hit him with a car while they were chasing him, as he ran away on foot, after physically attacking him.  Plaintiff, however, cannot maintain a cause of action for both intentional and negligent conduct based on the same alleged underlying act. See Dewitt v. Home Depot U.S.A., Inc., 10-CV-3319 (KAM), 2012 U.S. Dist. LEXIS 130963, at *33 (E.D.N.Y. Sept. 12, 2012) ("It is well-established under New York law that if the only inference that may be drawn from the evidence is that the defendant's contact with the plaintiff was intentional, the plaintiff may recover only

for assault and/or battery and a negligence claim should not be submitted to the jury."). Here, plaintiff's allegations are consistent only with intentional conduct – especially in light of the totality of plaintiff's allegations, including that his arm was pulled up behind his back and he was pushed and punched – and thus any evidence pertaining to plaintiff's negligence claim should be precluded. See, e.g., Eze v. City Univ. of N.Y. at Brooklyn College, 2011 U.S. Dist. LEXIS 148450, at *18-20 (E.D.N.Y Dec. 27, 2011).  Similarly, any request to charge the jury on the negligence claim should be denied, and the claim should not be included on the verdict sheet.

**POINT IV**

**PLAINTIFF SHOULD BE PRECLUDED FROM OFFERING EVIDENCE ON HIS STATE LAW CLAIMS AGAINST ANYONE BESIDES SERGEANT CONNIZZO AND THE SINGLE JOHN DOE OFFICER ALLEGEDLY WITH HIM AT THE TIME OF THE INCIDENT.**

In his complaint, plaintiff alleged state law claims against Sergeant Connizzo and a single John Doe officer who plaintiff alleges was with Sergeant Connizzo at the time of the incident.  However, over the course of motion practice, and as reflected in both the proposed jury instructions and verdict sheet submitted by plaintiff, plaintiff now appears to be trying to hedge his bets by arguing that even if the jury does not believe that Sergeant Connizzo, and whomever he was allegedly accompanied by at the time of the alleged incident, committed the alleged acts, the jury can, nonetheless, find in plaintiff's favor to the extent that they find that *some* NYPD officers committed the acts alleged. As an initial matter, plaintiff should not be permitted to change course at this late stage of the litigation. Further, plaintiff has adduced no evidence during the course of this litigation that would establish that plaintiff's purportedly unknown assailants were NYPD officers, on duty, acting within the scope of their duties at the time of the

alleged incident – as he must in order to hold the City of New York liable under a theory of *respondeat superior*.   Massey v. Starbucks Corp., No. 03 Civ. 7279 (SAS), 2004 U.S. Dist. LEXIS 12993, at *24 (S.D.N.Y. July 12, 2004). Accordingly, plaintiff should be precluded from offering evidence that some unknown NYPD officer committed the acts alleged, the jury should not be charged that they can find that *any* NYPD officer committed the alleged acts, and the verdict sheet should not reflect such a theory of the case.

## POINT V

**PLAINTIFF SHOULD BE PRECLUDED FROM ELICITING EVIDENCE OF DISCIPLINARY HISTORIES.**

Plaintiff may seek to question Sergeant Connizzo, or non-party officers, regarding their past disciplinary histories as employees of the NYPD. Plaintiff should be precluded from offering any such evidence. Rule 404(b) prohibits the use of evidence of past acts "to prove the character of a person in order to show action in conformity therewith." Fed. R. Evid. 404(b). Rule 404(b) permits the use of evidence of past acts for "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Id. Moreover, even where evidence of past acts is offered for a proper purpose, it is only admissible if the acts are sufficiently similar to the act at issue in the instant matter.  See United States v. Perez, 325 F.3d 115, 129 (2d Cir. 2003) (quoting 22 C. Wright & K. Graham, Federal Practice and Procedure: Evidence § 5245 (1978)) ("Similarity, being a matter of relevancy, is judged by the degree in which the prior act approaches near identity with the elements of the offense charged."); Ricketts v. City of Hartford, 74 F.3d 1397, 1414 (2d Cir. 1996) (reasoning that it would be an abuse of discretion to admit similar act evidence at trial if the prior act was not sufficiently similar); cf. United States v. Aminy, 15 F.3d 258, 260 (2d Cir. 1994) (admitting evidence of other acts

because sufficient similarity showed relevance).

