UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
JAMES HURT JR.,

                              Plaintiff,                    15-cv-7612 (PKC)

             -against-                                      <u>OPINION AND ORDER</u>


THE CITY OF NEW YORK, <u>et al.</u>,

                              Defendants.
-----------------------------------------------------------x

CASTEL, U.S.D.J.

          Plaintiff James Hurt moves for partial reconsideration of this Court's Opinion and

Order that largely denied the parties' summary judgment motions.[1]  <u>See</u> <u>Hurt v. City of New</u>

<u>York</u>, 2018 WL 4007639 (S.D.N.Y. Aug. 22, 2018).  Hurt's claims arise out of an incident in

which two plainclothed NYPD officers allegedly punched him in the face and dislocated his

shoulder after pulling him over in an unmarked car.  Hurt brings claims pursuant to 42 U.S.C. §

1983 and New York law, including claims of assault and battery against the City of New York

(the "City") on grounds of respondeat superior.

          His motion for reconsideration urges that summary judgment should have been

granted in his favor against the City on grounds of respondeat superior.  In denying Hurt's

summary judgment motion, the Court explained:

> Hurt's motion turns on fact-intensive arguments that are more
> properly considered by a trier of fact in light of the evidence at trial.
> It is up to the trier of fact to decide whether defendant Connizzo or
> any other NYPD officer was involved in the alleged incident.  To
> succeed against the City on a state law respondeat superior ground,
> Hurt must prove that he was harmed by the tortious conduct of an
> employee of the City acting within the scope of his employment.

---

[1] The Court granted summary judgment only as to Hurt's claims against the City of New York alleging negligent
hiring, retention, training and supervision of its officers.  Hurt does not seek reconsideration as to those issues.

2018 WL 4007639, at *5.

Hurt points out that defendants' own Local Rule 56.1 Statement describes a physical attack perpetrated by two NYPD officers in the course of their employment. That Rule 56.1 Statement described "an unmarked police car" carrying "[t]wo officers" who exited the car and "subject[ed] [Hurt] to excessive force, including being punched in the face and having his left shoulder dislocated by one of the officers pulling back on his arm." (Def. 56.1 ¶¶ 3-4, 7.) Hurt did not dispute these assertions. (Pl. 56.1 Resp. ¶¶ 3-4, 7.) Hurt urges that the Rule 56.1 Statement included binding judicial admissions by defendants that concede the involvement of NYPD officers. See, e.g., Hoodho v. Holder, 558 F.3d 184, 191 (2d Cir. 2009) ("Facts admitted by a party are judicial admissions that bind that party throughout the litigation.") (quotation marks and alterations omitted). Thus, Hurt argues, the Court should have granted him summary judgment against the City on the basis of respondeat superior.

Local Civil Rule 56.1(a) requires the movant to set forth "separate, short and concise statement[s] . . . of the material facts to which the moving party contends there is no genuine issue to be tried." "Each statement . . . must be followed by a citation to evidence which would be admissible, set forth as required by Fed. R. Civ. P. 56(c)." Local Rule 56.1(d). "[A]llegations of uncontested fact cannot be deemed true simply by virtue of their assertion in a Local Rule 56.1 statement." Holtz v. Rockefeller & Co., 258 F.3d 62, 73 (2d Cir. 2001). "The purpose of Local Rule 56.1 is to streamline the consideration of summary judgment motions by freeing district courts from the need to hunt through voluminous records without guidance from the parties." Id. at 74. "The local rule does not absolve the party seeking summary judgment of the burden of showing that it is entitled to judgment as a matter of law, and a Local Rule 56.1 statement is not itself a vehicle for making factual assertions that are otherwise unsupported in

the record." Id. A Rule 56.1 Statement is not, itself, evidence. Vrazel v. Long Island R.R. Co.,

2017 WL 2559137, at *3 (E.D.N.Y. June 13, 2017) ("The 56.1 Statements are not evidence; they

are vehicles to help the Court.") (Spatt, J.); Perez v. de la Cruz, 2013 WL 2641432, at *8

(S.D.N.Y. June 12, 2013) (a "Rule 56.1 statement is not evidence . . . .") (Oetken, J.).

       In opposing the motion for reconsideration, defendants acknowledge that their

wording was "imperfect" and that the "Rule 56.1 Statement could have been drafted more clearly

. . . ." (Opp. Mem. at 4, 5.) Defendants state that their choice of words was intended to

summarize Hurt's allegations for the purposes of the summary judgment motion, and not

concede their ultimate truth. (Id.) This is consistent with the requirement that on a summary

judgment motion, evidence is viewed in the light most favorable to the non-movant, with all

reasonable inferences drawn in his favor. Williams v. Annucci, 895 F.3d 180, 186 (2d Cir.

2018). Defendants' motion was principally directed to whether there was sufficient evidence to

proceed with claims against NYPD Sergeant Michael Connizzo, who Hurt identified as one of

the two officers responsible for his injuries. 2018 WL 4007639, at *2-4. Defendants contended

that no reasonable juror could conclude that Connizzo was personally involved in the incident

(Def. 56.1 ¶¶ 17-30; Def. Mem. 5-8), an argument that the Court rejected in light of evidence put

forward by Hurt.

       Defendants' additional summary judgment submissions belie Hurt's argument

that the Rule 56.1 Statement conceded as an issue of ultimate fact that an NYPD officer was

involved in the underlying events. Defendants' memoranda described Hurt's version of events

as allegations, and contested whether any NYPD officer was involved in the incident. (Def.

Reply Mem. at 1 (Hurt "was allegedly stopped by NYPD officers."); Id. at 5 ("there is no

evidence that Sergeant Connizzo or any other NYPD officer was involved in the alleged

incident"); Id. ("As there is a dispute of fact as to whether or not the individuals involved in this incident were NYPD officers, plaintiff's cross-motion for summary judgment should be denied.").

A clear, unambiguous and unequivocal statement of fact set forth in a party's Rule 56.1 Statement may qualify as a binding admission. Vrazel, 2017 WL 2559137, at *3 ("While parties may be bound by admissions or denials in 56.1 Statements, those statements must in fact be supported by admissible evidence."); Rule 801(d)(2), Fed. R. Evid. But, read in context, paragraphs 3, 4 and 7 of defendants' inartfully worded Rule 56.1 Statement are best understood as acceptance of the non-movant's version of facts for the limited purpose of Officer Connizzo's motion, which was premised on his non-participation in the events at issue. To qualify as a judicial admission, a party must make a clear, unambiguous and unequivocal admission of fact. See Int'l Cards Co., Ltd. v. MasterCard Int'l Inc., 2017 WL 1133425, at *4 (S.D.N.Y. Mar. 24, 2017) (Schofield, J.) (collecting cases). Acceptance of an adverse party's position for the sake of advancing an argument, which is otherwise contradicted by its own submissions, is not an admission entitling the adverse party to summary judgment.

Hurt's motion for reconsideration is therefore denied.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
     December 18, 2018