

THE CITY OF NEW YORK
# LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**ZACHARY W. CARTER**
*Corporation Counsel*

ANGHARAD K. WILSON
*Senior Counsel*
Phone:  (212) 356-2572
Fax:  (212) 356-3509
awilson@law.nyc.gov

January 16, 2019

**<u>VIA ECF</u>**
Honorable P. Kevin Castel
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: <u>James Hurt, Jr. v. City of New York et. al</u>, 15-cv-7612 (PKC)

Your Honor:

     I am an attorney in the office of Zachary W. Carter, Corporation Counsel of the City of New York, counsel for defendants City of New York and Sergeant Michael Connizzo. Defendants write in response to plaintiff's letter of January 11, 2019 (Docket Entry No. 122), in which plaintiff argues that plaintiff should be allowed to introduce testimony from plaintiff's mother and father repeating what plaintiff told them about the underlying facts of the incident, in spite of the fact that neither of plaintiff's parents have any personal knowledge of the occurrence. Separately, plaintiff also seeks to introduce testimony from plaintiff's mother, Jacqueline Marquez, stating that plaintiff's then-girlfriend, Ashley Lopez, called Ms. Marquez and told her that plaintiff had told Ms. Lopez that he had been attacked by police officers. All of this evidence is inadmissible hearsay, highly prejudicial, bolstering, and unreasonably cumulative, and should thus be precluded from introduction at trial.

    A.  <u>Background</u>

     Plaintiff, James Hurt, Jr. alleges that at approximately 2:00 a.m. he was a passenger in a livery car that was pulled over. He further alleges that he was speaking to his girlfriend, Ashley Lopez, via the FaceTime application on his phone at the time. According to plaintiff, the alleged officers ordered him to end the call.  There has never been any testimony from Ms. Lopez, however, indicating that she either saw and/or heard any purported NYPD officer give the alleged order.  Nonetheless, after ending the call, plaintiff alleges that he was ordered to exit the

livery cab, that he was physically assaulted by alleged police officers, and that he ran away from those officers and hid in an alley overnight.

Plaintiff further alleges that he called Ms. Lopez after the incident, and relayed a narrative of what he alleges occurred. Allegedly, while he was on the phone with Ms. Lopez, his battery ran out of charge, and he was disconnected. After the phone died, plaintiff allegedly hid in the alley for at least six hours, after which time he left the alley, and borrowed a stranger's phone to call his parents to pick him up.

B.  The Impermissible Testimony

Plaintiff anticipates that, if allowed, both his parents would testify that plaintiff told them some, or all of, the following: (a) plaintiff had been a passenger in a livery car that had been pulled over the prior evening; (b) officers searched plaintiff and his bag, then punched plaintiff in the face; and (c) plaintiff ran from the officers, who hit him with their car, after which plaintiff jumped over a fence and hid in an alley until dawn. Plaintiff also anticipates that, if allowed, Ms. Marquez would also testify about a phone call she had with Ms. Lopez during which Ms. Lopez stated (a) that she had been speaking to plaintiff on FaceTime and, after the livery car he was in was pulled over, he was instructed by a police officer to end the call; and (b) that plaintiff had called her back a short time later and told her that he had run from police officers who stopped him and punched him, and the phone call ended when his phone battery ran out of charge.

C.  The Testimony Should Be Excluded Because It Is Hearsay, Prejudicial, Unnecessarily Cumulative and Bolstering

Plaintiff argues that Mr. Hurt, Sr. and Ms. Marquez should be allowed to repeat plaintiff's narrative of events and the contents of a telephone call with Ms. Lopez because, he says, such statements meet  the excited utterance exception to the hearsay rule, codified in Fed. R. Evid. 803(2). Plaintiff is wrong.  An excited utterance is, "[a] statement relating to a startling event or condition, made while the declarant was under the stress of excitement that it caused." Fed. R. Evid. 803(2). The rationale for the excited utterance exception to the hearsay rule is that, "the reliability of a statement increases as opportunity for reflection by the declarant decreases." *United States v. Jones*, 299 F3.d 103, 112 (2d Cir. 2002).

i.  Plaintiff's Narrative Conveyed to His Parents

Here, the fact that plaintiff relayed his version of events to his parents six hours after the alleged physical assault outweighs any contention that plaintiff was under the stress of excitement that the alleged events caused. Further, the cases relied upon by plaintiff are inapposite as each of those cases demonstrate much stronger indicia of reliability than present here.[1] *See*, *United States v. Kearney*, 420 F.2d 170 (D.C. Cir. 1969) (a police officer's statement that the defendant shot him was deemed admissible where that officer eventually died of his injuries and his other statements suggested that he was aware of the direness of his condition); *Guthrie v. United States*, 207 F.2d 19 (D.C. Cir. 1953) (a fatally injured sexual assault victim's

---

[1] Defendants also respectfully note that all of plaintiff's cited cases are from outside of the Second Circuit and are over thirty years old.

statement that the defendant was the perpetrator of the crime was deemed admissible because the court found that she had not had the ability "to reflect and formulate a self-serving declaration"); *Gross v. Greer*, 773 F.2d 116 (7th Cir. 1985) (the statement of a four year old - who was found hiding under the blankets in bed in the apartment where her caregiver[2] was stabbed to death approximately twelve hours earlier – was deemed admissible, where that statement identified the defendant as a person who had been in the apartment the prior day).