Further, bad act evidence of a sufficiently similar nature is not automatically admissible even where the proponent has articulated some not-for-character purpose.  As the Supreme Court held in Huddleston v. United States, 485 U.S. 681, 688 (1988), the decision to admit evidence under Rule 404(b) depends on "whether the danger of unfair prejudice [substantially] outweighs the probative value of the evidence in view of the availability of other means of proof and other factors appropriate for making decisions of this kind under Rule 403."  Thus, Rule 404(b) requires a two-part analysis: first, whether the proposed evidence fits within one of the exceptions provided by the Rule, and, second, whether under Rule 403 the probative value is substantially outweighed by the potential for jury confusion or prejudice.  Lombardo v. Stone, No. 99 Civ. 4603 (SAS), 2002 U.S. Dist. LEXIS 1267, at *8 (S.D.N.Y. Jan. 29, 2002); *see also* Advisory Committee Notes to Fed. R. Evid. 404(b).

Here, any attempt by plaintiff to introduce evidence of prior or subsequent complaints against Sergeant Connizzo would be solely for the purpose of suggesting that he had a propensity to engage in misconduct, which is strictly prohibited by Rule 404(b).  See Berkovich v. Hicks, 922 F.2d 1018 (2d Cir. 1991) (upholding the exclusion at trial of all references to the defendant police officers' history of prior civilian complaints pursuant to 404(b) and 403 of the Federal Rules of Evidence); Lombardo, supra, 2002 U.S. Dist. LEXIS 1267, at *9 (holding that disciplinary records are inadmissible).  Also, any evidence of unrelated allegations of misconduct against the sergeant would be substantially more prejudicial than probative and, thus, inadmissible pursuant to Rule 403.  Admitting evidence of unrelated complaints would unfairly burden Sergeant Connizzo, who would then be required to explain the particular facts and circumstances of unrelated incidents, which would in turn confuse and distract the jury from

the ultimate issue of whether defendants violated plaintiff's constitutional rights in this case. Similarly, unrelated allegations of misconduct are inadmissible hearsay pursuant to Fed. R. Civ. P. 802.  Finally, the same evidentiary issues apply to the disciplinary histories of non-party officers, with the added caveat that such evidence should not be admitted because it has no probative value.  Accordingly, all officer disciplinary histories should be precluded.[2]

## POINT VI

**PLAINTIFF SHOULD BE PRECLUDED FROM OFFERING TESTIMONY OF JAMES HURT, SR., JACQUELINE MARQUEZ, AND NAEEMAH GREEN.**

Plaintiff lists his father, James Hurt, Sr.; his mother, Jacqueline Marquez; and his aunt, Naeemah Green in the Joint Pretrial Order as witnesses who will testify as to, "the circumstances of plaintiff's detention and the resultant damages." However, none of these witnesses were present at the time of plaintiff's alleged detention, nor were they with plaintiff for hours before or after the alleged incident. Under F.R.E. 602, a witness may only testify if that witness has personal knowledge of the matter. None of these individuals have personal knowledge of plaintiff's alleged detention, as they were, by plaintiff's own version of events, not present for the events he alleges. Moreover, any testimony they could give as to plaintiff's detention would

---

[2] Courts in this Circuit have applied the same analysis to prior civil lawsuits, finding that the probative value of introducing prior lawsuits is outweighed by the prejudicial effect such evidence could have and its potential to confuse the jury.  See e.g. Richmond v. General Nutrition Ctrs., Inc., 08 Civ. 3577 (PAE)(HBP), 2012 U.S. Dist. LEXIS 32070, at *31 (S.D.N.Y. Mar. 9, 2012) (precluding the introduction of evidence of lawsuits against defendant because "the risk of unfair prejudice and confusion from introducing documents reflecting allegations in other cases clearly outweighs the probative value of such claims."); see also Figueroa v. Boston Sci. Corp., 00 Civ. 7922 (DC), 2003 U.S. Dist. LEXIS 10936, at *11 (S.D.N.Y. June 25, 2003) (same).

constitute inadmissible hearsay, since they would simply be repeating what plaintiff told them - impermissibly bolstering plaintiff's testimony.