It is clear that plaintiff, who, by his own account, stood in a dark alley for approximately six hours with no cellular phone or other means of distraction, had ample opportunity for reflection. There is no reason to believe that plaintiff's hearsay statements to his parents after his opportunity to contemplate in a dark alleyway over several hours would be any more reliable than any other inadmissible hearsay statement. Any testimony including these statements should thus be precluded on the grounds that such testimony would be inadmissible hearsay, not within any exception to the hearsay rule. Unlike the two dying crime victims and terrified four year old murder witness in the cases that plaintiff cited, plaintiff had ample opportunity to fabricate a self-serving statement. Additionally, unlike the individuals in the cases cited above, plaintiff could have had self-serving reasons to fabricate a statement as to how he obtained the injuries he now claims were the result of interaction with police officers.

Even if plaintiff's statements to his parents constitute excited utterances that would otherwise be admissible under Fed. R. Evid. 803(2), the statements should nevertheless be excluded under Fed. R. Evid. 403 because they constitute improper bolstering of plaintiff's version of events – in essence repeating plaintiff's version of events for the jury another two times. Further, the anticipated testimony would be cumulative, in that it is not expected that either of his parents would testify to any information other than what plaintiff himself is expected to testify to. Additionally, while the Court has found that the closing memorandum from the Civilian Complaint Review Board is admissible, defendants note Mr. Hurt, Sr. should be precluded from stating which agency he called, in order to avoid the potential for a mistaken impression by the jury that the Internal Affairs Bureau conducted a separate investigation whose results they did not receive.

     ii.     The Telephone Call Between Ms. Marquez and Ms. Lopez

The testimony concerning the content of the telephone call between Ms. Marquez and Ms. Lopez also fails to demonstrate the indicia of reliability that would allow it to be admitted into evidence under a hearsay exception. In fact, at least some of the testimony that plaintiff would have admitted constitutes double hearsay. At a minimum, Ms. Marquez's testimony that Ms. Lopez called to inform Ms. Marquez that Ms. Lopez had spoken to plaintiff and that plaintiff had stated that he had been involved in an incident with police officers in which they punched him and he ran away is hearsay on hearsay. Even if the Court were to ignore the double hearsay, Ms. Lopez's statements, via Ms. Marquez, cannot be admitted through the excited utterance exception to the hearsay rule, because it is well-established that a declarant must have personal knowledge of the information contained in the statement in order to be admissible through the

---

[2] The facts as recited by the Seventh Circuit are unclear as to the relationship between the witness and the victim.

excited utterance exception. *United States v. Tocco*, 135 F.3d 116, 128 (2d Cir. 1998). Here, it is undisputed that Ms. Lopez did not personally witness the alleged physical assault; therefore, any second hand information she obtained from plaintiff and thereafter conveyed to plaintiff's mother does not qualify as an excited utterance. Ms. Lopez's statements regarding what plaintiff told her is inadmissible hearsay, and Ms. Marquez should be precluded from testifying regarding the contents of any such statements.

Any testimony from Ms. Marquez regarding the FaceTime call between plaintiff and Ms. Lopez similarly fails to meet the standards of an excited utterance. Plaintiff has made no showing that Ms. Lopez's purported statements to Ms. Marquez regarding the car stop, and plaintiff ending the call as a result of an officer's instruction, were as a result of her direct observation of those events. In fact, plaintiff's testimony during his deposition was that he told Ms. Lopez that he had to hang up the phone, plausibly leading to the inference that Ms. Lopez had not heard the alleged order to hang up the phone. Without Ms. Lopez's testimony, it cannot be determined what she personally witnessed, and thus, Ms. Marquez should be precluded from testifying as to what Ms. Lopez told her. Further, plaintiff has failed to demonstrate that plaintiff's alleged incident with the police was a startling event to Ms. Lopez, a person who did not personally witness it.

Finally, even if any of Ms. Lopez's statements to Ms. Marquez would be deemed admissible through the excited utterance exception to the hearsay rule, they should be excluded because they improperly bolster plaintiff's version of events, they are unnecessarily cumulative, and they are likely to confuse the jury as their relevance.  Moreover, defendants would be unduly prejudiced by the admission of second hand testimony concerning what Ms. Lopez said since defendants would be unable to cross examine Ms. Lopez concerning the accuracy, reliability, and/or credibility of her statements.

For the foregoing reasons, Mr. Hurt, Sr. and Ms. Marquez should be precluded from offering the hearsay evidence discussed above. Thank you for your consideration of this matter.

Respectfully submitted,

/s

Angharad K. Wilson
Senior Counsel

cc:     Wylie Stecklow, Esq.
        Cary London, Esq.