Similarly, plaintiff should be precluded from offering these individuals' testimony on the issue of damages. First, plaintiff is not claiming any emotional damages beyond garden variety damages. Second, plaintiff is competent to testify as to his physical injuries as well as his emotional damages. Thus, to the extent that they do not have firsthand knowledge of plaintiff's injuries, including, how they were sustained, plaintiff's intended witnesses will not have any relevant testimony to provide regarding plaintiff's damages. Additionally, their testimony as to damages would be cumulative of plaintiff's and would constitute impermissible bolstering.

Thus, James Hurt, Sr., Jacqueline Marquez, and Naeemah Green should be precluded from testifying as to plaintiff's alleged detention and his damages.

### POINT VII

### PLAINTIFF SHOULD BE PRECLUDED FROM MENTIONING NAEEMAH GREEN'S EMPLOYMENT WITH THE NYPD.

To the extent the Court permits testimony from plaintiff's aunt, Naeemah Green, all references to her employment with the NYPD should be precluded. If Ms. Green testifies, it will be in her capacity as a private citizen, not in her capacity as a lieutenant with the NYPD. Ms. Green's employment as a NYPD lieutenant is not relevant to the resolution of the claims or to the defense in this matter, and accordingly, should be precluded pursuant to Fed. R. Evid. 402. Additionally, references to her employment with the NYPD are likely to confuse a jury and to suggest that she is testifying in her capacity as an employee of the NYPD. Furthermore, evidence of Ms. Green's position as a lieutenant will prejudice defendants as the purpose of introducing such evidence would be to suggest to the jury that Ms. Green has some expertise in police

matters, including the manner in which stops are performed, the reasons stopped are performed, how members of the service conduct stops, the types of crime occurring in the area of the alleged incident, as well as her opinion on whether the purported assailants were, in fact, members of the service.  Evidence of Ms. Green's employment would also be prejudicial since plaintiff would offer the evidence for the purposes of bolstering his claim since plaintiff would in effect be suggesting that if his aunt, an NYPD lieutenant, believes him then the incident must have occurred.  Thus, any minimal probative value that could be gained by introducing evidence of Ms. Green's employment – and defendants submit that there is not any – it would be abundantly outweighed by the prejudice to defendants.

<u>**POINT VIII**</u>

**THE PATROL GUIDE SECTIONS THAT PLAINTIFF INTENDS TO INTRODUCE INTO EVIDENCE ARE NOT PROBATIVE OF THE CLAIMS AT ISSUE.**

Plaintiff intends to introduce Patrol Guide Sections PG 202-13 (Duties and Responsibilities of a Platoon Commander), PG 202-154 (no such number), PG 202-17 (Duties and Responsibilities of a Patrol Supervisor), PG 206-03 (Violations Subject to Command Discipline), PG 211-01 (Duties and Conduct in Court), PG 211-04 (Computerized Court Appearance Control System), PG 219-31 (License Plate Reader Devices), and PG- 219-25 (E-Z Pass Tags) into evidence at trial.  Plaintiff should be precluded from referring to and/or offering any of these sections of the NYPD Patrol Guide because they are not relevant to the ultimate issues in this case and their probative value, to the extent there is any, is substantially outweighed by the risk of confusion to the jury.

There are no allegations concerning a platoon commander in this case, so the duties and responsibilities attendant to such position are not relevant. The same goes for the

section regarding the duties and responsibilities of a Patrol Supervisor. While Sergeant Connizzo

is a supervisor, the section of the Patrol Guide related to Patrol Supervisors relates to commands

that are not specialized commands, such as the Bronx Borough Anti-Crime command where

Sergeant Connizzo was assigned on the date of incident. This Patrol Guide section will suggest

to a jury that the duties and responsibilities contained therein were those of Sergeant Connizzo

on the date of the incident, when they were not. Additionally, neither Sergeant Connizzo, nor any

intended non-party police officer witnesses, received a command discipline in relation to this

incident.[3] The sections related to the CACS system and the duties of officers appearing in court

are further of little probative value. Further, the jury does not need the section of the NYPD

patrol guide relevant to license plate readers to understand what a license plate reader is;

moreover, the proper use of license plate readers is not at issue in this litigation. Finally, there are

no allegations regarding E-Z pass usage in department vehicles.

In short, none of the Patrol Guide sections are relevant to the issues of whether

plaintiff was improperly stopped, detained, or subjected to excessive force. Introduction of this

evidence, however, is likely to confuse a jury about what is at issue and/or the importance of the

proposed evidence.

## POINT IX

### PLAINTIFF SHOULD BE PRECLUDED FROM INTRODUCING EVIDENCE CONCERNING THE TRIP PROGRAM.

Plaintiff intends to introduce into evidence an Operations Order pertaining to the TRIP

program. The TRIP program is an NYPD program that allows livery cars and taxicabs to install a

light that indicates that the driver is in distress. An NYPD officer may then pull over the car in

---

[3] In any event, as discussed in the prior section, introduction of any disciplinary findings would
be highly prejudicial to defendants.

order to ascertain whether the driver requires assistance. The protocols of the TRIP program in no way match plaintiff's description of what occurred and, accordingly, the program is irrelevant to resolution of the disputed issues herein and should evidence pertaining to it should be precluded pursuant to FRE 402.

According to plaintiff, the officers who pulled over the livery car he was in told him that they had pulled over ten other cars while looking for guns. Further, there is no evidence in the record that the livery car in which plaintiff was a passenger participated in the TRIP program, that the driver signaled that he was in distress, or that the driver informed the alleged NYPD officers that he required assistance upon being stopped. Accordingly, evidence regarding the TRIP program is not relevant to resolving the issues in this case, and, in fact, is likely to confuse a jury. Plaintiff should thus be precluded from offering evidence regarding the TRIP program.

## POINT X

### PLAINTIFF SHOULD BE PRECLUDED FROM OFFERING TESTIMONY FROM LT. PAYNTER.

Plaintiff intends to call Lt. Paynter as a witness to testify about the patterns of police impersonation in the area of the alleged incident, or lack thereof. However, defendants have not offered the defense that plaintiff was the victim of police impersonation, so the testimony is irrelevant. The testimony is also irrelevant since whether there were reports of police impersonators in the vicinity of where the alleged incident occurred is irrelevant to the determining whether Sergeant Connizzo committed the alleged acts. Further, introducing testimony, or other evidence, pertaining to police impersonators is likely to mislead the jury into thinking that this is an issue of importance in this litigation and/or to confuse the jury as to why

the evidence is relevant.  As such, the testimony of Lt. Paynter, as well as any other evidence pertaining to police impersonations, should be excluded under FRE 402 and 403.

**POINT XI**

**PLAINTIFF SHOULD BE PRECLUDED FROM OFFERING EVIDENCE OF THE CCRB OR IAB INVESTIGATIONS IN THIS MATTER.**

CCRB and IAB both investigated the underlying incident, with neither organization substantiating plaintiff's allegations against Sergeant Connizzo or any other officer. Plaintiff intends to offer five IAB worksheets and various CCRB documents reflecting interviews into evidence. None of the intended evidence is relevant to the resolution of the ultimate issues in this matter, the documents are inadmissible hearsay that would mislead and/or confuse the jury, and the documents are unduly prejudicial.

As to the IAB documents, besides being inadmissible hearsay, the worksheets simply document the various investigative steps that were taken. While none of the documents shed light on the issue of whether Sergeant Connizzo committed the alleged acts, many of the documents contain information that is either (1) unnecessarily cumulative and meant to bolster plaintiff's allegations, see DEF 0047 which is a referral form reiterating plaintiff's claims of what allegedly happened; (2) being offered to bolster the credibility of plaintiff and/or his father, see DEF 0047 which refers to Mr. Hurt, Sr. as a "state government official" and DEF 219 which is a background check of plaintiff that indicates that he had never been arrested; or (3) confusing and/or misleading, see DEF 214 and 224 regarding the investigation into whether the alleged incident matched any patterns of police impersonations that the NYPD was aware of (discussed in Point X above), and DEF 213 summarizing a conversation with the NYC Taxi and Limousine

Commission in which TLC indicated that no police units were assigned to duty in the Bronx at the time of the alleged incident.

The CCRB documents are no better. The CCRB documents that plaintiffs intend to offer fall into two main categories – interview summaries[4] and a photograph of plaintiff wearing a sling. As an initial matter, like the IAB documents, the CCRB documents are hearsay. Further, the interview summaries are (1) not the best evidence since Sergeant Connizzo will be available to testify at trial; (2) meant to cast an unfavorable light on Sergeant Connizzo since the summaries note that he did not appear for two scheduled interviews; and/or (3) confusing/misleading to the extent that the documents focus on investigative steps taken by the investigator and/or a NYSPIN search for plaintiff.  None of the purported CCRB evidence is relevant to the stop/search, detention and/or force claims.

The intended evidence is also highly prejudicial. Plaintiff has listed as evidence a photograph of himself taken at CCRB which depicts him with his arm in a sling.  The photo clearly is not probative of whether Sergeant Connizzo used excessive force on plaintiff, however, it is highly prejudicial to defendants as plaintiff is clearly offering it to garner sympathy. Furthermore, any mention of the CCRB and IAB investigations in itself is highly prejudicial to defendants since it may suggest to the jury that the fact that investigations were conducted means that there was some sort of misconduct.

Because evidence of the CCRB and IAB investigations are hearsay, irrelevant, prejudicial, and potentially misleading, any such evidence should be precluded.

---

[4] See DEF 306 (CCRB Interview Report of Sgt. Connizzo); DEF 244 (investigative actions taken by CCRB Investigator Glenn Brown including scheduling Sgt. Connizzo); DEF 69-73 (interview sheet and summary of the interview of Police Officer Gary Martin along with SPRINT reports related to this incident); and the Intake Form of Officer Siciliano, which is mistakenly listed on the JPTO as DEF 130.

## POINT XII

### PLAINTIFF SHOULD BE PRECLUDED FROM OFFERING EVIDENCE OF HIS FOREARM LACERATION AND HIS FINGER INJURY.

Plaintiff may only recover damages for injuries that were proximately caused by the events that he alleges. Plaintiff should be precluded from offering evidence of his forearm laceration and his finger injury because plaintiff cannot demonstrate that the acts alleged proximately caused those injuries. In order for a plaintiff to be entitled to compensatory damages on an excessive force claim, that excessive force must have proximately caused the injury. See, e.g., Ali v. Kipp, 891 F.3d 59, 63 (2d Cir. 2018).   An actor's actions can be said to have proximately caused an injury when the injury was a reasonably foreseeable consequence of that action. Urbina v. City of New York, 14 Civ. 9870 (PAC), 2016 U.S. Dist LEXIS at *7 (S.D.N.Y. Jan. 6, 2016).  It cannot be argued that plaintiff's jumping over a fence, resulting in lacerating his forearm and injuring his finger, was a reasonably foreseeable consequence of the officers' alleged chase of plaintiff.

## POINT XIII

### PLAINTIFF SHOULD BE PRECLUDED FROM OFFERING THE NOTICE OF CLAIM, THE PLEADINGS IN THIS MATTER, AND DEFENDANTS' 56.1 STATEMENT INTO EVIDENCE.

Plaintiff intends to introduce his notice of claim, the complaint, answer, amended complaint, answer to the amended complaint, and defendants' statement of undisputed material facts pursuant to Local Rule 56.1, at trial. However, none of these documents are evidence, they are irrelevant to the resolution of the disputed claims, they constitute hearsay, and would only

confuse the jury as to their significance. Accordingly, each of the documents should be precluded.

The Notice of Claim, Complaint, Amended Complaint, Answer to the Complaint, and Answer to the Amended Complaint, are inadmissible hearsay summarizing plaintiff's allegations and responding thereto. As an initial matter, these documents do not even meet the threshold of admittance – relevance.  None of these documents will assist in resolving the disputed issues in this matter.  Further, the only purpose of admitting plaintiff's notice of claim and pleadings would be to impermissibly bolster plaintiff's own testimony by suggesting that because the allegations are contained in a legal document, they must be true.[5] Moreover, these documents are all legal writings that may not be easily understood by a jury and, therefore, are likely to confuse the jury both as to the documents' content and the import of the documents.

Regarding, defendants' Local Rule 56.1 Statement, it does not constitute admissions of the ultimate legal issues as plaintiff contends.[6] The statement reflects a collection of alleged facts drafted by counsel, that defendants were obligated to accept as true solely for the purposes of the summary judgment – as case law requires. Defendants have denied plaintiff's allegations throughout this litigation.  Defendants have not made any admissions and to suggest otherwise to a jury, by introduction of the 56.1 Statement into evidence, is misleading and would be confusing to a jury. Further, a regurgitation of plaintiff's facts in defendants' 56.1 Statement is irrelevant to the resolution of plaintiff's claims and/or the defense.

---

[5] Defendants note that plaintiff has provided no insight into the purpose for admitting the answer, or the answer to the amended complaint.

[6] As the Court is aware, the purported admissions made in defendants' Local Rule 56.1 Statement is the subject of a motion for reconsideration currently pending before the Court.

Accordingly, because the intended evidence should be precluded pursuant to FRE 402, 403 and 802.


## POINT XIV

## PLAINTIFF SHOULD BE PRECLUDED FROM OFFERING HIS DEMONSTRATIVE VIDEO.

Plaintiff seeks to admit a demonstrative video which purportedly re-creates the events of his alleged interaction with Sergeant Connizzo and the John Doe officer. As an initial matter, the animated recreation was not produced during discovery and should be precluded on that basis alone.  Further, plaintiff has provided no authentication of the demonstrative.  Moreover, the reenactment is misleading, prejudicial, unnecessarily cumulative and seeks to bolster plaintiff's version of events.

            The reenactment begins with an aerial view of the alleged area where the plaintiff claims the incident occurs.  As plaintiff, during his deposition, was unable to exactly pinpoint where he was when he was initially picked up by the livery car and/or what route the car went, it is unclear how plaintiff purports to offer the demonstrative as a fair and accurate depiction of what occurred and/or the area.  Nonetheless, the reenactment also depicts what plaintiff purports to be a police vehicle following the livery car for some distance.  Importantly, plaintiff, during his deposition, testified that he did not notice the alleged police vehicle until the livery car was stopped.  So, again, the reenactment cannot be an accurate depiction.  To date, plaintiff has provided little description of the gate he allegedly climbed, so it is unclear how the demonstrative is an accurate depiction of it.  Further, during the course the reenactment, certain

portions of the alleged event are overly emphasized, for example, plaintiff allegedly catching his finger in the fence before jumping over it.

Defendants will be unduly prejudiced if plaintiff is permitted to offer the demonstrative into evidence and/or play it at trial. Plaintiff will be testifying at the trial, to permit him to offer his own reenactment of events to the jury in addition to his own testimony would be unnecessarily cumulative. Further, the purpose of offering such evidence is also to bolster plaintiff's own claims. There is nothing particularly complicated about plaintiff's version of events and a jury will be able to follow plaintiff's story without the need for a biased reenactment.

## **CONCLUSION**

For the foregoing reasons, defendants City of New York and Michael Connizzo respectfully request that the Court grant this motion in its entirety and grant such other and further relief as the Court deems just and proper.

Dated: New York, New York
         December 7, 2018

ZACHARY W. CARTER
Corporation Counsel of the
   City of New York
*Attorneys for Defendants City and Connizzo*
100 Church Street,
New York, New York  10007
T: (212) 356-2572
F: (212) 356-3509


By:  _____/s_____
         Angharad Wilson
         Senior Counsel


cc:     All Counsel of Record (via ECF)